IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRONBOUND PARTNERS, LLC,                    )
                                            )
            Plaintiff,                      )
                                            )        Case No. 1:05CV01039 (JGP)
            v.                              )
                                            )
SOURCE INTERLINK COMPANIES, INC.,           )
                                            )
            Defendant.                      )
_____     )

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S  STATEMENT OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND IMPROPER VENUE OR, ALTERNATIVELY,
TO TRANSFER VENUE**

Defendant Source Interlink Companies, Inc. ("Source"), by and through counsel,

respectfully submits its statement of points and authorities in support of its Motion to Dismiss for

Lack of Personal Jurisdiction and Improper Venue or, alternatively, to Transfer Venue.

## INTRODUCTION

Plaintiff Ironbound Partners, LLC ("Ironbound"), has brought a breach of contract action

against Source in the District of Columbia that, other than being the home of  plaintiff and its

principal, has no connection whatsoever to the District.  The crux of plaintiff's Complaint centers

around a Referral Agreement dated April 26, 2004, (the "Agreement") between Source and

Ironbound.  The Complaint does not allege that Source did anything in the District of Columbia

and Source, a Delaware corporation with its principal place of business in  Florida, does not do

business in the District of Columbia.  Additionally, the Agreement in question was not

negotiated or performed by Source in the District of Columbia and none of the material events

alleged in the Complaint took place in the District.  In short, there does not exist grounds for the District of Columbia to assert personal jurisdiction over Source in this action.

Moreover, even if personal jurisdiction could be asserted, venue does not properly lie in this forum because Source is not a resident of the District and substantially all of the events giving rise to plaintiff's claims occurred elsewhere.  Accordingly, Source respectfully requests that the Court dismiss this action for lack of personal jurisdiction and improper venue or, alternatively, exercise its discretion pursuant to 28 U.S.C. § 1406(a) and  transfer this case to the Middle District of Florida, which is a court that indisputably has personal jurisdiction over Source and is a jurisdiction where a substantial number of the operative events in this case took place and a majority of witnesses and sources of proof are located.

## STATEMENT OF MATERIAL FACTS

Defendant Source is a Delaware corporation with its principal place of business in Bonita Springs, Florida.  Complaint ¶ 5; Declaration of Douglas J. Bates ("Bates Decl.") ¶ 2.  Source is a marketing, merchandising and fulfillment company of entertainment products, including DVDs, music CDs, magazines, books and related in-store services.  *Id.*  Source is not registered to do business in the District of Columbia.  *Id.* at ¶ 3.  It has no employees, agents or offices located in the District of Columbia.  *Id.*  Source has no customers who are headquartered in the District of Columbia and does not solicit customers in the District of Columbia.  *Id.* at ¶ 4.  Further, it does not own any real property, maintain any bank accounts and has never paid taxes in the District.  *Id.* at ¶¶ 5-6.

Plaintiff's Complaint fails to allege a single action by Source that took place in the District of Columbia, either before or after the execution of the Agreement that is the subject of this action.  The Agreement was principally negotiated by Source's General Counsel, Douglas

Bates, over the telephone and by e-mail and fax with plaintiff's owner, Jonathan Ledecky. *Id.* at ¶ 7. None of the Agreement negotiations in which Bates participated took place in the District of Columbia. *Id.* at ¶ 8. The Agreement was executed by Source in Florida and it contains a Florida choice-of-law provision. *See id.*, Exhibit A at ¶ 5(d).

None of the terms of the Agreement were performed by Source in the District. Declaration of S. Leslie Flegel ("Flegel Decl.") Flegel Decl. ¶ 4. No meetings pursuant to the Agreement took place in the District of Columbia and Source's Chairman and CEO, Leslie Flegel, was not physically present in the District of Columbia during any of the alleged telephone conversations described in the Complaint. *Id.* at ¶¶ 2-3; *see also* Complaint ¶¶ 13-17. In addition, none of the meetings, merger negotiations or due diligence between Source and Alliance Entertainment Corp. ("Alliance") took place in the District of Columbia. Rather, they substantially occurred in Florida, which is where both Alliance and Source are headquartered. Flegel Decl. ¶ 5.

## ARGUMENT

## I.     THIS COURT LACKS PERSONAL JURISDICTION OVER SOURCE

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). The plaintiff must allege specific facts connecting the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Bare allegations and conclusory statements are insufficient. *Id.*; *Capital Bank Int'l Ltd. v. Citigroup, Inc.,* 276 F. Supp. 2d 72, 74 (D.D.C. 2003).

"A court may exercise personal jurisdiction over a non-resident defendant by finding specific jurisdiction based on conduct connected to the suit, or by finding general jurisdiction."

*Capital Bank Int'l,* 276 F. Supp. 2d at 74-75 (citation and internal quotations omitted).  Under the District of Columbia's long-arm statute, local courts may exercise specific jurisdiction over a non-resident party for claims that arise, *inter alia,* from the party's "transacting any business in the District of Columbia." [1]  D.C. Code § 13-423(a)(1).  However, the mere existence of a contract between a non-resident and a resident is not a sufficient basis on which to claim jurisdiction over the non-resident in the District.  *Comsat Corp. v. Finshipyards S.A.M.,* 900 F. Supp. 515, 524 (D.D.C. 1995).  Further, when specific jurisdiction is the basis for the exercise of personal jurisdiction, the claim for relief must arise from the alleged business transacted in the District.  D.C. Code § 13-423(b); *Comsat Corp.,* 900 F. Supp. at 521.

District of Columbia courts may exercise general jurisdiction over a defendant foreign corporation as to claims not arising from the corporation's conduct in the District if the corporation is "doing business" in the District.  *Gorman v. Ameritrade Holding Corp.,* 293 F.3d 506, 509 (D.C. Cir. 2002) (citing D.C. Code § 13-334(a); *AMAF Int'l Corp. v. Ralston Purina Co.,* 428 A.2d 849, 850 (D.C. 1981)); *Capital Bank Int'l,* 276 F. Supp. 2d at 75.  To show that the corporation is "doing business" in the District, the plaintiff must show that the foreign corporation "carries on a consistent pattern of regular business activity within the jurisdiction."  *Capital Bank Int'l,* 276 F. Supp. 2d at 75 (quoting *Trerotola v. Cotter,* 601 A.2d 60, 63 (D.C. 1991)); *see also Gorman,* 293 F.3d at 510 (general jurisdiction over a foreign corporation is only permissible if the defendant's business contacts with the forum district are "continuous and systematic").

Under both general and specific jurisdiction, the exercise of personal jurisdiction must also comply with constitutional due process.  *Gorman,* 293 F.3d at 509; *GTE New Media Servs.*

---

[1]      The D.C. long-arm statute's other enumerated grounds for exercise of specific jurisdiction are not relevant to the present case.  *See* D.C. Code §§ 13-423(a)(2)-(7).

*Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1347 (D.C. Cir. 2000). Due process is satisfied "when *in personam* jurisdiction is asserted over a nonresident corporate defendant that has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Gorman,* 293 F.3d at 509 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)) (internal quotations omitted). "These minimum contacts must be grounded in some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and privileges of its laws" so that the defendant should reasonably anticipate being haled into court there. *Capital Bank Int'l,* 276 F. Supp. at 75 (quoting *Asahi Metal Indus. v. Super. Ct. of Cal.,* 480 U.S. 102, 109 (1987)) (internal quotations omitted); *GTE New Media Servs.,* 199 F.3d at 1347.

Here, despite the fact that plaintiff bears the burden of establishing personal jurisdiction over Source, nowhere does plaintiff's Complaint allege facts that, if proven, would permit the exercise of personal jurisdiction over Source in the District of Columbia. In fact, as demonstrated by the sworn declarations submitted contemporaneously in support of this motion, there is no evidence that Source has engaged in any activities that would warrant the exercise of specific or general jurisdiction over it in the District. With regard to specific jurisdiction, it is undisputed that (1) the Agreement was neither negotiated nor executed by Source in the District; (2) the Agreement was never performed by Source in the District; and (3) the alleged breach of the Agreement did not occur in the District.[2] *See* Bates Decl. ¶ 8; Flegel Decl. ¶¶ 2-4. Thus, there exists no evidence that Source has, as required under the District's long-arm statute, "transact[ed] any business in the District of Columbia" in connection with any of plaintiff's

---

[2] Additionally, the Agreement provides that it is to be governed in accordance with the laws of Florida and without regard to any conflicts of law principles, further demonstrating the Agreement's lack of connection to the District of Columbia. *See* Agreement ¶ 5(d) (Bates Decl., Exhibit A).

claims. *See Comsat Corp.*, 900 F. Supp. at 524 (no personal jurisdiction over non-resident for breach of contract where alleged contract was not made nor performed in District and no services were provided or to be provided there).

Similarly, there exists no basis for the exercise of general jurisdiction over Source, as there is no evidence that Source "carries on a consistent pattern of regular business activity" within the District. Source is not domiciled or registered to do business in the District of Columbia and has no offices, employees or agents located in the District. Bates Decl. ¶ 3. It has no customers and does not solicit customers in the District. *Id.* at ¶ 4. It does not own any real property or maintain bank accounts in the District, and has never paid taxes in the District. *Id.* at ¶¶ 5-6 .

In short, under either form of personal jurisdiction, plaintiff cannot meet its burden to show that Source has meaningful contacts with the District, much less demonstrate that Source has sufficient minimum contacts such that Source "has purposefully availed itself of the privilege of conducting activities here" and could reasonably anticipate being haled into D.C. court. Accordingly, this Court cannot exercise personal jurisdiction over Source and plaintiff's case must either be dismissed or transferred.

## II.    VENUE DOES NOT PROPERLY LIE IN THIS DISTRICT

Dismissal or transfer of this case is further warranted because this Court is an improper venue. Like personal jurisdiction, the plaintiff bears the burden of establishing that venue is proper. *Smith v. US Investigations Servs., Inc.,* No. 04-0711(RMU), 2004 WL 2663143 at *2 (D.D.C. Nov. 18, 2004); *Abramoff v. Shake Consulting, L.L.C.,* 288 F. Supp. 2d 1, 3 (D.D.C. 2003). However, to prevail on a motion to dismiss for improper venue under Fed. R. Civ. P.

12(b)(3), the defendant must present facts that will defeat the plaintiff's assertion of venue. *Smith*, 2004 WL 2663143 at *2; *Abramoff*, 288 F. Supp. 2d at 3.

Under the general venue statute, a plaintiff may bring a diversity action in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). For the purposes of section 1391(a)(1), a defendant corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). With regard to section 1391(a)(2), only venues hosting a "substantial part" of the events that "directly" give rise to the plaintiff's claim are proper. *Abramoff*, 288 F. Supp. 2d at 4. Moreover, because the general venue statute protects the defendant, the activities of the defendant, rather than the plaintiff, are generally considered more relevant in determining where a substantial part of the underlying events occurred. *Id.; see also Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371 (11th Cir. 2003); 17 MOORE'S FED. PRACTICE § 110.04[1] ("[g]enerally, the court must focus on activities of the defendant, not the plaintiff").

Here, the plaintiff's Complaint merely asserts in conclusory terms that "[v]enue is proper under 28 U.S.C. § 1391." Complaint ¶ 3. The undisputed facts, however, demonstrate otherwise. First, Source does not "reside" in the District of Columbia, because it is not incorporated or headquartered there and, as demonstrated above, it is not subject to personal jurisdiction in the District. Second, a substantial part of the events directly giving rise to plaintiff's claims did not occur in the District in that (i) the Agreement was not negotiated,

executed or performed in the District; (ii) none of the meetings or conversations described in the

Complaint took place in the District and (iii) the alleged breach of the Agreement did not take

place in the District. In fact, other than being the home jurisdiction of the plaintiff and its owner

(*see* Complaint ¶ 4), the District of Columbia does not have any connection whatsoever to this

action. Accordingly, venue is not proper in this district. *See Abramoff*, 288 F. Supp. 2d at 5

(improper venue found where plaintiff entered into agreement in District but alleged breach

giving rise to plaintiff's claim did not occur in District).

## III.    THIS CASE SHOULD BE TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA

If, as is the case here, the plaintiff files suit in a district where venue is improper and/or

personal jurisdiction cannot be exercised over the defendant, a court, instead of dismissing the

action, may, "in the interest of justice," transfer a case to any other district "in which [the case]

could have been brought." 28 U.S.C. § 1406(a). A court may transfer a case even though it

lacks personal jurisdiction over the defendant. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779,

789 (D.C. Cir. 1983). The decision regarding transfer rests within the court's sound discretion.

*Id.*

Before transferring an action, the court must first ensure that venue is proper and that the

defendant is subject to personal jurisdiction in the transferee forum. *Sharp Elecs. Corp. v.

Hayman Cash Register Co.*, 655 F.2d 1228, 1230 (D.C. Cir. 1981) (per curiam); *Abramoff*, 288

F. Supp. 2d at 4. Transfer is favored under section 1406(a) when procedural obstacles such as

lack of personal jurisdiction and improper venue impede an expeditious and orderly adjudication

on the merits. *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983); *Abramoff*, 288 F.

Supp. 2d at 4.

Here, the interest of justice favors transferring this case to the Middle District of Florida. First, there is no question that personal jurisdiction exists over Source in Florida because Source's principal place of business is located in Bonita Springs, Florida, which is in the Middle District. Second, proper venue exists in the Middle District because Source resides in this district and a substantial number of the events giving rise to this case took place in Florida, including a substantial number of the discussions and negotiations between Source and Alliance. *See* Flegel Decl. ¶ 5. Third, most of the witnesses and sources of proof are located in Florida, including the officers and employees of both Source and Alliance. Finally, the Agreement at issue is to be governed and interpreted in accordance with Florida law.

In sum, the Middle District of Florida is by far the most appropriate and convenient venue for the resolution of this dispute.[3] This Court should accordingly exercise its sound discretion and transfer this action to this forum.

## CONCLUSION

For the foregoing reasons, Source respectfully requests that its motion be granted and this Court dismiss this action or, alternatively, transfer it to the Middle District of Florida,

Respectfully submitted,

_Kevin E. Stern_
C. Allen Foster (Bar No. 411662)
Kevin E. Stern (Bar No. 459214)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
Tel: (202) 331-3102
Fax: (202) 331-3101

---

[3]    It is also for these reasons that, even if venue were proper in the District of Columbia, a transfer to the Middle District of Florida would still be warranted pursuant to 28 U.S.C. § 1404(a), which authorizes transfer "[f]or the convenience of parties and witnesses [and] in the interest of justice."

*Counsel for Defendant Source Interlink
Companies, Inc.*

Dated:  June 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2005, I caused a true and correct copy of the foregoing to be served by electronic mail on the following persons:

Matthew D. Schwartz, Esq.
THOMPSON COBURN, LLP
1909 K. Street, NW
Suite 600
Washington, DC 20006

Jacqueline Arendse

11