Westlaw

IronBound Partners LLC v. Source Interlink Companies, Inc., Case No. 1:05CV01039 (JGP)

Slip Copy
2005 WL 1330686 (D.D.C.)
**(Cite as: 2005 WL 1330686 (D.D.C.))**

Exhibit C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, District of Columbia.
Derrick GREEN, Plaintiff,
v.
FOOTLOCKER RETAIL, INC., d/b/a Champs Sports, et al., Defendants.
v.
SIMON PROPERTY GROUP, INC., et al., Third-Party Defendants.
**No. Civ.A. 04-1875.**

June 3, 2005.

Earl N. Mayfield, III, Gura & Day, LLC, Fairfax, VA, for Plaintiff.

Monte Fried, Robert W. Hesselbacher, Wright, Constable & Skeen, L.L.P., Baltimore, MD, for Defendants.

Craig L. Sarner, Christopher E. Hassell, Bonner Kiernan Trebach & Crociata, Washington, DC, for Defendants and Third-Party Defendants.

*MEMORANDUM OPINION AND ORDER*

HUVELLE, J.

**\*1** Before the Court is third-party defendants' motion to transfer this matter to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). Based on the pleadings and the record before it, the Court declines to exercise its discretion to transfer the case. [FN1]

> FN1. Because this Court has decided that transfer should not be ordered, plaintiff's argument that third-party defendants lack standing to challenge venue need not be considered.

BACKGROUND

Plaintiff Derrick Green, a District of Columbia resident, brought this action against Foot Locker Retail, Inc., alleging false arrest and imprisonment, assault and battery, and defamation. The events took place at a Champs' store in the Pentagon City Fashion Center in Arlington, Virginia on November 22, 2003. Foot Locker Retail, Inc., which does business as Champs Sports ("Champs"), operates stores in the Eastern District of Virginia and the District of Columbia and is incorporated and has its principal place of business in New York. Defendant brought a Third-Party Complaint against Simon Property Group, Inc. ("Simon"), the owner and/or manager of the Champs' store where the events occurred, and IPC International Corporation ("IPC"), the security provider for the store. Third-party defendants have now moved, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the Eastern District of Virginia.

LEGAL ANALYSIS

A. Governing Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. United States Dep't of Agric.,* 944 F.Supp. 13, 16 (D.D.C.1996). Third-party defendants must make two showings. First, they must establish that plaintiff originally could have brought the action in the Eastern District of Virginia. *DeLoach v. Philip Morris Cos., Inc.,* 132 F.Supp.2d 22, 24 (D.D.C.2000). Second, they must demonstrate "demonstrate that the balance of convenience of the parties and witnesses and the interest of justice are in [its] favor." *Consol. Metal Prods., Inc. v. Am. Petroleum Inst.,* 569 F.Supp. 773, 774 (D.D.C.1983).

In evaluating a motion to transfer pursuant to 28 U.S.C. § 1404(a), a court must weigh a number of private and public interest factors, and plaintiff's chosen forum is of paramount consideration. *Sheraton Operating Corp. v. Just Corporate Travel,* 984 F.Supp. 22, 25 (D.D.C.1997). Private and public interest factors include: (1) a plaintiff's privilege of choosing the forum; (2) convenience of the parties; (3) the location of counsel; (4) convenience of witnesses, including expert witnesses; (5) the location of books and records; (6) the speed with which the underlying civil case may be resolved by the relevant courts; and (7) the interests of justice. *Shapiro, Lifshitz & Schram v. Hazard,* 24 F.Supp.2d 66, 70

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(D.D.C.1998). *See also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 3848-3854 (2d ed.1986). Other factors to be considered are: ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the amount of expense for willing witnesses; the relative congestion of the calendars of potential transferee and transferor courts; and other practical aspects of expeditiously and conveniently conducting a trial. *SEC v. Page Airways, Inc.,* 464 F.Supp. 461, 463 (D.D.C.1978).

**\*2** "Section 1404(a) ... vests 'discretion in the district court to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness." ' *Reiffin v. Microsoft Corp.,* 104 F.Supp.2d 48, 50 (D.D.C.2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). Plaintiff's choice should rarely be disturbed unless the balance is strongly in favor of the defendant. *Pain v. United Techs. Corp.,* 637 F.2d 775 (D.C.Cir.1980). *See also Armco Steel Co. v. CSX Corp.,* 790 F.Supp. 311, 323 (D.D.C.1991) (plaintiff's choice of a "home turf" forum should be afforded strong deference.)

Although the plaintiff's choice of forum is given great deference, this deference is lessened when the forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter. *Trout Unlimited,* 944 F.Supp. at 17. The court may not transfer simply because the court thinks another forum may be superior to plaintiff's chosen forum. *Shapiro, Lifshitz & Schram,* 24 F.Supp.2d at 66. However, courts retain broad discretion in balancing the asserted convenience and fairness to the parties. *Sheraton Operating Corp.,* 984 F.Supp. at 25.

B. Third-Party Defendants' Motion to Transfer

It is undisputed here that venue is proper in the District of Columbia and in the Eastern District of Virginia. 28 U.S.C. § 1391(a). Thus, third-party defendants challenge plaintiff's choice of the District based on inconvenience, arguing that, "[p]laintiff cannot establish any rational or legitimate concern for this action to proceed in this venue, and the convenience of the parties and witnesses and the interests of justice dictate that venue be transferred to the Eastern District of Virginia." (Mot. to Transfer Venue at 3.)

Starting with the premise that plaintiff's choice of the District of Columbia should not be lightly disregarded, the Court finds that third-party defendants have not provided a sufficient basis to overcome this choice. First, it cannot be argued that plaintiff's choice lacks any meaningful ties to the controversy, since plaintiff lives here and defendant does business here. Second, third-party defendants have failed to meet their burden to overcome plaintiff's choice of forum.

In particular, they have failed to show that the Eastern District of Virginia would be significantly more convenient for the parties or their counsel. Given the proximity of this Court to the Pentagon City Fashion Center, where IPC and Simon operate, a transfer to the Eastern District of Virginia would not significantly alter the burdens on third-party defendants. Similarly, third-party defendants fail to establish that a transfer would be significantly more convenient for their counsel, who is based in the District of Columbia.

Nor have third-party defendants shown that the Eastern District of Virginia would be significantly more convenient for potential witnesses. Although third-party defendants correctly note that the convenience of witnesses is significant, *Chung v. Chrysler Corp.,* 903 F.Supp. 160, 164 (D.D.C.1995), convenience of witnesses is considered only to the extent that the witnesses "may actually be unavailable for trial in one of the fora." *Wilderness Soc'y v. Babbitt,* 104 F.Supp.2d 10, 12 (D.D.C.2000). The present case involves two police officers, referenced in plaintiff's complaint, who work for the Arlington County Police Department and other witnesses who have yet to be named. Based on this record, it is difficult to conclude that continuing the litigation in the District will result in the unavailability of any witnesses. See Fed. R. Civ. P. 45(c) (providing that a district court can enforce a trial subpoena served on a witness within its judicial district or within 100 miles of the court). Thus, third-party defendants' argument that a transfer would ease the parties' access to witnesses and reduce the expense and inconvenience of procuring witnesses is unpersuasive.

**\*3** Finally, third-party defendants argue that the public interest would be served by transferring this case to the less congested and faster-moving docket of the Eastern District of Virginia. This argument is unconvincing as defendants have not established that there is any difference between the two courts in terms of the size of their dockets or their efficiency.

CONCLUSION

In sum, third-party defendants have failed to overcome plaintiff's choice of forum, and their

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 3
2005 WL 1330686 (D.D.C.)
**(Cite as: 2005 WL 1330686 (D.D.C.))**

motion will therefore be denied. A status to establish a new scheduling order will be held on June 17, 2005 at 11:00 a.m.

 2005 WL 1330686 (D.D.C.)

**Motions, Pleadings and Filings (Back to top)**

• 2004 WL 2878254 (Trial Pleading) Complaint (Oct. 28, 2004)

• 1:04cv01875 (Docket) (Oct. 28, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.