Westlaw.

IronBound Partners LLC v. Source Interlink Companies, Inc., Case No. 1:05CV01039 (JGP)

Not Reported in F.Supp.
1996 WL 470363 (D.D.C.)
**(Cite as: 1996 WL 470363 (D.D.C.))**

Exhibit D

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, District of Columbia.
The GEORGE WASHINGTON UNIVERSITY, Plaintiff,
v.
DIAD, INC., Defendant.
**Civil Action No. 96-301-LFO.**

Aug. 9, 1996.

*MEMORANDUM*

LAMBERTH, District Judge.

I.

**\*1** In August 1994, George Washington University ("GWU") and DIAD, Inc. contracted to co-sponsor an instructional program for disabled students. GWU terminated the agreement on November 8, 1995, alleging that DIAD failed to make payments contemplated by the agreement. GWU now sues DIAD for breach of contract and trademark infringement, maintaining that DIAD continued to sell its course as affiliated with GWU after GWU's termination of the agreement. On April 12, 1996, DIAD filed a Motion to Dismiss or, Alternatively, for Transfer of Venue, arguing that: (i) this Court lacks jurisdiction over DIAD pursuant to Fed.R.Civ.P. 12(b)(2); (ii) venue does not lie in this Court pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a); and (iii) even if jurisdiction and venue are proper, this action should be transferred to the Eastern District of Virginia for the convenience of the parties and witnesses and in the interest of justice, pursuant to 28 U.S.C. § 1404(a) or § 1406(a). Defendant's motion to dismiss is denied because defendant has waived its challenge to jurisdiction and venue. Defendant's reasons for requesting a transfer are unpersuasive on the merits.

II.

The Supreme Court has held that both venue and personal jurisdiction are personal privileges that may be waived. Neirbo Co. v. Bethlehem Shipbuilders Corp., 308 U.S. 165, 167-68 (1939). Fed.R.Civ.P. 12(h)(1) provides that:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived ... (B) if it is neither made by motion under the rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

The purpose of Rule 12 is to eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before consideration of the merits. Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 997 (1st Cir.1983) (citations omitted). A defendant asserting lack of personal jurisdiction or improper venue must do so "in [its] first defensive move." Barnstead Broadcasting Corp. v. Offshore Broadcasting Corp., 869 F.Supp. 35, 38 (D.D.C.1994); Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir.1983). An objection to venue may also be waived "by submission [in a cause] through conduct." Neirbo Co., 308 U.S. at 168. "If a party enters a case, makes no objection to [personal] jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection." Barnstead, 869 F.Supp. at 38.

In the instant matter, defendant has waived its objection to personal jurisdiction and venue by failing to assert these claims in its "first defensive move." Indeed, it is fatal to defendant's claim that it did not voice its jurisdiction and venue objections when it argued against injunctive relief in hearings held on February 15, 1996, and March 1, 1996. Barnstead, 869 F.Supp. at 38; Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment and Allied Industries Fund, 967 F.2d 688, 692 (1st Cir.1992). Defendant may be correct in that it did not have sufficient time to prepare these claims for the first time it argued in injunctive proceedings on February 15, 1996, but that does explain defendant's failure to assert these defenses for the second round of injunctive proceedings two weeks later. Nor does insufficiency of time explain defendant's failure to assert these claims in numerous other defensive moves before the Court. The docket sheet indicates that defendant filed at least five pleadings prior to the instant motion to dismiss, including a: (i) joint motion regarding injunctive relief; (ii) motion to withdraw counsel; (iii) motion regarding documents

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1996 WL 470363 (D.D.C.)  
**(Cite as: 1996 WL 470363 (D.D.C.))**

Page 2

under seal; (iv) attorney appearance; and (v) Rule 109 Certificate. Indeed, defendant waited until April 12, 1996, to assert these defenses, over eight weeks after the complaint was served. Other courts have found waiver of jurisdictional and venue claims where injunctive hearings preceded assertion of jurisdictional and venue objections and such objections were filed three weeks, *Barnstead, 869 F.Supp. at 37,* and approximately nine weeks *Manchester, 967 F.2d at 688,* after the complaint was served. Since defendant has waived its claims regarding jurisdiction and venue, a discussion regarding the merits is unnecessary. These claims are dismissed.

III.

**\*2** Defendant's assertion that this case should be transferred to the Eastern District of Virginia for the convenience of the parties and witnesses and in the interest of justice is also unsupported. A determination of whether a case should be transferred to an alternate venue is committed to the sound discretion of the trial court. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257 (1981). "[T]here is ordinarily a strong presumption in favor of plaintiff's choice of forum, which may be overcome only when the private and public interest factors *clearly point towards trial in the alternate forum.*" *Id.* at 255 (emphasis added).

An examination of private and public interest factors does not "clearly point towards trial" in Virginia. Little will be gained by moving this case. Parties dispute whether witnesses and evidence are in Northern Virginia or Washington, D.C., but the issue is of small matter. They appear to be found in both jurisdictions, *see, e.g.,* Opp. at 3, and would be no more accessible should this case be transferred to the Eastern District of Virginia. Defendants also make much of the fact that this court will have to "apply Virginia law." But the law of the Commonwealth is not foreign law requiring proof by expert testimony. *Compare, Piper,* 425 U.S. at 260 (finding transfer appropriate due to "lack of familiarity with Scottish law").

An examination of public interest considerations counsels in favor of the same result. Considerable public resources have been expended in adjudicating this litigation. The matter has been pending for over five months. The parties have filed numerous memoranda and motions. A joint Rule 206 Report has been filed with proposed dates for scheduling the remainder of this case. The public's interest in efficient and inexpensive adjudication of this matter is coextensive with the plaintiff's interest in obtaining convenient and effective relief. *World-Wide Volkswagen Corp. Woodson,* 444 U.S. 286, 292 (1980).

Accordingly, an accompanying Order denies Defendant's Motion to Dismiss or, Alternatively, for Transfer of Venue.

1996 WL 470363 (D.D.C.)

**Motions, Pleadings and Filings (Back to top)**

• 1:96cv00301 (Docket) (Feb. 15, 1996)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.