IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRONBOUND PARTNERS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:05CV01039 (JGP) |
| v. ) | |
| ) | |
| SOURCE INTERLINK COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ANSWER OF DEFENDANT SOURCE INTERLINK COMPANIES, INC.**

Defendant Source Interlink Companies, Inc. ("Source"), responding to the Complaint filed by Plaintiff Ironbound Partners, LLC ("plaintiff" or "Ironbound"), answers and alleges as follows:

1. Responding to the allegations contained in paragraph 1, Source admits that it and Ironbound entered into a written agreement entitled "Referral Agreement" dated as of April 26, 2004 (the "Agreement") on April 27, 2004. The remaining allegations contained in this paragraph call for conclusions of law and, therefore, those allegations are denied.

2. The allegations contained in paragraph 2 are denied.

3. The allegations contained in paragraph 3 are denied.

4. Source lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4, and therefore denies the same.

5. The allegations contained in paragraph 5 are admitted.

6. Responding to the allegations contained in paragraph 6, Source admits that it and Ironbound entered into the Agreement on April 27, 2004. To the extent the

allegations contained in paragraph 6 call for an interpretation of the terms of the written agreement, Source makes reference to the terms of the Agreement, which speak for themselves, and denies all inconsistent allegations. The remaining allegations of paragraph 6 are denied.

7. Responding to the allegations contained in paragraph 7, Source admits that Jonathan Ledecky ("Ledecky") introduced Ariel Emanuel ("Emanuel") to Source. The remaining allegations contained in paragraph 7 are denied.

8. The allegations contained in paragraph 8 are admitted.

9. Responding to the allegations contained in paragraph 9, Source admits that Ledecky was and remains a substantial shareholder of Source. Source lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 9, and therefore denies the same.

10. Responding to the allegations contained in paragraph 10, Source admits that Ledecky had previously provided some business assistance to Source and that no contractual relationship ever existed between Ledecky and Source relating to such assistance. Source lacks sufficient knowledge or information to form a belief as to the truth of the Ledecky's belief as alleged in paragraph 10, and therefore denies the same. The remaining allegations contained in paragraph 10 are denied.

11. Responding to the allegations contained in paragraph 11, Source admits that it and Ironbound entered into the Agreement and that Ledecky introduced Emanuel to Source. The remaining allegations contained in paragraph 11 are denied.

12. Source lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12, and therefore denies the same.

13. Responding to the allegations contained in paragraph 13, Source admits that, on or around April 27, 2004, Ledecky, Emanuel and Source's Chairman and CEO, S. Leslie Flegel ("Flegel") had a telephone conference to discuss possible business opportunities involving the retail distribution of DVDs in the checkout area at the front end of grocery stores, and that a subsequent meeting in New York City took place on or around May 12, 2004. The remaining allegations contained in paragraph 13 are denied.

14. Responding to the allegations contained in paragraph 14, Source admits that Flegel told Emanuel about Source's business during the New York meeting and the parties discussed opportunities involving the retail distribution of DVDs in the checkout area at the front end of grocery stores. The remaining allegations contained in paragraph 14 are denied.

15. Responding to the allegations contained in paragraph 15, Source admits that Flegel called Ledecky following the New York meeting. The remaining allegations contained in paragraph 15 are denied.

16. Source lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16, and therefore denies the same.

17. The allegations contained in paragraph 17 are denied.

18. Responding to the allegations contained in the first sentence of paragraph 18, Source admits that Alliance Entertainment Corp. ("Alliance") was a leading provider of home entertainment content products such as DVDs, CDs, video games and related merchandise, but denies that Emanuel was an advisor to Source and is without sufficient knowledge or information to form a belief as to the truth of whether Emanuel arranged to introduce Source to Alliance and, therefore, denies the same. The allegations contained

in the second sentence of paragraph 18 are admitted. Responding to allegations contained in the third sentence of paragraph 18, Source admits that a business combination with Alliance would enable Source to expand its existing product offerings, but denies that such combination would "gain[] access to Alliance's blue chip customers." Responding further, Source is without sufficient knowledge or information to form a belief as to the truth of the fourth and last sentence of paragraph 18 and, therefore, denies the same.

19. Responding to the allegations contained in paragraph 19, Source admits that Emanuel, Flegel and Source's president, James Gillis ("Gillis"), participated in a meeting on June 22, 2004, and that Flegel and Gillis participated in a meeting on July 7, 2004, during which the possibility of a merger between Source and Alliance was discussed. The remaining allegations contained in paragraph 19 are denied.

20. The allegations contained in paragraph 20 are admitted.

21. Responding to the allegations contained in paragraph 21, Source admits the first sentence contained therein. The remaining allegations contained in paragraph 21 are denied.

22. The allegations contained in paragraph 22 are admitted.

23. The allegations contained in paragraph 23 are admitted.

24. The allegations contained in paragraph 24 are denied.

25. Responding to the allegations contained in paragraph 25, Source admits that the audio and video distribution and fulfillment business is a facet of Source's growth strategy. The remaining allegations contained in paragraph 25 are denied.

26. The allegations contained in paragraph 26 are denied.

27. The allegations contained in paragraph 27 are denied.

28. The allegations contained in paragraph 28 are argumentative and call for conclusions of law and, therefore, are denied.

29. The allegations contained in paragraph 29 are denied.

30. Responding to the allegations contained in paragraph 30, Source admits that it has not made any payment to Ironbound pursuant to the Agreement. The remaining allegations contained in paragraph 30 are denied.

31. Responding to the allegations contained in paragraph 31, each admission and denial made above is realleged and incorporated by reference.

32. Responding to the allegations contained in paragraph 32, Source admits that it and Ironbound entered into the Agreement. The remaining allegations contained in paragraph 32 are denied.

33. The allegations contained in paragraph 33 are denied.

34. The allegations contained in paragraph 34 are denied.

35. The allegations contained in paragraph 35 are denied.

36. The allegations contained in paragraph 36 are denied.

37. The allegations contained in paragraph 37 are denied.

38. Responding to the allegations contained in paragraph 38, each admission and denial made above is realleged and incorporated by reference.

39. The allegations contained in paragraph 39 are denied.

40. The allegations contained in paragraph 40 are denied.

41. The allegations contained in paragraph 41 are denied.

42. The allegations contained in paragraph 42 are denied.

43. Responding to the allegations contained in paragraph 43, each admission and denial made above is realleged and incorporated by reference.

44. The allegations contained in paragraph 44 are denied.

45. The allegations contained in paragraph 45 are denied.

46. The allegations contained in paragraph 46 are denied.

47. Responding to the allegations contained in paragraph 47, each admission and denial made above is realleged and incorporated by reference.

48. The allegations contained in paragraph 48 are denied.

49. The allegations contained in paragraph 49 call for conclusions of law and, therefore, are denied.

Except as specifically admitted above, each and every allegation in the Complaint is denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Source.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Source's performance and obligations under the Agreement are excused by plaintiff's non-performance and/or failure to perform its duties and obligations under the Agreement.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the conditions precedent to plaintiff receiving compensation or payment from Source under the Agreement were never satisfied and/or fulfilled.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's quantum meruit and unjust enrichment claims are barred as a matter of law because plaintiff is seeking to enforce the terms of an express contract between the parties.

Source reserves the right to assert additional affirmative defenses and counterclaims as the allegations and claims become further developed in this case.

WHEREFORE, having fully answered, Source hereby requests that the Court dismiss plaintiff Ironbound's Complaint and that judgment be entered in its favor, with costs as allowed by law and that the Court grant Source such other relief as the Court may deem just and proper.

Respectfully submitted,

s/ Kevin E. Stern              .
C. Allen Foster (Bar No. 411662)
Kevin E. Stern (Bar No. 459214)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC  20006

Tel: (202) 331-3102
Fax: (202) 331-3101

*Counsel for Defendant Source Interlink Companies, Inc.*

Dated: September 8, 2005