IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRONBOUND PARTNERS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-CV-01039 (JGP) |
| ) | |
| SOURCE INTERLINK COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

## JOINT STATEMENT

Pursuant to the Court's Order for Initial Scheduling Hearing, the parties submit the following Joint Statement:

1.      This breach of contract and declaratory judgment action arises out of a dispute regarding the parties' rights and obligations under a Referral Agreement (the "Agreement") dated as of April 26, 2004 by and between Plaintiff Ironbound Partners, LLC ("Ironbound") and Defendant Source Interlink Companies, Inc. ("Source").  Under that Agreement, Ironbound agreed to introduce Source to a "Client" of Ironbound.  The Agreement provided that, "Source shall pay to Ironbound, and Ironbound shall accept, compensation equal to 5% of the net income recorded by Source as a result of its relationship with Client during the five-year period following the date . . . on which the business relationship is established between Source and Client."

Ironbound asserts that it performed its obligations under the Agreement and is entitled to compensation.  Specifically, Ironbound claims that it introduced Source to Mr. Ariel Emanuel, who became a consultant for Source.  Ironbound asserts that, as a result of Mr. Emanuel's relationship with Source, Source has and will continue to earn substantial net income, for which

Ironbound is entitled to be compensated under the Agreement. Ironbound alleges that this includes compensation based on net income earned by Source as a result of its merger with Alliance Entertainment Corp. ("Alliance"), which Ironbound alleges that Mr. Emanuel facilitated, as well as net income earned from other endeavors related to Source' relationship with Mr. Emanuel for a period of five years from the date on which a business relationship was established between Source and Mr. Emanuel. Ironbound is seeking damages for breach of contract, quantum meruit, and unjust enrichment, as well as a declaration of the parties' rights and obligations under the Agreement.

Source agrees that the parties entered into a Referral Agreement and that Ironbound's principal, Jonathan Ledecky, introduced Ariel Emanuel to Source, but denies that Ironbound is entitled to any compensation for the Alliance merger or any other "business relationship." Source denies that Ironbound performed its obligations under the Agreement, that it entered into any "business relationship" or "business venture" with the "Client" or Mr. Emanuel, as those terms are used in the Agreement, or that it has generated any net income as a result of any "business relationship" with the "Client" or Mr. Emanuel. Ironbound disputes Source's definition of the term "Client," to the extent Source alleges that Mr. Emanuel is not the "Client," as that term is used in the Agreement.

Source asserts as affirmative defenses that (1) the Complaint fails to state a claim upon which relief can be granted, (2) the Court lacks personal jurisdiction over Source, (3) the Court lacks subject matter jurisdiction over Ironbound's claims, (4) Ironbound's claims are barred by the doctrines of unclean hands, laches, waiver and estoppel, (5) Source's performance and obligations under the Agreement are excused by Ironbound's non-performance, (6) Ironbound's claims are barred because the conditions precedent to Ironbound receiving compensation under the Agreement were never satisfied, and (7) Ironbound's quantum meruit and unjust enrichment

claims are barred because it is seeking to enforce the terms of an express contract between the parties.

    2.      There are no pending motions.

    3.      The parties do not currently anticipate any amendments to their pleadings, but propose that any such amendments be filed no later than February 1, 2006.

    4.      The parties do not wish to assign this case to a Magistrate Judge.

    5.      Ironbound is agreeable to pursuing settlement discussions and would gladly accept the Court's assistance with that effort. Source does not believe that settlement discussions would be fruitful at this time.

    6.      At this stage, the parties do not agree upon whether this case can benefit from alternative dispute resolution. Prior to filing the Complaint, Ironbound invited Source to pursue mediation, but Source rejected that offer. Source has not ruled out the possibility that mediation may be useful at a later time. The parties see no reason to stay or limit discovery.

    7.      The parties believe the case can likely be resolved on motions for summary judgment and propose that all dispositive motions be filed by no later than June 6, 2006, with oppositions due eleven (11) days following service of such motions and replies due five (5) days following service of the oppositions, in accordance with the local rules.

    8.      The parties are agreeable to exchanging certain information without formal discovery, including names and addresses of witnesses and relevant documents. They have agreed to exchange names and addresses of witnesses by October 17, 2005 and to exchange relevant documents by October 24, 2005.

    9.      Ironbound anticipates taking no more than ten (10) fact witness depositions, and Source anticipates taking no more than five (5) fact witness depositions. The parties have agreed to a limit of seven (7) hours per deposition, barring any unforeseen circumstances. They have

also agreed on a preliminary limit of 25 interrogatories. If additional interrogatories are required, the parties will meet and confer on the matter and seek leave of the Court to file such additional interrogatories. The parties have agreed that a protective order will likely be appropriate if liability and damages are not bifurcated. In the event the Court adopts the parties' agreement to bifurcate this case into liability and damages phases, Source wishes to reserve its right to seek a protective order in either phase depending on Ironbound's discovery requests. The parties have also agreed to an April 28, 2006 deadline for the completion of fact discovery and a May 19, 2006 deadline for the completion of expert discovery.

10.     Assuming the case is bifurcated into liability and damages phases, the parties have agreed that, as to the liability phase, expert witness information, including expert reports, will be exchanged by March 31, 2006, and that rebuttal expert reports will be exchanged by April 21, 2006. They have also agreed that expert witness depositions will be completed by the May 19, 2006 deadline for the completion of all discovery.

11.     The parties have agreed to bifurcation of both discovery and trial into liability and damages phases.

12.     Ironbound believes that the pretrial conference for the liability phase should be held sometime in June, 2006, while Source believes that it should be held in July.

13.     The parties agree that the Court should set firm trial dates for both the liability and damages phases at the first scheduling conference. Source would request that the liability phase trial be scheduled no earlier than September 2006. In the event that the Court bifurcates this proceeding, Ironbound is prepared to proceed with trial on the liability phase before September 2006 to avoid unnecessary delay.

Respectfully submitted,

/s/ Matthew D. Schwartz
Matthew D. Schwartz (D.C. Bar No. 436619)
THOMPSON COBURN LLP
1909 K. Street, N.W. Ste. 600
Washington, D.C. 20006-1167
(202) 585-6900 (telephone)
(202) 585-6969 (facsimile)

*Attorney for Plaintiff Ironbound Partners, LLC*

/s/ Kevin E. Stern
C. Allen Foster (D.C. Bar No. 411662)
Kevin E. Stern (D.C. Bar No. 459214)
GREENBERG TRAURIG, LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, D.C. 20006
(202) 331-3102 (telephone)
(202) 331-3101 (facsimile)

*Attorneys for Defendant Source Interlink Companies, Inc.*