IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRONBOUND PARTNERS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOURCE INTERLINK COMPANIES, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:05CV01039 (JGP) |

**CONSENT PROTECTIVE ORDER AS TO THE
PRODUCTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION**

  Plaintiff Ironbound Partners, LLC ("Plaintiff") and Defendant Source Interlink Companies, Inc. ("Defendant") by their undersigned counsel, hereby stipulate and agree as follows:

  1.(a)  The term "this Action" shall mean the dispute that has arisen between the parties to this Agreement (collectively, the "Parties") which has resulted in litigation as set forth in the caption of this document.

  (b)  The term "Producer" shall mean a Party that produces to the other Party information and/or documentation in or concerning this action, including, but not limited to, documents exchanged during arbitration, mediation, or litigation of this action; responses to interrogatories; responses to requests for production; responses to requests for admissions; experts' statements; deposition testimony; and responses to subpoenas in this action. Inclusion of specific items of information in the immediately preceding sentence does not constitute an admission or acknowledgement of the existence of such information.

(c) The term "Court" means the United States District Court for the District of Columbia.

(d) The term "Confidential Information" is defined herein as material produced by a Producer which is a trade secret, other confidential research, development, proprietary or commercial information or material, or other sensitive information, the disclosure of which may cause injury, damage, prejudice or embarrassment to one or more parties hereto.

2. This Stipulation and Confidentiality Agreement ("Agreement") shall be binding on all Parties to this Agreement, and their subsidiaries, affiliates, parents, officers, directors, managers, agents, attorneys, employees, and representatives.

3. A Party may designate any document, tangible thing or information it produces, provides or makes available to another Party as "CONFIDENTIAL" (hereinafter referred to as "Confidential Information").  Prior to designating material as Confidential Information, a party shall make a good faith determination that information meets the requirements of 1(d) herein.

4. The content of material designated as "Confidential Information" shall be used or disclosed solely in this Action and in accordance with the provisions of this Agreement, and the contents of such "Confidential Information" shall not be used in any other litigation or for any other purpose without order of the Court or further written agreement of the parties.  Nothing in this Agreement shall preclude any party or its representative(s) from discussing with any other person the progress, theories, or legal strategies in this action, as long as the contents of the "Confidential Information" are not

disclosed. "Confidential Information" may be disclosed only in accordance with the terms of this Agreement.

5. Any Party designating a document, tangible thing, or information as Confidential Information shall do so by stamping or otherwise marking such documents with sufficient particularity to allow others to identify the specific document, tangible thing, or information being designated as Confidential Information. All or any part of a document (whether on paper or in any other medium), software, computer code, or item disclosed, produced or filed by any party or person in the litigation may, in good faith and with a reasonable basis, be designated as "Confidential Information" by the disclosing party or person by marking the words "Confidential" on the face of the original and each page so designated, or on the face of the copy delivered by the disclosing party or person to the party to which the copy is produced, and on the copies of each page so designated, if practicable, or by delivering written notice to the party to which disclosure is made, at the time of filing, disclosure, or production, that such item is "Confidential Information." To the extent material already has been marked in a way that gives notice that it is protected as confidential (for example, in connection with the production of the material in other litigation), it need not be re-marked.

6. The designation of Confidential Information shall be made at the time of the production of copies of documents by a Producer at the request of another Party.

7. In the event a Party inadvertently fails to designate information or documents as Confidential Information when copies are produced to another Party, the Producer shall have thirty (30) days from the date of production of the copies to notify in

writing the Party who is a recipient of the information or document of the material's designation as Confidential Information. The Producer shall specifically identify, by Bates-number or otherwise, the material being designated as Confidential Information. This same procedure shall also govern the right of any Party to designate information and documents as Confidential Information, which is obtained through discovery directed at third parties or any other party to this action but not to this Agreement. In the event an inadvertent failure to designate material as Confidential Information is discovered thereafter, the Parties shall use their best efforts to correct any such mistake, but in the event of dispute, the Producer shall have the burden of seeking and securing relief from the Court.

8. In the event a Party inadvertently discloses or produces privileged information when copies are produced to another Party, the Producer shall have thirty (30) days from the date of production of the copies to notify in writing the Party who is a recipient of the information or document of the material's status as privileged information. The Producer shall specifically identify, by Bates-number or otherwise, the material being designated as privileged information. In the event an inadvertent disclosure or production of privileged information is discovered thereafter, the Parties shall use their best efforts to correct any such mistake, but in the event of dispute, the Producer shall have the burden of seeking and securing relief from the Court.

9. If any Party objects to the designation of discovery materials being marked as Confidential Information, the Party shall state the objection by letter to all counsel of record in this action. If the Parties are unable to resolve the objection, any Party may move the Court for an Order that the challenged material does not qualify as Confidential

Information.  Until the Court rules on the objection, the disputed material shall be treated as Confidential Information.

        10.    Nothing in this Agreement shall prevent a Party from independently obtaining publicly-available information, including the final version of documents actually filed with the United States Congress, any State, County or local legislature; any federal, State, County or local regulatory authority or agency; and any federal, State, County, or local court, nor shall this Order constitute a restriction on information so obtained, even if a copy of that document is otherwise provided in this litigation and designated as Confidential Information.

        11.    Except as otherwise provided herein or upon further order of the Court, Confidential Information shall be used solely for the resolution of the dispute between the parties to this action.

        12.    Except to the extent disclosed at any stage of this action in open court, all Confidential Information shall be kept in a confidential manner by anyone entitled under this Agreement to receive it and may be disclosed to and among the following persons only:

        (a)    The attorneys for the respective Parties working on this case and employees of such attorneys who are assisting in the prosecution, defense, or settlement of this action;

        (b)    Any present or former officer, director, member, or employee of the Parties in connection with the prosecution, defense, or supervision of this action;

(c) Any expert, testifying or not, or investigator (including any employee of such expert or investigator) who is employed, retained, or otherwise consulted by a Party or its attorney for the purpose of analyzing data, conducting studies, performing investigations or providing opinions to assist in this action (provided, however, that all documents and copies thereof are returned by the expert, testifying or not, or investigator to the Party or attorney who retained him or her upon resolution of this action or the end of the engagement, whichever comes first);

(d) Counsel for, or authorized personnel of, any auditors of any Party;

(e) The Court and Court personnel, including court reporters, involved in this action; and

(f) Witnesses, including deponents, as provided in this Agreement, solely for the purpose of eliciting their testimony, whether under oath or not.

(g) Commercial photocopying and document processing firms, but only those used by the parties and their counsel in connection with this action;

(h) The parties' reinsurers, reinsurance intermediaries, auditors and accountants, and the counsel for such entities, but only to the extent that any such persons have a legitimate business need for access to specific Confidential Information;

13. Any person who makes any disclosure of Confidential Information permitted by this Agreement shall advise each person to whom such disclosure is made concerning the terms of this Agreement. Nothing herein is intended to forbid a Party from sharing or distributing its own materials, information or documents which would otherwise qualify as "Confidential Information" under this agreement.

14. Those identified in Paragraph 12 above need not execute the Consent Form, but they shall be advised of the terms and be provided with a copy of this Agreement.

15. Persons attending hearings and/or depositions taken in this action at which Confidential Information or any information contained therein is identified, discussed or disclosed shall be limited to the court reporter, the deponent, counsel for the deponent, counsel for the Parties and any representative of the parties who are bound by the terms of this Agreement and such other persons identified in Paragraph 12 of this Agreement. If any Confidential Information is to be used during the deposition of a non-party witness, the deponent shall be given a copy of the Agreement prior to the deposition, advised that he or she is bound by the terms of the Agreement and requested to sign a consent form.  In the event the deponent elects not to execute a Consent Form, the court reporter will be directed not to provide a copy of the deposition transcript to the deponent for review, but require the deponent to come to the court reporter's office to review the transcript.  The deponent will not be allowed to make a copy of the transcript.  In addition, the court reporter shall be prohibited from providing to the deponent a copy of any Confidential Information contained in exhibits to the deposition.

16. Any party may designate all or any portion of any deposition testimony or deposition exhibits, or any portion thereof, as "Confidential Information" by advising the reporter and all parties of such fact before or during the deposition, or within ten (10) days after the designating party receives the deposition transcript.  If a deposition or part thereof or exhibit thereto is designated as containing "Confidential Information," the

deposition transcript and exhibits shall be filed in accordance with Paragraph 17 below. In addition, each page of the transcript so designated shall be designated "Confidential" by the court reporter. Each party agrees, at its own expense, to stamp each page of the transcript copy it receives if the designation is made after the court reporter produces the transcript or if the court reporter fails to properly endorse any page of the transcript.

17. Confidential Information that is disclosed orally, through testimony or otherwise, shall be treated as Confidential Information, and to the extent a record of the oral disclosure is kept or made, such record shall be kept or made under seal to the greatest extent possible. Confidential Information that is filed with the Court, and pleadings, motions, and other papers that contain Confidential Information that are filed with the Court, shall be filed under seal where possible in accordance with arrangements to be agreed upon among the Parties, and approved by the Court.

18. Nothing in this Agreement shall bar or otherwise restrict any attorney from rendering advice to his or her client in this matter, and from generally referring to or relying upon his or her examination of Confidential Information.

19. Neither the provisions of this Agreement, nor any disclosure by any Party pursuant to this Agreement, shall constitute a waiver at any time or in any litigation, arbitration, or mediation, including, without limitation, the litigation, arbitration, or mediation of this action, of any attorney-client or work product privilege that it may possess which arises, or has arisen, in litigation, arbitration, or mediation or other matters outside this action. Moreover, neither the provisions of this Agreement, nor any disclosure by any Party pursuant to this Agreement, shall constitute an admission or concession that the information

produced or provided is discoverable under the rules governing discovery of information in litigation, arbitration, or mediation.

20. Nothing herein shall be deemed to limit or define any Party's rights to discovery in connection with this action.

21. Nothing contained within this Agreement shall be construed as a concession by any Party of the relevance or lack of relevance of any information or documents or to require a Party to produce information or documents that it contends to be privileged or otherwise non-discoverable.

22. For good cause, any Party may seek modification or termination of this Agreement, first by attempting to obtain the consent of every other Party to such modification, and then, absent consent, by application to the Court. The Party seeking such modification or termination shall give notice to all non-party Producers under this Agreement no later than ten (10) days prior to the effective date of the modification or termination. The Producer so notified may then, prior to the effective date of modification or termination, petition the Court for relief.

23. This Agreement shall survive the termination of this action and continue in full force and effect unless waived by the written consent of the Producer. Upon termination of this lawsuit by judgment, and the expiration of any and all appeals therefrom, or by settlement, all parties shall promptly return to counsel for such producing party or person all "Confidential Information" received from such party or person including all copies, prints, summaries, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants to the extent that a party does not

require copies of such information or documents to remain in its files. As an alternative to returning all or part of such "Confidential Information," parties may certify to counsel for the producing party or persons that they have taken all reasonable efforts to destroy all unreturned "Confidential Information." To the extent that a party requires such information or documents to remain in its files, that party shall have an ongoing obligation to treat such information and documents as "Confidential Information" consistent with the terms of this Agreement . Nothing in this paragraph shall require any party to return or destroy any documents or information containing attorney-client privileged material or work product.

24. This Agreement shall apply retroactively to any material produced or filed in this action.

25. This Agreement shall be deemed effective as among the parties upon its execution by the undersigned counsel. Upon Court approval, it shall be deemed an effective Protective Order for all purposes of the Court Rules governing this action.

26. This Agreement does not restrict or limit the use of Confidential Information at any hearing or trial. Nothing in this Order, however, shall prevent any party from seeking an appropriate protective order to govern such use of Confidential Information at a hearing or trial.

27. If the producing Party agrees to waive its designation of any materials as Confidential Information, it shall notify all parties of the waiver in writing, and this Agreement shall no longer apply to such materials.

28. The Court shall have jurisdiction over the parties hereto with respect to any dispute concerning the enforcement or interpretation of this Agreement and

the application of the Agreement, and any dispute shall be governed by the substantive law and rules of the District of Columbia.

29. The recipients shall act to minimize the number of persons to whom such Confidential Information is disclosed. The Parties agree to cooperate fully and in good faith with each other in attempting to resolve any disputes which may arise as to the terms and effect of this Agreement so that recourse to the Court may be kept to a minimum.

30. The Agreement may be executed in counterparts, each when taken together with the others, shall constitute a whole, as if executed simultaneously on the same document.

31. Each of the undersigned counsel is authorized to execute this agreement on behalf of the party identified below.

32. The Parties shall jointly submit a fully executed Agreement to the Court for its approval and entry as an Order of the Court. In the event the Court refuses to approve the Agreement by Court Order, the Parties expressly acknowledge their agreement to be bound by the terms of this Agreement under all circumstances.

SO ORDERED this _____ day of December, 2005.

_____
The Honorable John Garrett Penn
U.S. District Court Judge

AGREED AND CONSENTED TO:


/s/ Matthew D. Schwartz
Matthew D. Schwartz (D.C. Bar No. 436619)
THOMPSON COBURN LLP
1909 K. Street, N.W. Ste. 600
Washington, D.C. 20006-1167
(202) 585-6900 (telephone)
(202) 585-6969 (facsimile)
*Attorney for Plaintiff Ironbound Partners, LLC*


/s/ Kevin E. Stern
C. Allen Foster (D.C. Bar No. 411662)
Kevin E. Stern (D.C. Bar No. 459214)
Maria E. Hallas (D.C. Bar No. 436529)
GREENBERG TRAURIG, LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, D.C. 20006
(202) 331-3102 (telephone)
(202) 331-3101 (facsimile)
*Attorneys for Defendant Source Interlink Companies, Inc.*