IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>Plaintiff,<br><br>v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>Defendant. | Case No. 1:05CV01039 (JGP) |

## DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37(a)(2)(A), as supported by the accompanying Statement of Points and Authorities, Defendant Source Interlink Companies, Inc. ("Source") respectfully moves the Court to compel Plaintiff Jonathan Ledecky d/b/a Ironbound Partners ("Ironbound" or "Plaintiff") to produce documents requested in certain of Defendant's First Request for Production of Documents. Pursuant to Fed. R. Civ. P. 37(a)(4)(A), Source also moves that the Court order Plaintiff to reimburse Source for its legal expenses, including its reasonable attorneys' fees, incurred in making this Motion to Compel.

As required by Local Rule 7(m), Source certifies that its counsel discussed this motion with Plaintiff's counsel in a good faith effort to resolve this discovery dispute without court intervention. Plaintiff has indicated that it opposes this motion.

        Respectfully submitted,

        <u>s/ Kevin E. Stern</u>       .
C. Allen Foster (Bar No. 411662)
Kevin E. Stern (Bar No. 459214)
Maria Hallas (Bar No. 436529)
GREENBERG TAURIG, LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC  20006
Tel:  (202) 331-3100
Fax:  (202) 331-3101
*Counsel for Defendant Source Interlink Companies, Inc.*

Dated:  February 23, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>Plaintiff,<br><br>v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>Defendant. | Case No. 1:05CV01039 (JGP) |

### DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37(a)(2)(A), Defendant Source Interlink Companies, Inc. ("Source") respectfully moves this Court to compel Plaintiff Jonathan Ledecky d/b/a Ironbound Partners ("Ironbound" or "Plaintiff") to produce certain documents requested in Source's First Request for Production of Documents (**Exhibit A**). Plaintiff's responses are insufficient in two principal respects. First, Plaintiff's objections to Source's document requests are generic and nonspecific, in contravention of the applicable Rules of Civil Procedure and relevant case law, and therefore must be overruled. Second, even if Plaintiff's objections were sufficiently specific, they are still substantively baseless, as each of Source's requests are narrowly tailored and reasonably calculated to lead to the discovery of admissible evidence. At this time, Source specifically seeks production of documents responsive to Request Nos. 7, 12-16, 19, 20, 21 and 22.

### BACKGROUND

This case concerns the parties' rights and obligations under a "Referral Agreement," dated as of April 26, 2004 (**Exhibit B**). Pursuant to the Referral

1

Agreement, Plaintiff agreed to introduce Source to a "Client" of Plaintiff and to assist Source in evaluating and negotiating any proposed "business relationship" with the Client. *Id.* ¶ 1. Source had the unfettered discretion to accept or reject any proposed business relationship with the Client, and Source's acceptance of a business relationship could only be manifest by execution of a written agreement between Source and the Client. *Id.* In the event Source and the Client entered into a business relationship and that relationship was documented by an executed written agreement between the parties, the Referral Agreement provides that:

> Source shall pay to Ironbound, and Ironbound shall accept, compensation equal to 5% of the net income recorded by Source as a result of its relationship with Client during the five-year period following the date (the "Establishment Date") on which the business relationship is established between Source and Client.

*Id.* ¶ 2.

Plaintiff contends that it performed its obligations under the Referral Agreement and is entitled to compensation. Specifically, Plaintiff claims that, pursuant to the Referral Agreement, (i) it introduced Source to Mr. Ariel Emanuel ("Emanuel"), a founder and member of The Endeavor Agency, LLC ("Endeavor"), a California-based talent agency; (ii) Emanuel allegedly became a consultant for Source; (iii) and that, as a result of Emanuel/Endeavor's alleged "business relationship" with Source, Source has and will continue to earn substantial net income. Plaintiff alleges that this includes net income earned by Source as a result of its February 2005 merger with Alliance Entertainment Corporation ("Alliance"), which Plaintiff alleges was facilitated by Emanuel.

Source does not dispute that the parties entered into the Referral Agreement and that Plaintiff introduced Emanuel and Endeavor to Source, but denies that Plaintiff is entitled to any compensation under the Referral Agreement. Among the principal reasons that Plaintiff is not entitled to any compensation are: (i) Plaintiff failed to fully perform its obligations under the Referral Agreement; (ii) there exists no "business relationship" between Source and Emanuel or Endeavor as that term is used in the Agreement; (iii) there has never existed an executed written agreement that establishes any business relationship between Source and Emanuel or Endeavor; and (iv) even if there exists a "business relationship" between Source and Emanuel or Endeavor, neither of them did anything on Source's behalf to facilitate or cause the merger between Source and Alliance.

In addition to its breach of contract claim, Plaintiff has also brought alternative equitable claims for unjust enrichment and quantum meruit, claiming that, even if it is not entitled to recover under the Referral Agreement, it should be entitled to recover for the "value" of the services it provided to Source.[1]

Pursuant to the Scheduling Order entered on October 19, 2005, discovery and trial in this case has been bifurcated into liability and damages phases.

Source served its First Request for Production of Documents ("Requests") on November 16, 2005. In an effort to avoid objections from Plaintiff, Source drafted its requests to correlate directly with specific allegations in the Complaint and the provisions and terms of the Referral Agreement that are the subject of this dispute.

---

[1] On February 22, 2006, Ironbound filed an Amended Complaint (**Exhibit C**) that changes the name of the plaintiff from "Ironbound Partners, LLC" to "Jonathan Ledecky d/b/a Ironbound Partners" due to the fact that Ironbound Partners, LLC was merged out of existence in 1999 and, hence, did not legally exist at the time the Referral Agreement was executed. The Amended Complaint also changes the alleged identity of the "Client" under the Referral Agreement from Emanuel to Endeavor.

3

Unfortunately, such precaution went unrewarded. In its Response to Source's Requests, dated December 16, 2005 (**Exhibit D**), Ironbound has refused to produce *any* documents in response to 18 of Source's 26 requests. Instead, Plaintiff has asserted boilerplate objections to each of these 18 requests, principally arguing, with no explication whatsoever, they are not reasonably calculated to lead to the discovery of admissible evidence. *See* Plaintiff's Responses to Requests Nos. 1-3, 7, 11-16, 19-26 (*id.*).

In an attempt to resolve this discovery dispute without court assistance, Source's counsel wrote a detailed letter to Plaintiff's counsel on January 18, 2006 (**Exhibit E**). Thereafter, as required by Fed. R. Civ. P. 37(a)(2)(A) and Local Rule 7(m), on January 20, 2006, Source's counsel met and conferred in good faith with Plaintiff's counsel in an attempt to resolve this dispute. On February 2, 2006, Source's counsel wrote to Plaintiff's counsel, asking whether Plaintiff intended to maintain its objections and continue to refuse to produce any documents in response to Source Request Nos. 7, 12-16, and 19-22 (**Exhibit F**). Plaintiff's counsel never responded to this inquiry. Thus, Source has no choice but to file the instant Motion to Compel.

## ARGUMENT

The Federal Rules of Civil Procedure contemplate broad and liberal discovery to allow the parties to fairly find and assess relevant evidence prior to trial. A document is discoverable when the information it contains is relevant to the claims or defenses in any part or reasonably could lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Discovery of relevant materials includes "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in

4

the case." *United States ex rel. Fisher v. Network Software Assocs.*, 217 F.R.D. 240, 246 (D.D.C. 2003) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (internal quotations omitted). As detailed below, with respect to Request Nos. 7, 12-16, and 19-22, Ironbound has failed to satisfy its discovery obligations by refusing to produce documents falling within the coverage of Fed. R. Civ. P. 26(b)(1). It should now be compelled to produce such documents.

**A.    Request No. 7**

Request No. 7 seeks all documents "relating to Ironbound's pre-existing relationship with the 'Client' as recited in the Referral Agreement." Plaintiff has refused to produce any documents in response to this request because it contends the request is "not reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff's unsupported objection is improper. A party objecting to production on the grounds of relevance must *specifically* demonstrate how, despite the broad and liberal construction afforded by the federal discovery rules, each request is not relevant. *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 191 (D.D.C. 1998) (Rule 34 impliedly adopts Rule 33's requirement that objections must be made with specificity; defendant's general relevance objections to nine requests were therefore insufficient); *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 58 (D.D.C. 1984) (the party resisting discovery must explain and support its objections; "Chubb's bare objection, that the requested information is 'irrelevant,' does not meet the standard for a successful objection").

Moreover, Plaintiff's objection is meritless because Request No. 7 is reasonably calculated to lead to the discovery of admissible evidence. The Referral Agreement

5

specifically states in its recitals that Ironbound has a "pre-existing relationship" with "the Client," and Ledecky specifically touted his pre-existing relationship with the "Client" in persuading Source to enter into the Referral Agreement. Discovery to date has strongly suggested that Ledecky's "pre-existing relationship" was minimal at best with Endeavor and non-existent with Emanuel. Accordingly, Source is clearly entitled to learn about the nature and extent of this purported pre-existing relationship, particularly since it was one of the principal reasons why Source agreed to enter into the Referral Agreement in the first place. In addition, such information (or lack thereof) goes directly to the credibility of Plaintiff and Mr. Ledecky.

**B.     Request Nos. 12-16**

Source Request Nos. 12-16 seek all documents relating to any communications:

- between Ironbound and/or Ledecky and Emanuel (Request No. 12);

- between Ironbound and/or Ledecky and Endeavor (Request No. 13);

- between Ironbound and/or Ledecky and Source (Request No. 14);

- any communications between Ironbound and/or Ledecky and Alliance (Request No. 15); and

- any communications between Ironbound and/or Ledecky and The Yucaipa Companies, LLC ("Yucaipa") (Request No. 16).

Plaintiff has refused to produce documents responsive to any of these requests on the grounds that all of these requests are "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff's nonspecific objections to these requests are improper. A party cannot state in conclusory terms that a request is overbroad or unduly burdensome. Moreover, the objecting party cannot point-blank refuse to produce *any* responsive documents on such grounds. Rather, it must produce documents to the extent the objecting party

6

concedes the request is not overbroad or unduly burdensome and meet and confer with the requestor to clarify the request and produce documents in response to the clarified requests. *See Network Software Assocs.*, 217 F.R.D. at 246, 249 (holding that a one-sentence objection stating that "the requests are unduly burdensome, oppressive, vague, ambiguous, and overbroad" is insufficient); *Athridge*, 184 F.R.D. at 191 (defendant waived its burden objections to document requests by "merely stat[ing], in conclusory fashion, that the requests are unduly burdensome"); *see also Caldwell v. Center For Correctional Health & Policy Studies, Inc.*, 228 F.R.D. 40, 43 (D.D.C. 2005) ("an objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden") (internal citations and quotations omitted).  Because Ironbound has failed to meet its burden to demonstrate that each of these requests are overbroad or unduly burdensome, these objections must be overruled.

Furthermore, Ironbound's objections to Request Nos. 12-16 are substantively baseless. Each of these requests are narrowly tailored and call for documents that, at a minimum, are reasonably calculated to lead to the discovery of admissible evidence. These requests seek communications between Ironbound/Ledecky, on the one hand, and, on the other, entities or persons who are either a party in the case (*i.e.*, Source) or a material fact witness (*i.e.*, Emanuel, Endeavor, Alliance and Yucaipa). Clearly, such communications could, at a minimum, lead to the discovery of admissible evidence concerning such material issues in the case as, *inter alia*, the intent of the parties under the Referral Agreement, the parties' performance under the Referral Agreement, and the parties' interpretation and understanding of the terms of the Referral Agreement.  In

7

addition, these documents may contain prior inconsistent statements or other information that goes directly to the credibility of the parties and/or witnesses.[2] Accordingly, Ironbound should be compelled to comply with Request Nos. 12-16.

### C. Request Nos. 19 and 20

Request Nos. 19 and 20 seek all documents (i) "relating to any agreements, business relationship, proposed agreements and/or proposed business relationship between Ironbound and Emanuel," and (ii) "relating to any agreements, business relationship, proposed agreements and/or proposed business relationships between Ironbound and Endeavor." Plaintiff has refused to produce any documents in response to these requests, objecting that they are "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." As discussed above and for the reasons stated in the foregoing cases, Plaintiff's boilerplate, undetailed objections cannot be sustained.

Request Nos. 19 and 20 both call for discoverable information. Like Request No. 7, they go directly to Plaintiff's representation to Source, memorialized in the Referral Agreement, that it had a "pre-existing relationship" with the "Client," which Ironbound has identified, at different times, as being either Emanuel or Endeavor (or both). Moreover, Source is willing to limit the time period covered by these requests to up until April 26, 2004, the effective date of the Referral Agreement. Accordingly, production of documents responsive to these requests is entirely warranted and required.

---

[2] Ironbound's refusal to produce any documents responsive to these requests is also rather disingenuous given that it has requested similar communications-related documentation from Source, and NFL has agreed to produce such documents.

8

### D.     Request Nos. 21 and 22

Source Request Nos. 21 and 22 seek all documents (i) "relating to any actual or potential business opportunities for Source that were presented to Source by Ironbound and/or Ledecky," and (ii) "relating to any business assistance provided by Ironbound and/or Ledecky to Source prior to the execution of the Referral Agreement, as alleged in paragraph 10 in the Complaint."

Once again, Ironbound has generically objected that these requests are "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." And, once again, Plaintiff's usage of general, nonspecific objections is improper. Moreover, these requests both clearly call for relevant discoverable information since they refer to and concern a specific allegation in Plaintiff's Complaint (**Exhibit C**), namely, paragraph 14,[3] which alleges that "Ledecky had previously provided business assistance to [Source] without entering into a formal contractual relationship. . . ." *See Chubb Integrated Sys.*, 103 F.R.D. at 59 (holding that defendant's interrogatories were relevant because they sought information regarding plaintiff's allegations contained in complaint).

### CONCLUSION

For the foregoing reasons, Source respectfully requests that the Court grant its Motion to Compel and order Plaintiff to fully respond to its Requests for Production of Documents and order Plaintiff to reimburse Source for its legal expenses, including its reasonable attorneys' fees, incurred in making this Motion to Compel.

---

[3] Paragraph 14 of the Amended Complaint is identical to paragraph 10 of the original Complaint to which Request No. 22 refers.

9

                Respectfully submitted,

                /s/ Kevin E. Stern
                C. Allen Foster (Bar No. 411662)
                Kevin E. Stern (Bar No. 459214)
                Maria Hallas (Bar No. 436529)
                GREENBERG TRAURIG, LLP
                800 Connecticut Avenue, N.W., Suite 500
                Washington, DC  20006
                Tel:  (202) 331-3100
                Fax:  (202) 331-3101
                *Counsel for Defendant Source Interlink Companies, Inc.*

Dated:  February 23, 2006

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Matthew D. Schwartz, Esq.
Allison N. Sinoski, Esq.
THOMPSON COBURN, LLP
1909 K. Street, NW
Suite 600
Washington, DC 20006

/s/ Julie Lee            .
Julie Lee