IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRONBOUND PARTNERS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:05CV01039 (JGP) |
| v. ) | |
| ) | |
| SOURCE INTERLINK COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Ironbound Partners, LLC is directed to produce the following documents for inspection and copying to Defendant Source Interlink Companies, Inc. at the law offices of Greenberg Traurig, LLP, 800 Connecticut Avenue, NW, Suite 500, Washington, DC 20006, within the time provided by the Federal Rules of Civil Procedure.

### DEFINITIONS

A.  "Ironbound" means Plaintiff Ironbound Partners, LLC, its members, parents, subsidiaries, affiliates, partners, officers, directors, employees, counsel, agents, representatives, consultants, experts, investigators, or/and other persons acting on its behalf, including but not limited to, Jonathan L. Ledecky.

B.  "Source" means Defendant Source Interlink Companies, Inc., its members, parents, subsidiaries, affiliates, partners, officers, directors, employees, counsel, agents, representatives, consultants, experts, investigators, and/or other persons acting on its behalf.



DEFENDANT'S EXHIBIT A

C. "Alliance" means Alliance Entertainment Corporation, its members, parents, subsidiaries, affiliates, partners, officers, directors, employees, counsel, agents, representatives, consultants, experts, investigators, or/and other persons acting on its behalf.

D. "Endeavor" means The Endeavor Agency, LLC, its members, parents, subsidiaries, affiliates, partners, officers, directors, employees, counsel, agents, representatives, consultants, experts, investigators, or/and other persons acting on its behalf.

E. "Ledecky" means Jonathan L. Ledecky of Ironbound.

F. "Flegel" means S. Leslie Flegel of Source.

G. "Emanuel" means Ariel Emanuel of Endeavor.

H. "you" and "your" refers to Ironbound.

I. "Referral Agreement" means the Referral Agreement by and between Ironbound and Source dated as of April 26, 2004.

J. "Person" means and includes a natural person, individual, partnership, firm, corporation, or any kind of business, government or legal entity, its officers, directors, members, managers, shareholders, employees, representatives and agents.

K. The term "document" is used in the broadest sense and includes all written, graphic, printed, typed, magnetic and electronic media and any other media from which information may be derived.  It includes, without limitation, original documents; drafts; non-identical copies; diaries; tapes; notes; analyses; computer printouts; facsimiles; correspondence; communications of any nature; telegrams; letters;  memoranda; notebooks of any character; calendars; summaries of records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records or tapes of meetings; transcripts of oral

testimony of statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts; revisions of drafts; transcripts; tape recordings and records of dictation belts. Any document with any mark on any sheet or side thereof, including by way of illustration and not limitation, initials, stamped indicia, comments or notations of any character, not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.

L. "Communication" means any document, contact, and/or any transfer of information, whether formal or informal, in any form, whether written, oral, telephonic, by expression, mechanically or electronically generated, in which information of any nature was transmitted, transferred or stored.

M. The terms "concerning," "relating," and "referring," or any form of these three words, mean in whole or in part stating, constituting, showing, containing, embodying, reflecting, identifying, discussing, evaluating, evidencing, examining, analyzing, reviewing, dealing with, in any way pertaining to, or in any way logically or factually connected with the matter discussed.

N. The terms "and" and "or" shall be interpreted conjunctively and shall not be interpreted to exclude information otherwise within the scope of the interrogatory.

O. The individual terms "each," "every," "any," and "all" mean "each and every."

P. References to the singular include the plural and references to the plural include the singular.

Q. The past tense includes the present and the present tense includes the past tense.

R.   A masculine, feminine or neuter pronoun shall include all other genders.

S.   The foregoing definitions shall have the same meaning regardless of whether upper or lower case is used in the request.

## INSTRUCTIONS

1.   You are to search for and produce all responsive documents within your possession, custody and/or control, wherever located including, but not limited to, documents placed in storage facilities.

2.   You are to produce each document requested herein in its original file folder, file jacket, or cover (or designate in writing the titles of such folder, jacket, or cover with respect to each such document) and indicate the company, division, department and individual from whose files the document is being produced.

3.   If you do not produce each document requested herein as it is kept in the usual course of business, you must organize and label the documents produced to correspond with the particular paragraph or subparagraph of the request to which the document is responsive.

4.   If you contend that you are entitled to withhold from production any document identified herein on the basis of attorney-client privilege, the work product doctrine, or some other ground, state the basis upon which you contend you are entitled to withhold each such document from production and, with respect to each such document, describe the withheld documents, including (1) the subject matter of the document or the redacted portion of such document, (2) the reasons for withholding, (3) the date of the document, (4) the name, job title and the last known business and home address of each person who drafted or assisted in preparation or storage of the document, (5) a brief description of the document, (6) a statement of

the facts that constitute the basis for any claim of privilege, work product or other exemption from discovery; (7) the paragraph(s) of the request to which the document is responsive; and (8) in the case of any document that refers in any way to a person, identification by the name, job title, and last known business and home address of each person referenced therein.

5. If you object to any request based on a claim of privilege, work product or other exemption from disclosure, state the reasons for each objection and produce all documents to which the claimed protection or exemption does not apply.

6. These requests shall be supplemented when required under subdivision (e)(1) of Fed. R. Civ. P. 26.

7. Except as provided above, you are directed to produce each document in its entirety without redaction or expurgation.

8. To the extent any document is responsive to more than one request, it need be produced only once.

## DOCUMENTS REQUESTED

1. All documents relating to any of the allegations in your Complaint in this case.

2. All documents relating to any allegations in Source's Answer in this case.

3. All documents relating to any allegations in section 1 of the Joint Statement in this case.

4. All documents relating to the Referral Agreement, the parties' rights and liabilities thereunder, and/or any amendments, modifications, exhibits or attachments thereto.

5. All documents relating to the negotiation of the Referral Agreement, including, but not limited to, all drafts of the Referral Agreement and communications relating to the same.

6. All documents relating to the identity of the "Client" as the term is used in the Referral Agreement.

7. All documents relating to Ironbound's "pre-existing relationship" with the "Client" as recited in the Referral Agreement.

8. All documents evidencing Ironbound's disclosure of the identity of the "Client" to Source.

9. All documents relating to the definition and/or meaning of a "business relationship" as the term is used in the Referral Agreement.

10. All documents relating to any agreement between Source and the "Client."

11. All documents relating to the calculation of "net income" as the term is used in paragraph 2 of the Referral Agreement.

12. All documents relating to any communications between Ironbound and/or Ledecky and Emanuel.

13. All documents relating to any communications between Ironbound and/or Ledecky and Endeavor.

14. All documents relating to any communications between Ironbound and/or Ledecky and Source.

15. All documents relating to any communications between Ironbound and/or Ledecky and Alliance.

16. All documents relating to any communications between Ironbound and/or Ledecky and The Yucaipa Companies, LLC.

17. All documents relating to the alleged conference call held on or about April 28, 2004 among Ledecky, Emanuel and Flegel.

18. All documents relating to Ironbound's performance of its obligations under the Referral Agreement.

19. All documents relating to any agreements, business relationship, proposed agreements and/or proposed business relationship between Ironbound and Emanuel.

20. All documents relating to any agreements, business relationship, proposed agreements and/or proposed business relationship between Ironbound and Endeavor.

21. All documents relating to any actual or potential business opportunities for Source that were presented to Source by Ironbound and/or Ledecky.

22. All documents relating to any business assistance provided by Ironbound and/or Ledecky to Source prior to the execution of the Referral Agreement, as alleged in paragraph 10 of the Complaint.

23. All documents relating to Ironbound's and/or Ledecky's shareholding interest in Source.

24. All documents in Ironbound's possession, custody or control relating and/or responsive to each request in Plaintiff's First Request for Production of Documents as incorporated fully herein.

25. All documents that were not addressed by the above requests, but that you contend support or otherwise relate to any of the allegations in this action (including, but not limited to, those stated in your Complaint and other pleadings filed with this Court).

26. All documents that respond in whole or in part to Defendant's First Set of Interrogatories in this case and that are not otherwise requested in this First Request for Production of Documents.

Respectfully submitted,

/s/ Kevin E. Stern

C. Allen Foster (D.C. Bar No. 411662)
Kevin E. Stern (D.C. Bar No. 459214)
Maria E. Hallas (D.C. Bar No. 436529)
GREENBERG TRAURIG, LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, D.C. 20006
(202) 331-3102 (telephone)
(202) 331-3101 (facsimile)

*Attorneys for Defendant Source Interlink Companies, Inc.*

Dated: November 16, 2005

CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 16, 2005, a copy of the foregoing **DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** was duly served upon all parties of record by electronic mail and hand delivery, addressed as shown below.

Matthew D. Schwartz
Allison Sinoski
THOMPSON COBURN LLP
1909 K Street, N.W. Ste. 600
Washington, D.C. 20006-1167
(202) 585-6900 (telephone)
(202) 585-6969 (facsimile)

*Attorneys for Plaintiff Ironbound Partners, LLC*

_____
Julie Lee