IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRONBOUND PARTNERS, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>    *Defendant*. | Civil Action No. 1:05CV01039 (JGP) |

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Ironbound Partners, LLC ("Ironbound") objects to defendant's first requests for production of documents as follows:

General Objections

1.  Ironbound objects to the definitions and instructions to the extent they impose obligations greater than those required by the Federal Rules of Civil Procedure.

2.  Ironbound does not warrant or guarantee that its understanding or use of terms contained in defendant's requests for production accords with the meaning intended by defendant.

3.  Ironbound objects to each request for production to the extent it imposes burdens or seeks information beyond that permitted by the Federal Rules of Civil Procedure.

4.  Ironbound objects to each request for production to the extent it seeks information protected by the attorney work product doctrine, the attorney-client privilege, Fed. R. Civ. P. 26, or any other exemption from disclosure that Ironbound is entitled by law to assert.


DEFENDANT'S EXHIBIT D

5. The supplying of any information does not constitute a waiver of any objections that may be raised at or before trial including, without limitation, objections as to admissibility and relevance.

6. Ironbound reserves the right to modify, amend, or supplement its response to these requests for production.

## Specific Objections and Responses

REQUEST NO. 1: All documents relating to any of the allegations in your Complaint in this case.

RESPONSE TO REQUEST NO. 1:

Ironbound objects to this request on the grounds that it is vague, overbroad and unduly burdensome.

REQUEST NO. 2: All documents relating to any allegations in Source's Answer in this case.

RESPONSE TO REQUEST NO. 2:

Ironbound objects to this request on the grounds that it is vague, overbroad and unduly burdensome.

REQUEST NO. 3: All documents relating to any allegations in section 1 of the Joint Statement in this case.

RESPONSE TO REQUEST NO. 3:

Ironbound objects to this request on the grounds that it is vague, overbroad and unduly burdensome.

RESPONSE TO REQUEST NO. 8:

Subject to and without waiving its general objections, Ironbound will produce all non-privileged responsive documents, if any, in its possession, custody or control.

REQUEST NO. 9: All documents relating to the definition and/or meaning of a "business relationship" as that term is used in the Referral Agreement.

RESPONSE TO REQUEST NO. 9:

Subject to and without waiving its general objections, Ironbound will produce all non-privileged responsive documents, if any, in its possession, custody or control.

REQUEST NO. 10: All documents relating to any agreement between Source and the "Client."

RESPONSE TO REQUEST NO. 10:

Subject to and without waiving its general objections, Ironbound will produce all non-privileged responsive documents, if any, in its possession, custody or control.

REQUEST NO. 11: All documents relating to the calculation of "net income" as the term is used in paragraph 2 of the Referral Agreement.

RESPONSE TO REQUEST NO. 11:

Ironbound objects to this request on the grounds that the liability and damages phases of trial have been bifurcated and current discovery is limited to the liability phase.

REQUEST NO. 12: All documents relating to any communications between Ironbound and/or Ledecky and Emanuel.

RESPONSE TO REQUEST NO. 12:

Ironbound objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 13: All documents relating to any communications between Ironbound and/or Ledecky and Endeavor.

RESPONSE TO REQUEST NO. 13:

Ironbound objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 14: All documents relating to any communications between Ironbound and/or Ledecky and Source.

RESPONSE TO REQUEST NO. 14:

Ironbound objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 15: All documents relating to any communications between Ironbound and/or Ledecky and Alliance.

RESPONSE TO REQUEST NO. 15:

Ironbound objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 16: All documents relating to any communications between Ironbound and/or Ledecky and The Yucaipa Companies, LLC.

RESPONSE TO REQUEST NO. 16:

Ironbound objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 17: All documents relating to the alleged conference call held on or about April 28, 2004 among Ledecky, Emanuel and Flegel.

RESPONSE TO REQUEST NO. 17:

Subject to and without waiving its general objections, Ironbound will produce all non-privileged responsive documents, if any, in its possession, custody or control.

REQUEST NO. 18: All documents relating to Ironbound's performance of its obligations under the Referral Agreements.

RESPONSE TO REQUEST NO. 18:

Subject to and without waiving its general objections, Ironbound will produce all non-privileged responsive documents, if any, in its possession, custody or control.

REQUEST NO. 19: All documents relating to any agreements, business relationship, proposed agreements and/or proposed business relationship between Ironbound and Emanuel.

RESPONSE TO REQUEST NO. 19:

Ironbound objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 20: All documents relating to any agreements, business relationship, proposed agreements and/or proposed business relationship between Ironbound and Endeavor.

RESPONSE TO REQUEST NO. 20:

Ironbound objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 21: All documents relating to any actual or potential business opportunities for Source that were presented to Source by Ironbound and/or Ledecky.

RESPONSE TO REQUEST NO. 21:

Ironbound objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 22: All documents relating to any business assistance provided by Ironbound and/or Ledecky to Source prior to the execution of the Referral Agreement, as alleged in paragraph 10 of the Complaint.

RESPONSE TO REQUEST NO. 22:

Ironbound objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 23: All documents relating to Ironbound's and/or Ledecky's shareholding interest in Source.

RESPONSE TO REQUEST NO. 23:

Ironbound objects to this request on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 24: All documents in Ironbound's possession, custody or control relating and/or responsive to each request in Plaintiff's First Request for Production of Documents as incorporated fully herein.

RESPONSE TO REQUEST NO. 24:

Ironbound objects to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ironbound also objects to this request on the grounds that it is interposed for the purpose of harassment and to cause needless increase in the cost of litigation. Most of the documents requested by Ironbound in its First Request for Production of Documents are not in Ironbound's custody or control. To the extent Ironbound has possession of such documents, and defendant indicates in a specific manner which documents or categories of documents it seeks, Ironbound will produce those non-privileged documents that are responsive to specific requests that are otherwise not objectionable.

REQUEST NO. 25: All documents that were not addressed by the above requests, but that you contend support or otherwise relate to any of the allegations in this action (including, but not limited to, those stated in your Complaint and other pleadings filed with this Court).

RESPONSE TO REQUEST NO. 25:

Ironbound objects to this request on the grounds that it is vague, overbroad, and unduly burdensome.

REQUEST NO. 26: All documents that respond in whole or in part to Defendant's First Set of Interrogatories in this case and that are not otherwise requested in this First Request for Production of Documents.

RESPONSE TO REQUEST NO. 26:

Ironbound objects to this request on the grounds that it is vague, overbroad, and unduly burdensome.

Matthew D. Schwartz (D.C. Bar No. 436619)
THOMPSON COBURN LLP
1909 K. Street, N.W. Ste. 600
Washington, D.C. 20006-1167
(202) 585-6900 (telephone)
(202) 585-6969 (facsimile)

*Attorney for Plaintiff Ironbound Partners, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of December, 2005, a true and correct copy of Plaintiff's Responses and Objections to Defendant's First Requests for Production of Documents was served via U.S. mail, postage prepaid, on the following:

Kevin E. Stern
C. Allen Foster
Maria E. Hallas
GREENBERG TRAURIG, LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, D.C. 20006

*Allison Sinoski*