# Greenberg
# Traurig

Kevin E. Stern
Tel. 202.452.4878
Fax 202.261.0107
sternk@gtlaw.com

January 18, 2006

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Matthew D. Schwartz, Esq.
Thompson Coburn LLP
1909 K Street, N.W. Suite 600
Washington, D.C. 20006-1167

Re:   **Ironbound Partners, LLC vs. Source Interlink Companies, Inc.**
      Case No.: 1:05CV01039 (JGP)

Dear Matt:

    I am writing in an attempt to meet and confer with you about Ironbound's deficient responses to Source's First Request for Production of Documents. Of the 26 requests propounded by Source, Ironbound has refused to produce <u>any</u> documents with regard to **18** of Source's requests. Moreover, in almost every one of these instances, Ironbound has refused to produce documents based upon on the same boilerplate objections, without any further explanation or justification. This is unacceptable.

    Before we proceed with a motion to compel discovery, we would like to schedule a time during this week to meet and confer in person (or, if necessary, by telephone) with regard to Ironbound's responses to see if we can reach a satisfactory resolution without court intervention. Because you have requested a similar meet and confer conference with regard to Source's responses to Ironbound's document requests, it would certainly make most sense to try to schedule both conferences for the same time. We are presently available to discuss both matters during the afternoon of Thursday, January 19, and all day on Friday, January 20.

    As discussed below, Ironbound's inexplicable refusal to produce any documents in response to the vast majority of Source's requests is quite puzzling and, based upon your use of the same generic objections in response to these requests, apparently not made in good faith. For example, many of the requests that Ironbound has objected to are derived directly from specific allegations contained in Ironbound's own complaint or from the language and terms of the Referral Agreement that is the subject of this dispute. Moreover, based upon the broad-based document discovery that Ironbound is seeking from Source in this action,

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

Greenberg Traurig, LLP | Attorneys at Law | 800 Connecticut Avenue, NW | Suite 500 | Washington, D.C. 20006
Tel 202.331.3100 | Fax 202.331.3101


DEFENDANT'S EXHIBIT E

Matthew D. Schwartz, Esq.
January 18, 2006
Page 2

---

Ironbound has a serious credibility and consistency problem with regard to its outright refusal to produce any documents in response to the vast majority of Source's narrowly drafted requests. We are quite confident that the court will not agree with the unreasonable positions you have taken with regard to most of our requests and strongly urge you to reconsider your objections.

The specific responses and objections from Ironbound that we wish to discuss further with you are as follows:

- **Request No. 1** seeks all documents "relating to any of the allegations in your Complaint in this case." Ironbound has refused to produce any responsive documents on grounds that this request is vague, overbroad and unduly burdensome. There is nothing vague, overbroad or burdensome about this request. Ironbound prepared and brought a complaint against Source and clearly should be aware of all documents in its possession, custody or control that relate to the factual allegations contained therein. Production is warranted and required. Indeed, one would have thought that most, if not all, of these documents would have already been produced in connection with your Rule 26 initial disclosures.

- **Request No. 3** seeks all documents "relating to any allegations in section 1 of the Joint Statement in this case." Ironbound has refused to produce any responsive documents on grounds that this request is vague, overbroad, and unduly burdensome. Ironbound, however, wrote the first two paragraphs of section 1 of the Joint Statement and, like the allegations contained in its Complaint, there is nothing vague or burdensome about requiring Ironbound to produce documents relating to Ironbound's allegations and contentions contained therein.

- **Request No. 7** seeks all documents "relating to Ironbound's pre-existing relationship with the "Client" as recited in the Referral Agreement." Ironbound has refused to produce any documents in response to this request because it believes it is "not reasonably calculated to lead to the discovery of admissible evidence." Ironbound's objection is meritless. The Referral Agreement specifically states in its recitals that Ironbound has a "pre-existing relationship" with "the Client." Source is clearly entitled in discovery to learn about the nature and extent of this purported pre-existing relationship, particularly where this was one of the principal reasons why Source agreed to enter into the Referral Agreement in the first place. In addition, such information goes directly to the credibility of Ironbound and Mr. Ledecky. Production of all documents responsive to this request is entirely warranted and required.

Matthew D. Schwartz, Esq.
January 18, 2006
Page 3

---

- **Request Nos. 12-16** seek all documents (i)"relating to any communications between Ironbound and/or Ledecky and Emanuel;" (ii) "relating to any communications between Ironbound and/or Ledecky and Endeavor;" (iii) "relating to any communications between Ironbound and/or Ledecky and Source;" (iv) "relating to any communications between Ironbound and/or Ledecky and Alliance;" and (v) "relating to any communications between Ironbound and/or Ledecky and The Yucaipa Companies, LLC." Ironbound has refused to produce documents responsive to any of these requests on the grounds that all of these requests are "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." Ironbound's boilerplate objections are improper. As an initial matter, we cannot see how Ironbound can seriously contend that it should not have to produce documents relating to communications between it and/or Ledecky and Emanuel and/or Endeavor when Ironbound has requested similar communications-related documentation from Source. *See* Ironbound Document Request Nos. 5, 8, 13 and 35. More importantly, each of these requests concern communications between Ironbound/Ledecky, on the one hand, and, on the other, entities or persons who are either a party in the case (*i.e.*, Source) or a material fact witness (*i.e.*, Emanuel, Endeavor, Alliance and Yucaipa). Clearly, such communications could, at a minimum, lead to the discovery of admissible evidence concerning such material issues in the case as, *inter alia*, the intent of the parties under the Referral Agreement, the parties' performance under the Referral Agreement, the parties' interpretation and understanding of the terms of the Referral Agreement, and/or the credibility of the parties and/or witnesses.

  To the extent scope and burden are truly issues for Ironbound in responding to any of these requests (we sincerely doubt it), we might be willing to consider narrowing some or all of these requests with regard to the applicable time period. However, before we would be willing to even consider such a compromise, you must <u>specifically</u> articulate to our satisfaction the true nature of your objections.

- **Request Nos. 19 and 20** seek all documents (i) "relating to any agreements, business relationship, proposed agreements and/or proposed business relationship between Ironbound and Emanuel," and (ii) "relating to any agreements, business relationship, proposed agreements and/or proposed business relationships between Ironbound and Endeavor." Once again, Ironbound has provided no response whatsoever and objects to these requests with a boilerplate objection that they are "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." Like Request No. 7, these requests go directly to Ironbound's representation to Source, memorialized in the Referral Agreement, that it had a "pre-existing relationship" with the "Client," which Ironbound has

Matthew D. Schwartz, Esq.
January 18, 2006
Page 4

---

identified, at different times, as being either Emanuel or Endeavor. As such, Ironbound's objections are meritless.

Again, we might be willing to consider narrowing one or both of these requests with regard to the applicable time period, provided that you specifically articulates to our satisfaction the true nature of your objections.

- **Request Nos. 21 and 22** seek all documents (i) "relating to any actual or potential business opportunities for Source that were presented to Source by Ironbound and/or Ledecky," and (ii) "relating to any business assistance provided by Ironbound and/or Ledecky to Source prior to the execution of the Referral Agreement, as alleged in paragraph 10 in the Complaint." Both of these requests directly refer to and concern a specific allegation contained in Ironbound's Complaint. We do not see any basis for Ironbound's generic objection that these requests are somehow "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."

- **Request No. 23** seeks all documents "relating to Ironbound's and/or Ledecky's shareholding interest in Source." Ironbound has refused to produce any responsive documents and has objected that this request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The Complaint, however, specifically states (at ¶ 9) that Ledecky "was also a shareholder of Source." Because you have alleged such a fact, we are entitled to learn about the extent of Ledecky's and/or Ironbound's shareholding interest in the company he is now suing for potentially millions of dollars, and how that interest has changed and/or decreased since the Referral Agreement was executed. Nevertheless, to the extent the scope of this request is truly a concern, we would be willing to limit this request to "documents sufficient to show Ironbound's and/or Ledecky's shareholding interest in Source from April 26, 2004 to the present."

- **Request No. 26** seeks all documents that "respond in whole or in part to Defendant's First Set of Interrogatories in this case and that are not otherwise requested in this First Request for Production of Documents." Ironbound has refused to produce any responsive documents and has objected that this request is vague, overbroad, and unduly burdensome. We disagree. This request is narrowly tailored and focused on Ironbound's responses to Source's interrogatories and merely asks that Ironbound produce any documents not otherwise requested elsewhere that answer or are otherwise responsive to any interrogatory in whole or in part. To the extent such documents exist, they should be produced.

Matthew D. Schwartz, Esq.
January 18, 2006
Page 5

---

    I hope that the foregoing discussion is helpful to you in identifying and understanding the principal areas of dispute. Please let me know as soon as possible your availability to meet and confer on the dates we have proposed.

                      Sincerely,

                      Kevin E. Stern