IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:05CV01039 (JGP) |
| v. | ) ) | |
| SOURCE INTERLINK COMPANIES, INC., | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S MOTION TO DISMISS PLAINTIFF'S IMPLIED CONTRACT CLAIMS

Pursuant to Fed. R. Civ. P. 12(b)(6), as supported by the accompanying Statement of Points and Authorities, Defendant Source Interlink Companies, Inc. ("Source") respectfully moves the Court to dismiss Plaintiff Jonathan Ledecky's implied contract claims of quantum meruit and unjust enrichment, as alleged in Counts Two and Three of Plaintiff's Amended Complaint ("Complaint"), respectively, because the Complaint fails to state a claim upon which relief can be granted on these grounds.

Respectfully submitted,

/s/ Kevin E. Stern               .
C. Allen Foster (Bar No. 411662)
Kevin E. Stern (Bar No. 459214)
Maria Hallas (Bar No. 436529)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006
Tel: (202) 331-3100
Fax: (202) 331-3101
*Counsel for Defendant Source Interlink Companies, Inc.*

Dated: February 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:05CV01039 (JGP) |
| v. | ) ) | |
| SOURCE INTERLINK COMPANIES, INC., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S STATEMENT OF
POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S IMPLIED CONTRACT CLAIMS**

Defendant Source Interlink Companies, Inc. ("Source"), by and through counsel,

respectfully submits its Statement of Points and Authorities in support of its Motion to

Dismiss Plaintiff's Implied Contract Claims of quantum meruit and unjust enrichment

pursuant to Fed. R. Civ. P. 12(b)(6).

**INTRODUCTION**

This case concerns the parties' rights and obligations under a written "Referral

Agreement," dated as of April 26, 2004 (the "Agreement"), between Ironbound Partners,

LLC and Source.[1]  Plaintiff Jonathan Ledecky ("Plaintiff") is suing Source for breach of

this contract, alleging that he is entitled to compensation under the Agreement for

introducing The Endeavor Agency, LLC ("Endeavor") to Source.  While Source

vehemently denies that it is liable to Plaintiff under the Agreement, what is relevant for

---

[1]    Although Ironbound Partners, LLC is the named party to the Agreement, Plaintiff Jonathan Ledecky has recently disclosed that Ironbound Partners, LLC, did not exist as a legal entity at the time the Agreement was executed, and in fact, has not existed since 1999, when it was merged out of existence.  *See* Plaintiff's Motion for Leave to Amend Complaint [Doc. # 20].  In his Amended Complaint, Plaintiff is seeking to reform the Agreement to change the contracting party's name from "Ironbound Partners, LLC" to "Ironbound Partners," which Plaintiff now claims is his "trade  or fictitious name."  *See* Compl. ¶¶ 66-70.

1

the purpose of this motion to dismiss is the fact that Plaintiff is also alleging equitable

implied contract claims for quantum meruit (Count Two) and unjust enrichment (Count

Three), whereupon Plaintiff contends that, even if he is not entitled to compensation

under the Agreement, he should still be allowed to recover against Source based upon the

purported "value" of the services he rendered to Source.

As discussed more fully below, Plaintiff's alternative equitable claims cannot be

maintained, regardless of whether Plaintiff is ultimately denied recovery under his breach

of contract claim. As a matter of law, there can be no recovery under an implied contract

theory of unjust enrichment or quantum meruit claim where, as is the case here, an

express contract between the parties is alleged, and Plaintiff has not alleged (and cannot

allege) that he lacks an adequate remedy at law.

### STATEMENT OF MATERIAL ALLEGED FACTS

Pursuant to the Agreement, Plaintiff agreed to introduce Source to a "Client" of

Plaintiff and to assist Source in evaluating and negotiating any proposed "business

relationship" with the Client. *See* **Exh. A,** ¶ 1.[2] Source had the unfettered discretion to

---

[2]  A copy of the Agreement is attached hereto as Exhibit A ("Exh. A"). Although the Agreement was attached to Plaintiff's original complaint, Plaintiff chose not to attach it to the current Amended Complaint. While consideration of documents that are "outside the pleadings" normally converts a Rule 12 motion to dismiss into a Rule 56 motion for summary judgment, the written contract at issue in a contract claim is *not* considered to be "outside the pleadings" even if it is not attached to the complaint and may be considered by the District Court in ruling on a Rule 12 motion. Rather, that essential document is deemed to have been "adopted by reference" into the complaint, and made a part of that pleading for all purposes under Fed. R. Civ. P. 10(c). *See Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (documents not attached to complaint may be considered on motion to dismiss where they are referred to in the complaint and are integral to plaintiff's claim); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).") (citations omitted); *Int'l Audiotext Network v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("Although the amended complaint in this case does not incorporate the Agreement, it relies heavily upon its terms and effect; therefore, the Agreement is 'integral' to the complaint, and we consider its terms in deciding whether [plaintiff] can prove any set of facts that would entitle it to relief.").

accept or reject any proposed business relationship with the Client, and Source's
acceptance of a business relationship could only be manifest by execution of a written
agreement between Source and the Client. *Id.* In the event Source and the Client entered
into a business relationship and that relationship was documented by an executed written
agreement between the parties, the Agreement provides that:

> Source shall pay to Ironbound, and Ironbound shall accept, compensation
> equal to 5% of the net income recorded by Source as a result of its
> relationship with Client during the five-year period following the date (the
> "Establishment Date") on which the business relationship is established
> between Source and Client.

*Id.* ¶ 2. The rights and obligations of each of the parties to the Agreement are to be
governed by and interpreted and determined in accordance with Florida law. *Id.* ¶ 5(d).

        As set forth in the Amended Complaint, Plaintiff contends that he performed his
obligations under the Agreement and is entitled to compensation under its terms.
Specifically, Plaintiff alleges that, pursuant to the Referral Agreement, (i) he introduced
Source to Mr. Ariel Emanuel ("Emanuel"), a founder and member of The Endeavor
Agency, LLC ("Endeavor"), a California-based talent agency; (ii) Emanuel allegedly
became a consultant to Source; (iii) and that, as a result of Endeavor's alleged "business
relationship" with Source, Source has and will continue to earn substantial net income.
*See* Amended Complaint ("Compl.") ¶¶ 15, 20, 24, 26, 34, 42. Plaintiff alleges that this
includes net income earned by Source as a result of its merger with Alliance
Entertainment Corporation ("Alliance"), which Plaintiff alleges was facilitated by
Endeavor. *Id.* ¶¶ 26, 28, 31, 36.

        In addition to his breach of contract claim, Plaintiff has brought alternative claims
sounding in equity for quantum meruit (Count Two) and unjust enrichment (Count

3

Three), alleging that, even if Plaintiff is not entitled to recover under the Agreement, he should still be entitled to recover for his introduction of Endeavor to Source in the form of restitution equal to the "value" of his services rendered. *Id.* ¶¶ 45-49, 50-53.

## ARGUMENT

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). The plaintiff's factual allegations must be accepted as true and the complaint is construed liberally in the plaintiff's favor, granting plaintiff the benefit of all inferences that can be derived from the facts alleged. *Id.* However, the court need not accept inferences drawn by plaintiff is such inferences are unsupported by the facts set out in the complaint. *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor must the court accept legal conclusions cast in the form of factual allegations. *Id.*

### Plaintiff Cannot Recover Under
### An Implied Contract Claim Where An Express Contract Exists

Simply put, Plaintiff here cannot maintain his alternative claims of unjust enrichment and quantum meruit because an adequate remedy at law exists in this case: a breach of contract claim. This is because implied contract theories of unjust enrichment and quantum meruit are equitable in nature and, therefore, are not available where there exists an adequate legal remedy. *Webster v. Royal Carribean Cruises Ltd.,* 124 F. Supp. 1317, 1326 (S.D. Fla. 2000) (citing *Gary v. D. Augustini & Asociados, S.A.,* 865 F. Supp. 818, 827 (S.D. Fla. 1994)); *Nautica Int'l, Inc. v. Intermarine USA, L.P.,* 5 F. Supp. 2d 1333, 1342 (S.D. Fla. 1998); *Bolweg v. Bowe,* 502 So.2d 71, 72 (Fla. Dist. Ct. App.

4

1987).[3] Accordingly, under well-settled governing Florida law, the law will not imply a contract where a valid express contract exists, and a party cannot seek to enforce an express contract and also disavow the existence of the express contact and attempt to accomplish the same purpose under implied contract theories of quantum meruit or unjust enrichment. *Thunderwave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997) ("upon a showing that an express contract exists, the quasi-contract claim fails"); *Poe v. Estate of Levy*, 411 So.2d 253, 256 (Fla. Dist. Ct. App. 1982) ("allegations of an express agreement preclude, in the same count, a claim for quantum meruit"); *Tobin & Tobin Ins. Agency, Inc. v. Zeskind*, 315 So.2d 518, 520 (Fla. Dist. Ct. App. 1975); *Soultec Corp. v. Young & Lawrence Assocs., Inc.*, 243 So.2d 605, 606 (Fla. Dist. Ct. App. 1971) ("[a]ny proof of an express agreement between the parties as to the compensation to be paid for the services rendered would defeat rather than sustain an action based upon quantum meruit").[4]

   This black letter rule applies notwithstanding Fed. R. Civ. P. 8(e)(2)'s allowance that a party may plead claims in the alternative. *See In re Managed Care Litigation*, 185 F. Supp. 2d 1310, 1337-38 (S.D. Fla. 2002) ("an unjust enrichment claim can only be pled in the alternative if one or more of the parties contest the existence of an express contract governing the subject of the dispute, and such is not the case here"); *Webster*,

---

[3] Because the Referral Agreement is expressly governed by the laws of the State of Florida. (Exh. A, ¶ 5(d)), Plaintiff's equitable claims should also be governed by Florida law. In any event, unjust enrichment claims are identical under Florida law and District of Columbia law, which is the only arguably alternative applicable law here. *Value House, Inc. v. MCI Telecommunications Corp.*, 917 F. Supp. 5, 6 n.1 (D.D.C. 1996). Furthermore, although Plaintiff has alleged separate counts of unjust enrichment and quantum meruit, they are, for all practical purposes, one in the same and are typically used interchangeably. In reality, quantum meruit is the term used to describe an equitable remedy to provide restitution for unjust enrichment. *Webster*, 124 F. Supp. 2d at 1326 n.9 (citing BLACK'S LAW DICTIONARY 1255 (7th ed. 1999)).

[4] *See also Schiff v. Am. Ass'n of Retired Persons*, 697 A.2d 1193, 1194 (D.C. 1997) ("there can be no claim for unjust enrichment when an express contract exists between the parties"); *Standley v. Egbert*, 267 A.2d 365, 368 (D.C. 1970) (quantum meruit recovery may not be had when compensation of parties is covered by express written contract).

124 F. Supp. 2d at 1326 (on Rule 12(b)(6) motion, court rejected plaintiff's argument that a party may plead claims in the alternative and dismissed unjust enrichment claim because express contract existed between parties).  Furthermore, it is immaterial that Plaintiff here may ultimately be denied recovery under the Agreement, as this possibility does not demonstrate that Plaintiff lacks or may lack an adequate remedy at law, entitling him to seek an equitable remedy under an implied contract theory.  *See, e.g., Corn v. Greco,* 694 So.2d 833, 834 (Fla. Dist. Ct. App. 1997) (plaintiffs could not recover quantum meruit damages after denial of declaratory relief under express lease purchase agreement); *Garcia v. Cosicher,* 504 So.2d 462, 463 (Fla. Dist. Ct. App. 1987) (denying quantum meruit recovery for plaintiff architect after holding that plaintiff could not recover under express written fee agreement because condition precedent for payment under contract was not satisfied); *Tobin,* 315 So.2d at 520 (holding that plaintiff could not recover under quantum meruit theory where express oral contract was deemed unenforceable under statute of frauds).[5]  Put another way, under no circumstance can a party recover under an implied contract theory that which he is not entitled to recover under his express contract.

In the present case, nowhere in the Complaint has Plaintiff alleged that he lacks an adequate remedy at law that should allow him to recover under equitable theories of unjust enrichment or quantum meruit.  To the contrary, Plaintiff has demonstrated in the Complaint that he has an adequate remedy at law -- he has alleged and affirmed the existence of an express agreement between the parties, the Referral Agreement, and has brought a claim against Source for breach of said Agreement.  *See* Compl. ¶ 1 ("This case

---

[5]  *See also Standley,* 267 A.2d at 368 ("[Plaintiff's] work is not subject to compensation under the express terms of the termination clause.  The only other theory of recovery, quantum meruit, is not applicable when compensation of the parties is covered by an express written contract.").

arises out of defendant [Source's] breach of a Referral Agreement . . . by and between Source and plaintiff . . . ."). Moreover, the basis for Plaintiff's equitable claims is identical to the basis underlying his breach of contract claim.  *Compare id.* ¶ 41 (breach of contract) ("Pursuant to the Agreement, Ironbound introduced Source to Endeavor's Emanuel.") *with id.* ¶ 46 (quantum meruit) ("Ironbound rendered a valuable service to Source when it introduced Source to Endeavor.") and ¶ 51 (unjust enrichment) ("Source was unjustly enriched at Ironbound's expense when it received Ironbound's introduction to Endeavor's Emanuel.").  Accordingly, Plaintiff's alternative unjust enrichment and quantum meruit claims are precluded as a matter of law by the existence of an express agreement negotiated between the parties that covers the same alleged rights and obligations.

## CONCLUSION

For the foregoing reasons, Source respectfully requests that the Court grant its Motion and dismiss Plaintiff's implied contract claims of quantum meruit and unjust enrichment claims with prejudice.

Respectfully submitted,

/s/ Kevin E. Stern                    .
C. Allen Foster (Bar No. 411662)
Kevin E. Stern (Bar No. 459214)
Maria Hallas (Bar No. 436529)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006
Tel: (202) 331-3100
Fax: (202) 331-3101
*Counsel for Defendant Source Interlink Companies, Inc.*

Dated: February 27, 2006

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2006, I caused a true and

correct copy of the foregoing to be served by electronic mail through CM/ECF on the

following persons:

Matthew D. Schwartz, Esq.
Allison N. Sinoski, Esq.
THOMPSON COBURN, LLP
1909 K. Street, NW
Suite 600
Washington, DC 20006

/s/ Julie Lee            .
Julie Lee