IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRONBOUND PARTNERS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOURCE INTERLINK COMPANIES, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:05CV01039 (JGP) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Source Interlink Companies, Inc. ("Source") herein responds to Plaintiff Ironbound Partners, LLC's ("Plaintiff" or "Ironbound") First Request for Production of Documents (collectively referred to as "Document Requests" or "Requests") as follows:

## GENERAL OBJECTIONS

1.      Source objects to each request to the extent it is not relevant to any claim or defense of Plaintiff or the subject matter involved in this case and is not reasonably calculated to lead to the discovery of admissible evidence.  In particular, because this case has been bifurcated into two phases -- a liability phase and a damages phase -- Source objects to the extent that Plaintiff's Requests seek information and/or documents that go beyond the scope of issues relating to liability phase of this case, as such requests are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.      Source objects to each request as unduly burdensome, vexatious, and over-expansive to the extent it seeks to require Source to obtain and produce documents, information

and materials which are in the custody, possession or control of third parties, publicly available, are already known to Plaintiff or are already in Plaintiff's possession, custody or control.

3. Source objects to each request to the extent that it is overbroad, unduly burdensome, vague and/or ambiguous, so as to require Source to speculate as to the nature and/or scope of the information sought.

4. Source objects to each request to the extent that it seeks discovery of any document, material or communication protected from disclosure by (1) the attorney-client privilege; (2) the attorney work-product doctrine or immunity; or (3) any other statutory or common law privilege, protection or immunity. Inadvertent production of any such privileged or protected document is not intended to be, and shall not operate as a waiver of the applicable privilege in whole or in part, nor shall it operate as a waiver of the right to object to any use of such document or the information contained therein. Source reserves the right to demand the return of all copies of any privileged or protected documents inadvertently produced.

5. Source objects to each request to the extent that it calls for documents or materials which are subject to confidentiality or non-disclosure agreements or understandings, and where providing such information would cause Source to breach or violate such agreements or understandings, or to lose protections provided to Source under such agreements or understandings.

6. Source objects to these requests to the extent they call for production of documents and other materials containing trade secret or other confidential proprietary or business information. Any responsive confidential proprietary documents will be produced to Plaintiff subject to the terms of an appropriate protective order.

7. Source objects to each request to the extent that it attempts to impose obligations upon Source beyond those provided for in the Federal Rules of Civil Procedure.

8. Source objects to each request to the extent that it requires Source to produce documents that it has previously produced to Plaintiff or documents that Plaintiff have previously produced to Source.

9. Source expressly reserves all objections, in this or any other proceeding, with respect to relevance, materiality, and admissibility of all documents produced pursuant to these requests and the contents of such documents. This response is made without waiver of, or prejudice to, any such objections or rights.

## SPECIFIC RESPONSES AND OBJECTIONS

Without waiving any of the foregoing General Objections, Source provides the following Specific Objections and Responses to Plaintiff's Requests:

1. All documents relating to the Referral Agreement, the parties' rights and responsibilities thereunder, and any amendments, modifications, exhibits or attachments thereto including, without limitation, the Referral Agreement, amendments, modifications, exhibits or attachments themselves.

**RESPONSE:** Source objects to this request on grounds that is overly broad, vague and ambiguous and to the extent it seeks information and/or documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Source will produce all documents it can identify as coming within the reasonable scope of this request.

2. All documents relating to the identity of the "Client," as that term is used in the Referral Agreement.

**RESPONSE**: Source objects to this request on grounds that it is vague and ambiguous in that it wrongly suggests that, at this point in the litigation, the "Client," as that term is used in the Referral Agreement, has an agreed upon identity or that the "Client" was ever formally identified by Plaintiff during the course of the parties' performance of the Referral Agreement. Subject to and without waiving this objection, Source states it has no documents it can identify as coming within the reasonable scope of this request.

3. All documents relating to the introduction of Source and Emanuel.

**RESPONSE**: Source objects to this request to the extent the term "introduction" is vague and ambiguous. Subject to and without waiving this objection, Source states that it has previously produced all documents it can identify as coming within the reasonable scope of this request.

4. All documents relating to the relationship, if any, between Source and Emanuel prior to April 26, 2005.

**RESPONSE**: Source objects to this request to the extent the term "relationship" is vague and ambiguous. Subject to and without waiving this objection, Source states that it has no documents it can identify as coming within the reasonable scope of this request.

5. All communications between Source and Emanuel.

**RESPONSE**: Source objects to this request on grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that do not relate to any claim, defense or issue in the liability phase of this bifurcated

case. Subject to and without waiving these objections, Source states that it has no documents it can identify as coming within the reasonable scope of this request.

6. All documents relating to the introduction of Emanuel or Endeavor to Source in or about April 2004.

**RESPONSE:** Source objects to this request to the extent the term "introduction" is vague and ambiguous. Subject to and without waiving this objection, Source has previously produced all documents it can identify as coming within the reasonable scope of this request.

7. All documents relating to any agreements (whether written or oral, executed or unexecuted) between Source and Emanuel including, without limitation, the agreements themselves and any attachments, exhibits, amendments or modifications thereto.

**RESPONSE:** Source objects to this request on the grounds that it is vague, ambiguous and confusing to the extent that it seeks "agreements" that are "unexecuted." Source further objects to this request on grounds that it is over broad and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents relating to actual or potential agreements that do not have anything to do with any claim, defense or issue in this case. Subject to and without waiving these objections, Source states that it will produce all documents it can identify as coming within the reasonable scope of this request.

8. All documents relating to any consulting arrangement between Source and Emanuel including, without limitation, communications relating to the terms and conditions thereof.

**RESPONSE:** Source objects to this request on grounds that the term "consulting arrangement" is vague and ambiguous. Source objects further to this request on grounds that it is

overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that do not relate to any claim, defense or issue in the liability phase of this bifurcated case. Subject and without waiving these objections, Source states that it has no documents it can identify as coming within the reasonable scope of this request.

9. All documents relating to the consulting services provided to Source by Emanuel in connection with the Alliance merger.

**RESPONSE:** Source objects to this request on grounds that the term "the consulting services" is vague and ambiguous. Subject to and without waiving this objection, Source states that it has no documents it can identify as coming within the reasonable scope of this request.

10. All documents relating to actual or potential business opportunities for Source that have been discussed by Emanuel and Source or Endeavor and Source.

**RESPONSE:** Source objects to this request on grounds that (i) it is overly broad and unduly burdensome; (ii) it seeks confidential or proprietary information of Source; (iii) the term "actual or potential business opportunities" is vague and ambiguous; and (iv) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in the liability phase of this bifurcated case.

11. All documents relating to any agreements (whether written or oral) between Source and Endeavor including, without limitation, the agreements themselves and any attachments, exhibits, amendments or modifications thereto.

**RESPONSE:** Source objects to this request on grounds that is overly broad, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that do not relate to any claim, defense or issue in the liability phase of

this bifurcated case. Subject to and without waiving these objections, Source states that it will produce all documents it can identify as coming within the reasonable scope of this request.

12. All documents relating to the conference call held or about April 28, 2004 between Ledecky, Emanuel and Flegel.

**RESPONSE:** Source has previously produced all documents it can identify as coming within the reasonable scope of this request.

13. All documents relating to any communications or meetings between Emanuel and any director, officer or employee of Source in April, May or June 2004.

**RESPONSE:** Source objects to this request on grounds that it is overly broad. Subject to and without waiving this objection, Source states that it will produce all documents it can identify as coming within the reasonable scope of this request.

14. All documents relating to Source's business relationship with Emanuel.

**RESPONSE:** Source objects to this request on grounds that it is overly broad and the term "business relationship" is vague and ambiguous. Source further objects to this request to the extent that it seeks confidential or proprietary information of Source and it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in the liability phase of this bifurcated case. Subject to and without waiving these objections, Source states that, based upon its understanding of the term "business relationship" as that term is used in the Referral Agreement, it has no documents it can identify as coming within the reasonable scope of this request.

15. All documents relating to any payments by Source to Emanuel or Endeavor for consulting or other services including, without limitation, the $1.5 million fee paid to Emanuel

for consulting services provided to Source in connection with the merger between Source and Alliance.

**RESPONSE**: Source objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible in that it seeks documents that do not relate to any claim, defense or issue in this case and to the extent it seeks confidential or proprietary information of Source. Subject to and without waiving this objection, Source states that it will produce all documents it can identify as coming within the reasonable scope of this request.

16. All documents relating to Emanuel's appointment to and service on Source's Board of Directors.

**RESPONSE**: Source objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in this case. Subject to and without waiving this objection, Source states that it will produce all documents it can identify as coming within the reasonable scope of this request.

17. All documents relating to Source's introduction to Alliance.

**RESPONSE**: Source objects to this request to the extent the term "introduction" is vague and ambiguous. Subject to and without waiving this objection, Source states that it will produce all documents it can identify that come within a reasonable scope of this request.

18. All documents relating to any actual or potential business relationship between Source and Alliance prior to April 2004.

**RESPONSE**: Source objects to this request on grounds that the terms "potential business relationship" and "actual business relationship" are vague and ambiguous. Subject to

and without waiving this objection, Source states that it has no documents it can identify as coming within the reasonable scope of this request.

19. All documents relating to the decision of Source's management to enter into discussions with Alliance about a potential business relationship.

**RESPONSE:** Source objects to this request on grounds that (i) the term "potential business relationship" is vague and ambiguous; (ii) it is overly broad and unduly burdensome; (iii) it seeks confidential or proprietary information of Source; and (iv) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in this case.

20. All documents relating to the decision of Source's management to enter into a business relationship with Alliance.

**RESPONSE:** Source objects to this request on grounds that (i) the term "business relationship" is vague and ambiguous; (ii) it is overly broad and unduly burdensome; (ii) it seeks confidential or proprietary information of Source; and (iv) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in this case. Source states that it will produce the minutes of a November 18, 2004 meeting of Source's Board of Directors approving the merger between Source and Alliance.

21. All documents evidencing or relating to your claim, if any, that Alliance was evaluating a possible business relationship with Source prior to May 2004.

**RESPONSE:** Source objects to this request on grounds that the terms "evaluating" and "potential business relationship" are vague and ambiguous. Subject to and without waiving these

objections, Source states that it will produce all documents it can identify as coming within the reasonable scope of this request.

22.    All documents submitted to the Federal Trade Commission or the Antitrust Division of the United States Department of Justice by Source and Alliance pursuant to Item 4(c) of the Antitrust Improvement Act Notification and Report Form for Certain Mergers and Acquisitions in connection with Source's merger with Alliance.

**RESPONSE:** Source objects to this request on grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in this case. Source further objects to this request on grounds that it seeks confidential or proprietary information of Source.

23.    All documents relating to the business reasons and justifications for Source's merger with Alliance.

**RESPONSE:** Source objects to this request on grounds that (i) the terms "business reasons" and "business justifications" is vague and ambiguous; (ii) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in this case; and (iii) it seeks confidential or proprietary information of Source. Subject to and without waiving these objections, Source states that it will produce the minutes of a November 18, 2004 meeting of Source's Board of Directors approving the Merger Agreement and merger between Source and Alliance, and it has previously produced an S-4 proxy statement/prospectus dated January 19, 2005 (D001-0221), both of which extensively set forth and discuss the reasons for Source's merger with Alliance.

24. All documents relating to the expected and actual benefits to Source from its merger with Alliance.

**RESPONSE:** Source objects to this request on grounds that (i) it is overly broad and unduly burdensome; (ii) it seeks confidential or proprietary information of Source; (iii) the term "expected and actual benefits" is vague and ambiguous; and (iv) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in the liability phase of this bifurcated case.

25. All documents relating to agreements between Alliance and any third party relating to the distribution or sale of home entertainment content (i.e., DVDs, CDs, and video games) effective as of February 27, 2005 including, without limitation, the agreements themselves.

**RESPONSE:** Source objects to this request on grounds that (i) it is overly broad and unduly burdensome; (ii) it seeks confidential or proprietary information of Source; and (iii) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in the liability phase of this bifurcated case.

26. All documents relating to actual or potential agreements between Source and any third party relating to the distribution or sale of home entertainment content (i.e., DVDs, CDs, and video games) for the period from February 28, 2005 to the present including, without limitation, the agreements themselves.

**RESPONSE:** Source objects to this request on grounds that (i) it is overly broad and unduly burdensome; (ii) it seeks confidential or proprietary information of Source; (iii) the term

"potential agreements" is vague and ambiguous; and (iv) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in the liability phase of this bifurcated case.

27. All documents relating to the market opportunities Source's management believes have been or will be presented by the Alliance merger.

**RESPONSE:** Source objects to this request on grounds that (i) it is overly broad and unduly burdensome; (ii) it seeks confidential or proprietary information of Source; (iii) the term "market opportunities" is vague and ambiguous; and (iv) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in this case.

28. All documents relating to the manner in which Source expects its in-store merchandizing capabilities to be strengthened by the Alliance merger.

**RESPONSE:** Source objects to this request on grounds that (i) it is overly broad and unduly burdensome; (ii) it seeks confidential or proprietary information of Source; (iii) the term "in-store merchandizing capabilites" is vague and ambiguous; and (iv) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in this case.

29. All documents relating to how the Alliance merger is expected to further Source's objective of creating the premier provider of information, supply chain management, and logistics services to retailers and producers of home entertainment content products.

**RESPONSE:** Source objects to this request on grounds that (i) it is overly broad and unduly burdensome; (ii) it seeks confidential or proprietary information of Source; (iii) the

phrase "premier provider of information, supply chain management, and logistics services" is vague and ambiguous; and (iv) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in this case.

30. All documents relating to your belief that the Alliance merger will position Source as the distribution channel of choice for film studies, record labels, publishers and other producers of home entertainment content.

**RESPONSE:** Source objects to this request on grounds that (i) it is overly broad and unduly burdensome; (ii) it seeks confidential or proprietary information of Source; (iii) the phrase "distribution channel of choice" is vague and ambiguous; and (iv) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in this case.

31. All documents relating to the percentage of Source's revenues attributable to DVD and CD sales before and after the Alliance merger including, without limitation, sales and sales projections made between February 28, 2005 and the present.

**RESPONSE:** Source objects to this request on grounds that (i) it is overly broad and unduly burdensome; (ii) it seeks confidential or proprietary information of Source; (iii) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in the liability phase of this bifurcated case.

32. All documents relating to how the merger with Alliance is expected to increase Source's financial strength.

**RESPONSE:** Source objects to this request on grounds that (i) it is overly broad and unduly burdensome; (ii) it seeks confidential or proprietary information of Source; (iii) the phrase "increase Source's financial strength" is vague and ambiguous; and (iv) it is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents that do not relate to any claim, defense or issue in this case.

33. All documents relating to the first time Source identified Alliance as a potential merger or acquisition candidate or business partner.

**RESPONSE:** Source objects to this request on grounds that the term "business partner" is vague and ambiguous. Source further objects to this request to the extent it seeks confidential or proprietary information of Source. Subject to and without waiving these objections, Source states that it has no documents it can identify as coming within the reasonable scope of this request.

34. All documents relating to the first time Alliance identified Source as a potential business partner.

**RESPONSE:** Source objects to this request on grounds that the term "business partner" is vague and ambiguous. Subject to and without waiving this objection, Source states that it will produce all documents it can identify as coming within the reasonable scope of this request.

35. All documents relating to communications between any employee, officer or director of Source and any employee, officer, director or member of Endeavor during the period from April 2004 through February 2005 including, without limitation, the communications themselves.

**RESPONSE:** Source objects to this request on grounds that it is over broad and unduly burdensome and to the extent that it seeks confidential or proprietary information of Source. Source further objections to this request on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that do not relate to any claim, defense or issue in the liability phase of this bifurcated case. Subject to and without waiving these objections, Source states that it will produce all documents it can identify as coming within the reasonable scope of this request.

36. The minutes of meetings for Source's Board of Directors for July 27, August 2, and November 17, 2004.

**RESPONSE:** Source objects to this request to the extent it seeks confidential or proprietary information of Source. Subject to and without waiving this objection, Source states that it will produce all documents it can identify as coming within the reasonable scope of this request.

This the 7th day of December 2005,

C. Allen Foster (D.C. Bar No. 411662)
Kevin E. Stern (D.C. Bar No. 459214)
Maria E. Hallas (D.C. Bar No. 436529)
GREENBERG TRAURIG, LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, D.C. 20006
(202) 331-3102 (telephone)
(202) 331-3101 (facsimile)

*Attorneys for Defendant Source Interlink Companies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 7, 2005, a copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** was duly served upon all parties of record by first class mail, addressed as shown below.

Matthew D. Schwartz
THOMPSON COBURN LLP
1909 K Street, N.W. Ste. 600
Washington, D.C. 20006-1167
(202) 585-6900 (telephone)
(202) 585-6969 (facsimile)

*Attorneys for Plaintiff Ironbound Partners, LLC*

_____
Maria Hallas