Westlaw.

17 Fed.Appx. 850                                                                                                                    Page 1

17 Fed.Appx. 850, 2001 DJCAR 4230

(Cite as: 17 Fed.Appx. 850)

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.
BB & B CONSTRUCTION, INC.,
Plaintiff-Appellant,
v.
Ricky HOGAN, Defendant-Appellee.
Nos. 99-7142, 00-7015.

Aug. 17, 2001.

General contractor brought breach of contract claim against subcontractor, and subcontractor filed counterclaim, asserting that contractor had failed to pay him contract price and also owed him for work not covered by contract. The United States District Court for the District of Oklahoma entered judgement on jury verdict in favor of subcontractor and awarded attorney fees, and contractor appealed. The Court of Appeals, Brorby, Senior Circuit Judge, held that: (1) subcontractor gave contractor fair notice of subcontractor's quantum meruit claim; (2) competent evidence at trial supported quantum meruit theory; and (3) award of attorney fees was appropriate.

Affirmed.

West Headnotes

**[1] Federal Civil Procedure** ☞1942
170Ak1942 Most Cited Cases

**[1] Implied and Constructive Contracts** ☞82
205Hk82 Most Cited Cases
Subcontractor's statements in counterclaim and pretrial order that he sought recovery from contractor for services not included in contract were sufficient to give contractor fair notice of subcontractor's quantum meruit claim. Fed.Rules Civ.Proc.Rule 8(a)(2), 28 U.S.C.A.

**[2] Implied and Constructive Contracts** ☞60.1
205Hk60.1 Most Cited Cases
Under Oklahoma law, contract does not necessarily bar pursuit of quantum meruit claim.

**[3] Implied and Constructive Contracts** ☞64
205Hk64 Most Cited Cases
Under Oklahoma law, relief under quantum meruit theory may be permitted as long as it involves obligations outside scope of express contract.
***850** Before TACHA, Chief Judge, BALDOCK, Circuit Judge, and BRORBY, Senior Circuit Judge.

***851** ORDER AND JUDGMENT [FN*]

> FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

BRORBY, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Plaintiff BB & B Construction, Inc., the general

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

17 Fed.Appx. 850                                                                                                        Page 2

17 Fed.Appx. 850, 2001 DJCAR 4230

**(Cite as: 17 Fed.Appx. 850)**

contractor on a construction project for a water district in Bryan County, Oklahoma, brought a breach of contract claim against defendant Ricky Hogan, one of its subcontractors. Hogan filed a counterclaim, asserting that BB & B had failed to pay him the contract price and also owed him for work not covered by the contract. After a trial, the jury returned a verdict against BB & B and in favor of Hogan, awarding him $33,229.00 under the contract and $72,172.63 for the extra work. The district court entered judgment based on the jury verdict and later granted Hogan's motion for attorney fees.

No. 99-7142

[1] In No. 99-7142, BB & B appeals the judgment entered upon the jury verdict. We note initially that, contrary to BB & B's assertions, Hogan's quantum meruit claim was adequately presented: both the counterclaim and the pretrial order made it clear that he sought recovery for services not included in the contract. These statements satisfied Fed.R.Civ.P. Rule 8(a)(2) by giving BB & B "fair notice" of Hogan's claim and "and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

BB & B's primary argument is that Hogan was limited to contract damages and not entitled to quantum meruit relief. From this premise, BB & B asserts that the jury should not have been instructed on quantum meruit, that the jury verdict form should not have permitted recovery on the theory, and that the district court should have granted a new trial or remittitur. We review de novo the question of whether the district court's quantum meruit determinations are in accordance with the governing law. *See Feerer v. Amoco Prod. Co.,* 242 F.3d 1259, 1262 (10th Cir.2001) (stating de novo standard of review for questions of law. Since this is a diversity action, Oklahoma, the forum state, provides the applicable law. *See Wood v. Eli Lilly & Co.,* 38 F.3d 510, 512 (10th Cir.1994).

[2][3] Oklahoma recognizes a legal action for quantum meruit, "grounded on a promise that the defendant would pay to the plaintiff [for his services] as much as he should deserve." *Martin v.*

*Buckman,* 883 P.2d 185, 193-94 (Okla.Ct.App.1994) (quotation and italics omitted). Although the doctrine of quantum meruit generally applies in the absence of an express contract, *see Brown v. Wrightsman,* 175 Okla. 189, 51 P.2d 761, 763 (Okla.1935), a contract does not necessarily bar the pursuit of a quantum meruit claim. Relief under a quantum meruit theory may be permitted as long as it involves obligations outside the scope of the express contract. *See Reynolds v. Conner,* 190 Okla. 323, 123 P.2d 664, 668 (Okla.1941) (noting that a quantum meruit action may be brought "despite the existence of an express contract" and that evidence of the express contract can be admitted "as a circumstance indicating" the "value of the services" *852 rendered by the plaintiff to the defendant).

The district court's quantum meruit instructions and rulings are thus consistent with principles of Oklahoma law. Furthermore, competent evidence at trial supported Hogan's quantum meruit theory. *See Allen v. Wal-Mart Stores, Inc.,* 241 F.3d 1293, 1297 (10th Cir.2001) (stating that a party is entitled to an instruction on his theory of the case if there is competent evidence on the issue or theory). As a consequence, there was no abuse of discretion in instructing the jury on the issue of quantum meruit, submitting verdict forms which allowed recovery on a quantum meruit theory, or denying BB & B's motion for a new trial or remittitur. *See Webb v. ABF Freight Sys., Inc.,* 155 F.3d 1230, 1248-49 (10th Cir.1998) (applying abuse of discretion standard to review submission of jury instructions and verdict forms); *Blanke v. Alexander,* 152 F.3d 1224, 1236 (10th Cir.1998) (applying abuse of discretion standard to denial of new trial and remittitur based on excessive damages).

BB & B's secondary challenge concerns the admission of certain evidence. After careful review of the record on appeal, in light of the parties' arguments, we conclude that none of the district court's evidentiary rulings amounted to an abuse of discretion. *See Webb,* 155 F.3d 1230 at 1246. The judgment of the district court is AFFIRMED.

No. 00-7015

In No. 00-7015, BB & B appeals the district court's order awarding $65,587.50 in attorney fees to Hogan. At the start, we determine that we have jurisdiction to review this judgment, in that BB & B's notice of appeal was timely under the terms of the district court's grant of an extension of time pursuant to Fed.R.App. 4(a)(5). *See Estate of Harris v. Harris (In re Harris),* 218 F.3d 1140, 1145 (10th Cir.2000) (stating that Rule 4(a)(5)(C) "permits the district court to extend the time to file a notice of appeal if a party so moves within thirty days after the prescribed time").

BB & B claims that the fee award should be reversed for several reasons. First, it asserts that Hogan's motion for attorney fees failed to request a specific amount and therefore should have been denied outright for lack of compliance with Fed.R.Civ.P. 54(d)(2)(B) . [FN1] Second, BB & B maintains that the award includes fees incurred in litigation of Hogan's quantum meruit claim, and that the applicable statute, Okla. Stat. tit. 12, § 936, authorizes only fees specifically tied to a contract claim. [FN2] Third, BB & B argues that Hogan's claimed fees are excessive because they are disproportionate to the amount in controversy and also include redundant and unnecessary billed hours.

> FN1. In pertinent part, Rule 54(d)(2)(B) states that, "[u]nless otherwise provided by statute or order of the court, the [fees] motion ... must state the amount or provide a fair estimate of the amount sought."

> FN2. Section 936 provides:
> In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject [of] the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Although we generally review an attorney fee ruling for an abuse of discretion, we conduct a de novo review of "any statutory interpretation or other legal analysis underlying the district court's decision concerning attorney fees." *Chesapeake Operating, Inc. v. Valence Operating Co.,* 193 F.3d 1153, 1157 (10th Cir.1999). Here, **\*853** the district court properly analyzed § 936, examined the billing records, heard testimony concerning prevailing rates and the difficulty of the litigation, and ultimately determined a reasonable fee. For substantially the same reasons stated in the district court's order of December 9, 1999, we AFFIRM the attorney fee award.

17 Fed.Appx. 850, 2001 DJCAR 4230

**Briefs and Other Related Documents (Back to top)**

• 00-7015 (Docket) (Feb. 01, 2000)

• 99-7142 (Docket) (Nov. 15, 1999)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.