IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
JONATHAN LEDECKY d/b/a                 )
IRONBOUND PARTNERS,                       )
                                                      )
              *Plaintiff*,                            )
                                                      )
v.                                                    )          Civil Action No. 1:05CV01039 (JGP)
                                                      )
SOURCE INTERLINK COMPANIES, INC.,   )
                                                      )
              *Defendant*.                          )
_____)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR PROTECTIVE ORDER

By its motion dated February 22, 2006, Plaintiff Jonathan Ledecky d/b/a Ironbound

Partners ("Ironbound") moved to compel Defendant Source Interlink Companies, Inc. ("Source")

to produce, among other things, documents relating to actual and potential business opportunities

for Source that have resulted from its relationship with Endeavor.  The documents subject to that

motion are the same documents Source now seeks to withhold from production and for which it

asks for a protective order.[1]  Because this issue has been fully briefed in Section Two, Subsection

B of Ironbound's Memorandum in Support of its Motion to Compel Production of Documents,

which is attached hereto as Exhibit A, Ironbound will not here repeat those arguments.  (*See*

Exhibit A at 12-17.)  Rather, by this opposition, Ironbound supplements the arguments made in

its Memorandum in Support of its Motion to Compel to address the cases cited by Source in its

Statement of Points and Authorities, which are readily distinguishable from the instant case.

---

[1] By its motion, Source also seeks to preclude deposition testimony on this same topic.

<u>Argument</u>

In support of its motion, Source cites a handful of cases in which courts denied discovery because the requesting party sought information that was overbroad and not relevant to the case at hand.  Those cases are easily distinguishable from the present case because, unlike the discovery sought by Ironbound, which is limited to information regarding business opportunities resulting specifically from Source's relationship with Endeavor (the subject of the parties' Agreement), the discovery sought in those cases was wholly unrelated to the claims and defenses therein.

For example, one of the cases cited in Source's motion, *Blatt v. Cass Blanca Cigar Co.*, 51 F.R.D. 312 (M.D. Pa. 1970), involved the breach of an exclusive contract for the sale of *specific* brands of cigars.  *Id.* at 313.  Notwithstanding this fact, the plaintiff sought discovery regarding sales of *all* brands of cigars.  *Id.*  In denying the plaintiff's motion to compel, the court correctly noted that the plaintiff's requests, which sought sales records for brands not covered by the parties' agreement, were not relevant to the issues in dispute and, thus, not discoverable.  *Id.*  Similarly, in *Mid-America Facilities, Inc. v. Argonaut Insurance Co.*, 78 F.R.D. 497 (E.D. Wisc. 1978), a breach of contract case, the court held that a request by the plaintiff for documents that related not only to the plaintiff's dealings with the defendant, but also to dealings between other companies and the defendant, was overbroad *where the plaintiff conceded that those relationships had no relevance to the case at hand*, and it required that the plaintiff narrow its request.  *Id.* at 498-99.

Finally, the other cases cited by Source also support the truism that discovery requests that are overbroad and not reasonably calculated to lead to the discovery of admissible evidence are not proper.  *Equal Employment Opportunity Comm'n v. District of Columbia Pub. Sch.*, 217

F.R.D. 12, 15 (D.D.C. 2003) (in age discrimination case brought by school teacher, court denied broad discovery requests for information regarding the subject matter taught by every teacher in the school district absent a showing that older teachers disproportionately taught certain subjects); *Drs. Bethea v. St. Paul Guardian Ins. Co.*, 2003 WL 292302, *3-4 (E.D. La. Feb. 10, 2003) (holding that the information sought had no bearing upon and was not relevant to the plaintiff's claims); *Web Commc'ns Group, Inc. v. Gateway 2000, Inc.*, 1994 WL 171448, *2 (N.D. Ill. May 3, 1994) (in trade secret case involving claim for unjust enrichment, court denied discovery into defendant's profits following its use of a certain advertising method conceived by the plaintiff where the defendant's advertising agency, not the defendant, would have been unjustly enriched by misappropriation of the trade secret); *Nalco Chem. Co. v. Hydro Techs., Inc.*, 149 F.R.D. 686, 697 (E.D. Wisc. 1993) (in action alleging breach of Wisconsin Uniform Trade Secrets Act, discovery was limited to documents relating to the provision of services to former and present customers of plaintiff, rather than permitting broad ranging discovery relating to all of the defendant's customers); *S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc.*, 1991 WL 21655, *3-4 (E.D. Pa. Feb. 15, 1991) (limiting an open-ended request for discovery regarding the defendant's sales and marketing to the time period beginning two years prior to the parties' entry into the contract at issue); *Fort Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp.*, 4 F.R.D. 328, 330 (W.D. Pa. 1940) (finding that request for all minutes of the defendant corporation and all correspondence regarding the formation of another defendant corporation were not relevant to a claim for the breach of a contract requiring the defendant to purchase all the shipping containers it required from the plaintiff). While these cases cited by Source would be on point if Ironbound were seeking information regarding *all* business opportunities considered by Source, regardless of Endeavor's involvement in such opportunities, this is not the

case.  Instead, Ironbound's requests are narrowly tailored to seek only information regarding opportunities resulting from Source's relationship with Endeavor (including opportunities resulting from the Alliance merger), and, as such, are reasonably calculated to lead to the discovery of admissible evidence concerning Source's liability under the parties' Agreement and Ironbound's equitable claims.

As discussed more fully in its Memorandum in Support of its Motion to Compel (Exhibit A at 12-17), Ironbound's requests are designed to discover business dealings for which Ironbound is entitled to recover under the parties' Agreement, which extends for a five-year period.[2]  Because Source is potentially liable to Ironbound for all transactions, dealings and relationships between Source and Endeavor during that period, Ironbound is entitled to seek discovery of those matters.  In this respect, Source's proposed compromise, which would effectively empower Source to make a threshold determination about whether a particular business arrangement is within the scope of the parties' Agreement, falls well short of the discovery to which Ironbound is entitled.

Indeed, as evidenced by this litigation, there is a fundamental disagreement between the parties regarding the transactions and relationships covered by the Agreement.  For example, even though Endeavor introduced Source to Alliance and Source paid Endeavor $1.5 million for its role in introducing and facilitating the Alliance merger, Source disputes that this transaction is covered by the Agreement.  Had Ironbound not known about this transaction, given Source's position that it is not covered by the Agreement, it is questionable whether it would even be disclosed under Source's so-called compromise.  Ironbound should, therefore, as permitted by the Federal Rules of Civil Procedure, have the opportunity to discover firsthand all relationships,

---

[2] They are also intended to discover information to support Ironbound's equitable claims by showing the value obtained by Source.  (Exhibit A at 12-17.)

dealings and transactions between Source and Endeavor so that any disputes regarding the Agreement's applicability to such transactions can be resolved by the factfinder and not Source.

As set forth in the Complaint, the Agreement entitles Ironbound to compensation for net income earned by Source as a result of its relationship with Endeavor for a five-year period, thus making Ironbound's requests for information relating to business opportunities discussed by Source and Endeavor during such time reasonably calculated to lead to the discovery of admissible evidence.  Under these circumstances, where the requests are reasonably calculated to lead to admissible evidence, the production of responsive documents is appropriate.  *United States ex rel. Fisher v. Network Software Assocs.,* 217 F.R.D. 240, 245-46 (D.D.C. 2003) ("[d]iscovery of relevant materials includes 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case'") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *Avianca, Inc. v. Corriea*, 705 F. Supp. 666, 676 (D.D.C. 1989) ("[r]elevancy under . . . Fed. R. Civ. P. 26, is very broadly defined, including both directly relevant material and material likely to lead to the discovery of admissible evidence").

Conclusion

For the foregoing reasons, and for the reasons set forth in its Memorandum in Support of its Motion to Compel Production of Documents (Exhibit A), Ironbound respectfully requests that Source's Motion for Protective Order be denied, and that Ironbound be awarded its costs and attorneys' fees incurred in connection with its opposition to Source's motion, pursuant to Rules 26(c) and 37(a)(4) of the Federal Rules of Civil Procedure.

Respectfully submitted,


_/s/   Matthew D. Schwartz_____
Matthew D. Schwartz (D.C. Bar No. 436619)
Allison Sinoski (D.C. Bar No. 482593)
 THOMPSON COBURN LLP
 1909 K. Street, N.W. Ste. 600
 Washington, D.C.  20006-1167
 (202) 585-6900 (telephone)
 (202) 585-6969 (facsimile)

*Attorneys for Plaintiff Jonathan Ledecky d/b/a
Ironbound Partners*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of March, 2006, a true and correct copy of the

foregoing Plaintiff's Opposition to Defendant's Motion for Protective Order, along with

attachments, was mailed electronically through CM/ECF to:

       Kevin E. Stern
       C. Allen Foster
       Maria Hallas
       GREENBERG TRAURIG, LLP
       800 Connecticut Ave., N.W.
       Suite 500
       Washington, D.C.  20006

                    /s/    Allison Sinoski