IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>            Plaintiff,<br><br>            v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)   Case No. 1:05CV01039 (JGP)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF DOUGLAS J. BATES, ESQ., IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

DOUGLAS J. BATES, Esq., being duly sworn, deposes and says:

1.      I am the General Counsel for Defendant Source Interlink Companies, Inc. ("Source"). I submit this declaration, based upon my personal knowledge, in support of Source's Memorandum in Opposition to Plaintiff's Motion to Compel Production of Documents.

2.      I was the exclusive drafter on Source's behalf of the Referral Agreement dated as of April 26, 2004 (the "Agreement") that is the subject of this lawsuit.

3.      I negotiated the Agreement with Plaintiff Jonathan Ledecky over the course of one day on April 26, 2004. Our negotiations were conducted over the telephone and by e-mails and faxes while I was in Florida. I executed the Agreement on Source's behalf in Florida on April 27, 2004.

4.      From March 2005 to May 2005, Plaintiff and Source were attempting to reach a negotiated resolution of this dispute to avoid the need for litigation. To the best

of my knowledge, Source has no records that show or indicate that any relevant backup tapes were destroyed during this time period.

5.    Source was served with the original complaint in this lawsuit on May 24, 2005. On or around June 1, 2005, I issued a "litigation hold" in this case with regard to potentially relevant paper and electronic documents, including relevant backup tapes.

6.    With regard to paper and accessible electronic files, I determined, based upon my review of the original complaint, that the only persons at Source who could possibly have documents in their possession that are relevant to this action were (1) S. Leslie Flegel, Source's Chairman and Chief Executive Office; (2) James R. Gillis, Source's President and Chief Operating Officer; (3) Jason S. Flegel, an Executive Vice President; and (4) myself. I made this determination based upon my personal knowledge that these were the only individuals at Source who had any involvement with or knowledge of the Agreement or has had any contact with Plaintiff, The Endeavor Agency, LLC ("Endeavor"), or Ariel Emanuel ("Emanuel"). I therefore informed these individuals of the lawsuit and instructed their respective executive assistants to search for and maintain all paper and active electronic documents (including e-mails) in their possession that had anything to do with (i) the Agreement, (ii) Jonathan Ledecky, (iii) Endeavor, or (iv) Emanuel.

7.    With regard to backup tapes, I determined, based upon my review of the original complaint, that the relevant time period of Plaintiff's allegations was from April 2004, which was when the Agreement was negotiated and executed, through November 2004, which was the month Source's merger with Alliance Entertainment Corp. ("Alliance") was announced. I contacted Becky Austin, then a Senior Director of

Network Services for Source, and instructed her that, because of this lawsuit, all monthly backup tapes in existence from April 2004 through November 2004 had to be inventoried and preserved.

8.      Ms. Austin subsequently reported back to me that the only backup tape she was able to locate from the April 2004-November 2004 time period was the November 2004 monthly e-mail backup tape. She told me that she was unable to determine definitively how or why other backup tapes from this time period were missing or not in existence.

9.      I supervised the search at Source for documents responsive to Plaintiff's First Request for Production of Documents. Source conducted a physical search of all tangible media held in the offices of those individuals that have had contact with Plaintiff, Endeavor and/or Emanuel, namely, the offices of Leslie Flegel, Jim Gillis, Jason Flegel and Doug Bates. A search of Source's e-mail server and the hard drives of the computers used by these individuals was also conducted.

10.      I have reviewed the documents produced by Plaintiff in this action. To the best of my knowledge, Plaintiff has produced all written communications between Plaintiff and Source relating to the negotiation of the Agreement and the Agreement itself (*i.e.,* all e-mails, faxes and drafts of the Agreement). Copies of these communications are attached hereto as Exhibit 1.

11.      I do not recall there ever being any written communications between me and anyone else at Source regarding the negotiation or terms of the Agreement. I also do not recall ever discussing the Agreement or any of its terms with anyone from Endeavor (including Emanuel), either orally or in writing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 15, 2006

Douglas J. Bates