IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>Plaintiff,<br><br>v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>Defendant. | Case No. 1:05CV01039 (JGP) |

**DECLARATION OF LINWOOD FERGUSON
IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

Linwood Ferguson, being duly sworn, deposes and says:

1. I am the Senior Vice President of Information Technology for Defendant Source Interlink Companies, Inc. ("Source"). I submit this declaration, based upon my personal knowledge, in support of Source's Memorandum in Opposition to Plaintiff's Motion to Compel Production of Documents.

2. In addition to the November 2004 monthly e-mail backup tape, Source currently has 134 e-mail backup tapes (as of 3/13/2006) and 392 file server backup tapes (as of 3/7/2006) in its inventory, with the e-mail backup tapes dated from April 2005 to the present and the file server backup tapes dated from October 2003 to the present (with dates varying by server). Attached as Exhibit 1 are separate lists of these e-mail and file server backup tapes.

3. Source's capacity to restore tapes in its production facility in Bonita Springs, FL, is severely limited by a need to maintain ongoing business operations. The type of extended restoration and search effort requested by Plaintiff will require tapes to

be retrieved from off-site storage in Bonita Springs (one day turnaround) and shipped to our Disaster Recovery facilities in Shepardsville, KY (an additional day minimum). This facility has equipment available to restore and search only one backup tape at a time. However, it is not normally staffed, so multiple tape restorations and searches will require sending a technician there to be dedicated to the project, removing that technician from normal duties, and incurring housing and living expenses while on site. Thus, while nominally a restore and search may require only limited man-hours in comparison to elapsed time, doing extended searches off site will essentially turn the elapsed time into paid man-hours and place a significant burden on our ongoing business operations.

4. Searches of restored backup tapes are conducted using the Discovery Attender software search tool, which Source purchased just two weeks ago.

5. Assuming no unforeseen problems, it typically takes at least two business days, including four (4) man-hours, to restore and conduct a keyword search of an individual e-mail backup tape if the search is limited to the user mailboxes of Leslie Flegel, James Gillis, Jason Flegel and Doug Bates. Additional search criteria will increase this time substantially.

6. For file server backup tapes, assuming no unforeseen problems, and limited to the user directories of the aforementioned four individuals, it will take an average of four (4) hours, including three (3) man-hours, to restore and conduct a keyword search of an individual tape. Additional search criteria will dramatically increase this time, potentially to several days.

7.  Based on the foregoing, Source presently estimates that it will take 464 business days and 1,712 man-hours to restore and search all of its existing backup tapes, though this estimate could vary dramatically depending on the precise restoration and search criteria.

8.  Because this process would be so disruptive to our operations if required to go forward, we sought a quote from a third party (Ontrack Data Recovery) to determine how much it would cost to outsource the restoration and search process. We received a quotation of $750 per tape for preliminary evaluation and, depending on the evaluation, $7,000 to $18,000 per tape for recovery/restoration. Search costs may be in addition to that.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 15, 2006

Linwood Ferguson