IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>Plaintiff,<br><br>v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>Defendant. | Case No. 1:05CV01039 (JGP) |

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S
REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL**

Defendant Source Interlink Companies, Inc. ("Source") respectfully submits its Reply Memorandum in Support of its Motion to Compel.

**A.    Plaintiff's Communications With Source And Material Witnesses Are Relevant And Discoverable.**

Source properly seeks all communications between Plaintiff and Source and between Plaintiff and material witnesses (namely Emanuel/Endeavor, Alliance, and The Yucaipa Companies, LLC)  Plaintiff insists that such discovery constitutes nothing more than a "fishing expedition" into irrelevant matters. (Brief in Opposition at 3.) Plaintiff is wrong. Courts generally permit broad discovery of a party's communications with witnesses if the requesting party articulates a good faith reason that such communications will produce admissible evidence.

For example, in *Xpedior Creditor Trust v. Credit Suisse First Boston (USA), Inc.*, 309 F. Supp. 2d 459 (S.D.N.Y. 2003), the plaintiff alleged that the defendant investment bank breached the parties' contract by allocating IPO shares only to customers that paid extra payments. *Id.* at 461. During discovery plaintiff sought records of communications between the defendant and all of its clients regarding the IPOs. *Id.* The defendant agreed to produce the communications with

respect to clients that actually received IPO allocations but not for clients that did not receive allocations because such communications for the latter type of client were irrelevant and nondiscoverable. *Id.* The court squarely rejected the defendant's argument, finding the request was not "speculative" because plaintiff had a "good faith" basis – specifically, the prevalence of so-called "undisclosed compensation" in the investment banking industry – for contending the sought communications would produce admissible evidence. *Id.* at 462. *See also In re Folding Carton Antitrust Litigation*, 83 F.R.D. 256 (N.D. Ill. 1979) (allowing plaintiff in antitrust case to discover a broad range of defendant's internal and external communications concerning prices); *Nat. Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Illinois Corp.*, 116 F.R.D. 78 (N.D. Ill. 1987) (in action brought by insurers in attempt to rescind directors' and officers' liability policies, communications between insurers and reinsurers were relevant and discoverable).

Source has already asserted several good faith reasons for contending that the requested communication-related documents may produce admissible evidence. These documents may lead to the discovery of admissible evidence regarding the intent, performance, and/or interpretation of the parties under the Referral Agreement. For example, such communications may show a course of dealing or practice that non-disclosure agreements do not constitute the establishment of a "business relationship," contrary to Plaintiff's allegations. *See* Amended Complaint ¶ 18.

Additionally, they may reveal inconsistent statements or other evidence refuting Mr. Ledecky's credibility. Rule 26 permits the discovery of information which relates to the credibility of a witness or other evidence in the case. "Discovery is commonly allowed in which the discovery party seeks information with which to impeach witnesses for the opposition. Inquiry is routinely allowed about . . . matters that go to his credibility. Information showing

that a person having knowledge of discoverable facts may not be worthy of belief is always relevant to the subject matter of the action. . . . Inconsistent statements . . . cannot be excluded from the scope of discovery." 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2015 (1994); *see also United States v. City of Torrance*, 164 F.R.D. 493 (C.D. Cal. 1995) (allowing plaintiff in Title VII discrimination case to discover documents showing changes in hiring policy for the purpose of impeaching credibility of police chief); *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455 (S.D.N.Y. 1988) (setting forth five-factor test for discovery of evidence relating to credibility); *Paulsen v. Case Corp.*, 168 F.R.D. 285 (C.D. Cal. 1996).

Plaintiff inappropriately relies heavily on *Alexander v. Fed. Bureau of Investigation*, 194 F.R.D. 299 (D.D.C. 2000) to justify its refusal to produce the requested communications. That case is readily distinguishable. The discovery request in that case concerned all communications between Hillary Clinton and certain government agencies and officials. Clinton, as First Lady, may have contacted such agencies on numerous subjects for a wide variety of reasons relating to her public duties and position. Therefore, the court properly restricted the scope of discovery of such communications. Such communications involving the First Lady regarding matters of government in no manner parallels the scope of communications sought by Source, which pertain to the relatively limited dealings among private parties and material witnesses.

Finally, Plaintiff argues that these requests are overbroad because they are not limited to any particular time period. To the extent this is a legitimate concern of Plaintiff, Source is willing to limit the time period covered by Request Nos. 12 and 13 (communications with Emanuel and Endeavor, respectively) to up until June 30, 2004, and the time period covered by

Request Nos. 14, 15 and 16 (communications with Source, Alliance and Yucaipa, respectively) to the period from January 1, 2004 through May 31, 2005.

**B.    Documents Relating to Plaintiff's Relationship With Emanuel and Endeavor Prior to the Execution of the Referral Agreement Are Relevant and Discoverable**

Contrary to Plaintiff's arguments, documents relating to Plaintiff's relationship with Emanuel/Endeavor prior to the execution of the Agreement (Request Nos. 7, 19 and 20) are plainly relevant and discoverable.

First, under Florida law, a recital or "whereas" clause is by no means a totally meaningless portion of a contract, contrary to Plaintiff's argument. A recital clause may be read in conjunction with the operative portions of a contract in order to ascertain the intention of the parties, although it cannot contradict the express provisions of the contract. *Johnson v. Johnson*, 725 So.2d 1209, 1213 (Fla. App. 3 Dist. 1999) (citing *KMS Fusion, Inc. v. United States*, 36 Fed. Cl. 68, 77 (1996), *aff'd*, 108 F.3d 1393 (Fed.Cir.1997)). Here, the "whereas" clause concerning the pre-existing relationship does not contradict any express term of the Referral Agreement, since such relationship is not directly or indirectly referenced elsewhere in the contract. In fact, it states:

> **WHEREAS,** Ironbound has a pre-existing relationship with an entity (the "Client") that desires to establish a business relationship with Source, the name of which shall be disclosed to Source in writing immediately following execution of the Agreement . . . .

Since Source is defending a case brought by Plaintiff, Source is entitled to discover any and all information pertaining to the actual duration or quality of any pre-existing relationship and Emanuel/Endeavor's (*i.e.*, the Client's) actual "desire" to establish a business relationship. If Plaintiff had no pre-existing relationship with Emanuel/Endeavor or the Client did not desire to establish a business relationship, then the "Introduction" described and promised in Section 1 of

4

the Agreement would have been meaningless. This is sufficient reason to allow discovery concerning the pre-existing relationship. Plaintiff's attempt to suggest Source has no argument misses the point of discovery, which is to permit the discovering party to investigate comprehensively its claims or defenses.

Second, the duration and extent of the alleged pre-existing relationship is directly relevant to the credibility of Mr. Ledecky. The jury properly can consider Plaintiff's gross inflation of his relationship with Endeavor/Emanuel when evaluating the weight and truthfulness of Plaintiff's testimony.

Third, Plaintiff ignores the extremely limited nature of Source's requests, in that Source has agreed to limit the time period covered by Request Nos. 7, 19 and 20 to the period before April 26, 2004, the effective date of the Agreement. Notwithstanding his generic objections, Plaintiff has not articulated any specific reason why it would be unduly burdensome to identify and produce responsive documents covering this limited time period.

**C.    Plaintiff Offers No Response to Request Nos. 21 and 22**

Finally, Plaintiff has not offered any argument as to why he should not have to respond to Source Request Nos. 21 and 22. As discussed in Source's opening memorandum, these requests refer to and concern a specific allegation in Plaintiff's Amended Complaint (paragraph 14) and, therefore, clearly call for relevant discoverable information. Having offered no response to Source's argument, Plaintiff should be ordered to respond to these requests.

## CONCLUSION

For the foregoing reasons and reasons stated in its original brief, Source respectfully requests that the Court grant its Motion to Compel and order Plaintiff to fully respond to its Requests for Production of Documents.

          Respectfully submitted,

          <u>s/ Kevin E. Stern</u>
          C. Allen Foster (Bar No. 411662)
          Kevin E. Stern (Bar No. 459214)
          Maria Hallas (Bar No. 436529)
          GREENBERG TRAURIG, LLP
          800 Connecticut Avenue, N.W.
          Suite 500
          Washington, DC 20006
          Tel: (202) 331-3100
          Fax: (202) 331-3101

          *Counsel for Defendant Source Interlink Companies, Inc.*

Dated: March 16, 2006

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of March, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Matthew D. Schwartz, Esq.
Allison Sinoski, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006


                                            /s/ Julie Lee
                                              Julie Lee