IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JONATHAN LEDECKY d/b/a<br>IRONBOUND PARTNERS,<br><br>*Plaintiff*,<br><br>v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:05CV01039 (JGP) |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS IMPLIED CONTRACT CLAIMS

After moving to dismiss Ironbound's equitable claims on the basis that a valid contract exists, Source has now indicated that it intends to challenge the validity of the Agreement that is the subject of this litigation. Because Source's motion is based solely on its argument that a valid express contract exists between the parties, in light of its current position (*i.e.*, that the Agreement may be invalid), Source has no reasonable basis for its motion.

Argument

In an e-mail dated March 16, 2006 (attached hereto as Exhibit B), which relates to discovery concerning Ironbound's legal status, Source has suggested that it intends to challenge the validity of the parties' Agreement. Source now seeks discovery regarding whether Jonathan Ledecky knew that the entity Ironbound Partners, LLC was defunct at the time he entered into the Agreement, yet used that name anyway.[1] Inasmuch as the purpose for Source's discovery requests on this issue is to challenge the validity of the Agreement, Source's motion is

---

[1] A fuller discussion of Ledecky's mistaken use of the name Ironbound Partner, LLC when entering into the Agreement may be found in Ironbound's Motion to Amend Complaint and its Amended Complaint.

- 2 -

completely without basis, because that motion is entirely predicated on Source's claim that there is a valid express contract between the parties.  Accordingly, Ironbound has demanded that Source withdraw its motion, but Source has not responded to that demand.  *See* E-mail dated March 16, 2006 from A. Sinoski to K. Stern, attached hereto as Exhibit C.

Conclusion

For these and for the reasons set forth in Ironbound's Opposition, Source's Motion to Dismiss should be denied.

Respectfully submitted,

  /s/   Matthew D. Schwartz
Matthew D. Schwartz (D.C. Bar No. 436619)
Allison Sinoski (D.C. Bar No. 482593)
 THOMPSON COBURN LLP
 1909 K. Street, N.W. Ste. 600
 Washington, D.C.  20006-1167
 (202) 585-6900 (telephone)
 (202) 585-6969 (facsimile)

*Attorneys for Plaintiff Jonathan Ledecky
d/b/a Ironbound Partners*

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2006, a true and correct copy of the foregoing Supplemental Memorandum in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss Implied Contract Claims was mailed electronically through CM/ECF to:

>Kevin E. Stern
>C. Allen Foster
>Maria Hallas
>GREENBERG TRAURIG, LLP
>800 Connecticut Ave., N.W.
>Suite 500
>Washington, D.C. 20006

          /s/   Allison Sinoski