## Sinoski, Allison N.

**From:** sternk@gtlaw.com
**Sent:** Thursday, March 16, 2006 12:32 PM
**To:** Sinoski, Allison N.; Schwartz, Matthew D.
**Cc:** HallasM@gtlaw.com
**Subject:** Source's Second Request for Production of Documents

Dear Counsel,

We are in receipt of Plaintiff's Responses and Objections to Defendant's Second Requests for Production of Documents. With the exception of one request (Request No. 3) and one request in which you state you have no responsive documents (Request No. 6), you have objected and refused to produce any documents claiming, without any specificity or explanation, that each request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. However, you then claim that you are willing to "reevaluate" your objections to these requests if Source specifies why they are each reasonably calculated to lead to the discovery of admissible evidence.

First of all, Plaintiff's objections are improper. It is not Source's burden to explain why its requests are reasonably calculated to lead to the discovery of admissible evidence, it is Plaintiff's burden to explain with specificity why they are not, which you clearly have not done so here.

Moreover, your objections are completely disingenuous. As you well know, each of these requests are directly related to Plaintiff's reformation claim (Count Seven) in the Amended Complaint. In this claim, Plaintiff is seeking to reform the Referral Agreement by changing the identity of the contracting party from Ironbound Partners, LLC ("Ironbound") to "Ironbound Partners" (as a d/b/a for Jonathan Ledecky). Plaintiff's reformation claim is based upon the somewhat dubious assertion that, at the time the Agreement was entered into, Plaintiff, a sophisticated businessman, was unaware that Ironbound had been merged out of existence five years earlier in May 1999 and that he did not learn of this fact until long after this lawsuit was filed. Each of Source's Second Requests for Production are narrowly and specifically directed towards verifying whether in fact this assertion is true. Thus, Request No. 1 seeks all filings by Ironbound with the Delaware Secretary of State because any filings made after May 1999 would tend to support Plaintiff's allegation that he was unaware that Ironbound had been mergerd out of existence while the lack of filings after that date would suggest otherwise. Ironbound's communications with the Delaware Secretary of State (Request No. 2) are similarly relevant in that they will invariably show whether Plaintiff was or was not aware that Ironbound was no longer a legal entity. Request No. 4 is directly related to Plaintiff's factual statement in his motion to amend that "[f]ollowing the execution of the Referral Agreement, Ledecky continued to transact business and <u>even maintain bank accounts under the name Ironbound Partners, LLC</u>." (emphasis added) Finally, Request No. 5 is reasonably calculated to lead to the discovery of admissible evidence because if, as you assert, Ledecky did business through Ironbound for a period of almost seven years based upon the mistaken belief that Ironbound was a valid entity, then he presumably reported the income earned from Ironbound's business activities, as he was required, on Schedule C of his personal tax returns during these years. Of course, if Ledecky did not report Ironbound's income on any Schedules C, then this would strongly suggest that he was not operating under any mistaken belief about Ironbound's existence during this time.

I trust that the foregoing sufficiently explains why each of Source's requests are reasonably calculated to lead to the discovery of admissible evidence and that you will now promptly produce all responsive documents. If you continue to maintain your objections, we will move to compel. Furthermore, because such motion to compel will almost certainly not be granted before Ledecky's deposition takes place on March 29, we will have no choice but to seek appropriate sanctions and relief, including re-deposing him.

Sincerely,

## *Kevin E. Stern*

**Greenberg Traurig LLP**
*800 Connecticut Ave., NW*
*Suite 500*
*Washington, DC 20006*
*(202) 452-4878*
*(202) 261-0107 (fax)*

*sternk@gtlaw.com*

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---