IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a<br>IRONBOUND PARTNERS,<br><br>    *Plaintiff*,<br><br>v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>    *Defendant*. | Civil Action No. 1:05CV01039 (JGP) |

PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS IMPLIED CONTRACT CLAIMS

In its Reply Memorandum in support of its Motion to Dismiss Implied Contract Claims, Source raises two new arguments. First, Source says that the Agreement includes an integration clause, and, thus, Plaintiff's implied contract claims are not proper. Second, Source argues that it is not challenging the validity of the Agreement, but, rather, Jonathan Ledecky's standing to enforce the Agreement. Both of these arguments miss the point, which is that Source is disputing the existence of an enforceable contract between Source and Jonathan Ledecky.

In an attempt to support its assertion that the integration clause in the Agreement prevents Plaintiff from pursuing implied contract claims, Source cites three inapposite cases from other jurisdictions.[1] Even if those cases had precedential value, they are not on point if, as Source contends, there is no enforceable Agreement between Ledecky and Source. If the Agreement is not enforceable by Ledecky, it is not enforceable against Ledecky, and, in that case, the

---

[1] In one of those cases, *Wal-Mart Stores, Inc. v. AIG Life Insurance Co.*, 872 A.2d 611 (Del. Ch. 2005), the court specifically noted that a party may seek recovery under theories of contract or quasi-contract, in the alternative, "when there is doubt surrounding the enforceability or the existence of the contract." *Id.* at 620.

integration clause would not be enforceable against Ledecky, either. Stated differently, a clause in an unenforceable contract would itself be unenforceable.

Source also attempts to disguise its challenge to the enforceability of the Agreement by claiming that what it is really challenging is whether Ledecky "has *standing* as a non-party to the Agreement to enforce it." (Reply at 8-9) (emphasis added). In making this argument, Source misapprehends the law, the facts, or both. Specifically, Source confuses the situation in which a company exists when the contract is executed and later merges versus the situation in which a company simply did not exist when the contract was signed. For Source's argument to prevail, Ironbound Partners, LLC would have had to have existed at the time the Agreement was signed and then merged into another entity later. Under that circumstance, Ironbound Partners, LLC's rights under the Agreement would have transferred to the new entity. *See, e.g.,* Del. Code Ann. tit. 8, § 259(a). However, that is not the case here. Ironbound Partners, LLC *did not exist* at the time the Agreement was entered into by Jonathan Ledecky and, thus, no rights could have vested in it as a non-existent entity. Essentially, Source is arguing that, even though Ironbound Partners, LLC did not exist at the time the Agreement was executed (or any time thereafter), the right to enforce the Agreement resides exclusively with this non-existent entity. As explained in Ironbound's memorandum in support of its Motion to Amend Complaint, inasmuch as Ironbound Partners, LLC did not exist when the Agreement was executed, the use of this name is merely a trade name under which Ledecky was doing business. *See* D.C. Code § 47-2855.02. As such, Ledecky has standing to enforce the Agreement.

Moreover, although Ironbound believes, for the reasons set forth in its Motion to Amend Complaint and Amended Complaint, that Ledecky (doing business under the trade name Ironbound Partners) is a party to the Agreement, and the Agreement is valid and enforceable, if

Source is correct in its claim that Ledecky is not a party to the Agreement, it follows that there is no enforceable contract between Ledecky and Source. The issue, for the purposes of Source's motion, is whether Source is contesting the existence of a valid and enforceable contract *between the parties to this case* (*i.e.*, between Source and Jonathan Ledecky d/b/a Ironbound Partners). If Source is planning to mount a defense based on the theory that there is no enforceable contract between Ledecky and Source, then it cannot, in could faith, claim any basis to dismiss Ledecky's equitable claims. *S. Bell Tel. & Tel. Co. v. Acme Elec. Contractors, Inc.*, 418 So.2d 1187 (Fla. Dist. Ct. App. 1982) (holding that "[i]f the law allows quasi-contract recovery where an express contract already exists, it certainly will do so where there is no contract between the parties"). *See also Convey Servicing Co. v. Trailmobile Trailer, LLC*, 234 F. Supp. 2d 826 (N.D. Ill. 2002) (holding that, because it was "unclear whether there was an express contract between [the parties] that covered the subject matter being litigated," the defendant's motion to dismiss the plaintiff's unjust enrichment claim was denied).

<u>Conclusion</u>

    For the foregoing reasons, and for the reasons set forth in its Opposition to Source's Motion to Dismiss Implied Contract Claims, Ironbound respectfully requests that Source's motion be denied.

    Respectfully submitted,

     /s/   Matthew D. Schwartz
Matthew D. Schwartz (D.C. Bar No. 436619)
Allison Sinoski (D.C. Bar No. 482593)
THOMPSON COBURN LLP
1909 K. Street, N.W. Ste. 600
Washington, D.C.  20006-1167

(202) 585-6900 (telephone)
(202) 585-6969 (facsimile)

*Attorneys for Plaintiff Jonathan Ledecky d/b/a Ironbound Partners*

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2006, a true and correct copy of the foregoing Plaintiff's Surreply in Opposition to Defendant's Motion to Dismiss Implied Contract Claims, was mailed electronically through CM/ECF to:

>Kevin E. Stern
>C. Allen Foster
>Maria Hallas
>GREENBERG TRAURIG, LLP
>800 Connecticut Ave., N.W.
>Suite 500
>Washington, D.C.  20006

    /s/   Allison Sinoski