*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | |
|---|---|
| JONATHAN LEDECKY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1039 (JGP) |
| ) | |
| SOURCE INTERLINK ) | |
| COMPANIES, INC., ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM ORDER

This matter is before the Court on **Defendant Source Interlink Companies, Inc.'s Motion to Dismiss Plaintiff's Implied Contract Claims [#28]** ("Def.'s Mot.")[1], which "move[d] the Court to dismiss plaintiff Jonathan Ledecky's . . . claims of quantum meruit and unjust enrichment . . . because the [Amended] Complaint fails to state a claim upon which relief can be granted." Def.'s Mot. at 1; *accord* Fed. R. Civ. P. 12(b)(6). Specifically, Source has taken the position that

> Plaintiff's alternative equitable claims cannot be maintained . . . . [because, a]s a matter of law, there can be no recovery under an implied contract theory of unjust enrichment or quantum meruit [] where, as is the case here, *an express contract between the parties is alleged, and Plaintiff has not alleged . . . that he lacks an adequate remedy at law*.

---

[1] Hereinafter, when citing Defendant Source Interlink Companies, Inc.'s Statement of Points and Authorities in Support of its Motion to Dismiss Plaintiff's Implied Contract Claims, the Court will use the abbreviation "Def.'s Memo."

Def.'s Memo. at 2 (emphasis added).  Within Plaintiff's Opposition to Defendant's Motion to Dismiss [#38] ("Pl.'s Opp."), Ledecky has conversely argued that "[u]nder Florida law, which governs the Agreement in this case, *if the matters in dispute are outside the scope of a written contract*, a plaintiff is entitled to assert and recover upon implied contract claims." Pl.'s Opp. at 1 (emphasis added).  Ledecky also stated therein that the "equitable claims have [only] been asserted alternatively in response to Source's argument that the Agreement does not apply to its relationship with Endeavor or to the Alliance merger[,]" and that he "believes that the Court or a jury will have no difficulty finding that the Agreement *is* applicable to both Source's relationship with Endeavor and the Alliance merger . . . ." *Id.* (emphasis in original).

Notwithstanding Ledecky's argument, the Court concludes that his claims of quantum meruit and unjust enrichment, which comprise Count Two and Count Three of the Amended Complaint ("Amend. Compl."), should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The Court's conclusion is fully explained below.

## BACKGROUND

On April 26, 2004, Ledecky, a sole proprietor acting under the name Ironbound Partners, LLC ("Ironbound"), entered into a Referral Agreement[2] ("Agreement") with Source Interlink Companies, Inc. ("Source"). *See* Ref. Agr. at 1, 3; Amend. Compl. at ¶ 5.  The Agreement provided for Ledecky to introduce Source, a large retail magazine distribution and fulfillment company, to the Endeavor Agency, LLC ("Endeavor"), a talent agency based in California. *See* Ref. Agr. at 1; *see also* Amend. Compl. at ¶¶ 7, 11, 13; Def.'s Memo. at 2-3; Transcript of Initial

---

[2] The Court will hereafter use the abbreviation "Ref. Agr." when citing the Referral Agreement.

Scheduling Conference on October 18, 2005 ("Court Tr."), at 4-5.  In addition, the Agreement required Source to "pay to Ironbound . . . 5% of the net income recorded by Source as a result of its relationship with Client during the five-year period following the date . . . on which the business relationship is established between Source and Client." Ref. Agr. at 1; *accord* Amend. Compl. at ¶ 7; *see* Court Tr. at 4-5.

In April of 2004, according to Ledecky, Endeavor and Source "discuss[ed] possible business opportunities involving the retail distribution of audio and video products." Amend. Compl. at ¶ 20.  Then, on June 22, 2004, Endeavor introduced Source to Alliance Entertainment Corp. ("Alliance"), "a leading provider of distribution and fulfillment services to retailers of home entertainment content products[.]" *Id*. at ¶ 25.  From that introduction, Ledecky has contended, Endeavor received $1.5 million and the company's representative, Ariel Emanuel, was appointed director of the newly merged entity. *See id*. at ¶ 31.  Ledecky has also contended that "Emanuel and Source [] entered into a 'finder's fee' or similar type of agreement (the 'Endeavor Agreement') under which Endeavor will receive compensation for future Transactions . . . that [Emanuel] facilitates or introduces to the Company." *Id*.

On February 1, 2006, Ledecky filed an Amended Complaint in this Court which claimed, *inter alia*, that the Alliance merger was the direct result of his recommendation and introduction of Endeavor to Source, for which he is owed compensation pursuant to the terms of the Agreement, s*ee*, *e.g.*, *id*. at ¶ 32, and also in equity. S*ee*, *e.g.*, *id*. at ¶¶ 45-49.  Source filed the instant Motion to Dismiss Plaintiff's Implied Contract Claims on February 27, 2006, which the Court now addresses.

## ANALYSIS

**I.    Standard of Review**

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint." *Mansfield v. Billington*, 2006 U.S. Dist. LEXIS 35135, at *6 (D.D.C. 2006) (citing *Browning v. Clinton*, 352 U.S. App. D.C. 4, 292 F.3d 235, 242 (D.C. Cir. 2002)). "The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests." *Id*. at *7 (citing *Kingman Park Civic Ass'n v. Williams*, 358 U.S. App. D.C. 295, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (other citation omitted)). "Under Rule 12(b)(6), dismissal is appropriate [] where a defendant has 'shown beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Bell v. Exec. Comm. of the United Food & Commer. Workers Pension Plan for Emples.*, 191 F. Supp. 2d 10, 15 (D.D.C. 2002) (quoting *In re Swine Flu Immunization Products Liability Litigation*, 279 U.S. App. D.C. 366, 880 F.2d 1439, 1442 (D.C. Cir. 1989) (other citation and internal quotation marks omitted)); *accord Warren v. Dist. of Columbia*, 359 U.S. App. D.C. 179, 353 F.3d 36, 37 (D.C. Cir. 2004).

"[I]n resolving a Rule 12(b)(6) motion, *the court must treat the complaint's factual allegations* - including mixed questions of law and fact - *as true and draw all reasonable inferences therefrom in the plaintiff's favor*." *Mansfield*, 2006 U.S. Dist. LEXIS 35135, at *8 (citing *Macharia v. United States*, 357 U.S. App. D.C. 223, 334 F.3d 61, 64-67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 357 U.S. App. D.C. 35, 333 F.3d 156, 165 (D.C. Cir. 2003) (other citation omitted) (emphasis added)). Notwithstanding, "the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast

as factual allegations." *Id*. (citation omitted).

## II.     Quantum Meruit and Unjust Enrichment Claims

As a threshold matter, the Court will apply Florida law when interpreting the terms of the Agreement in this case. *See* Ref. Agr. at 1 ("The rights and obligations of each of the parties to this Agreement shall be governed by and interpreted and determined in accordance with the internal laws of the State of Florida . . . ."); *see also* Pl.'s Opp. at 1.  To that end, under Florida law, in a quantum meruit action, "[t]he vital elements to be proved by plaintiff in order to establish a prima facie case are the performance of the services and the reasonable value thereof." *Dean v. Blank*, 267 So. 2d 670, 671 (Fla. 4th DCA 1972) (citation omitted).  Similarly, "[t]o state a claim for unjust enrichment [under Florida law], a plaintiff must plead . . . 1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Della Ratta v. Della Ratta*, 927 So. 2d 1055 (Fla. 4th DCA 2006) (citing *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997) (en banc)); *cf.*, *e.g.*, *ABB Daimler-Benz Transp. v. AMTRAK*, 14 F. Supp. 2d 75, 92 (D.D.C. 1998). Notwithstanding its interpretation and application of quantum meruit and unjust enrichment, Florida law reveals that these implied contract theories are inapplicable here. This is so for the following two reasons.

First, neither party has challenged the validity of the Agreement.  In *In re Managed Care Litig.*, 185 F. Supp. 2d 1310 (D. Fla. 2002), the Florida Court reiterated the long-standing legal

principle that a claim in equity "can only be pled in the alternative if one or more of the parties contest the existence of an express contract governing the subject of the dispute[.]" 185 F. Supp. 2d 1310, 1337-338 (D. Fla. 2002) (citation omitted); *see also Hermanowski on behalf of Americable Associates v. Naranja Lakes Condominium No. Five, Inc.*, 421 So. 2d 558, 560 (Fla. 3d DCA 1982) (concluding that Florida law will not "imply a contract *where a valid one exists*.") (citation omitted) (emphasis added)); *cf. Albrecht v. Comm. on Emple. Bens. of the Fed. Reserve Emple. Bens. Sys.*, 360 U.S. App. D.C. 47, 357 F.3d 62, 69 (D.C. Cir. 2004) (holding that "there can be no claim [in equity] when an express contract exists between the parties." (citation and internal quotation marks omitted)).

Here, the parties concur that the Agreement, an unambiguous express contract which they both signed on April 26, 2004, controls. *See* Def.'s Memo. at 2 ("[H]ere, an express contract between the parties is alleged, and Plaintiff has not alleged . . . that he lacks an adequate remedy at law."); Pl.'s Opp. at 1 ("[T]he Court or a jury will have no difficulty finding that the Agreement *is* applicable to both Source's relationship with Endeavor and the Alliance merger . . . ." (emphasis in original)). This is evidenced, *inter alia*, by the plain language of the Agreement itself, which provides in pertinent part:

> This is the entire and only Agreement between the parties respecting the subject matter hereof, and supercedes all prior agreements. This Agreement may be modified only by a written instrument executed by all parties hereto.

Ref. Agr. at 2.  For the reason that the Agreement is a "valid and enforceable contract[,]" Ledecky is barred under Florida law from pleading implied and express contract claims "in the alternative[.]" *Managed Care Litig.*, 185 F. Supp. 2d at 1337-338.

And second, the equitable claims asserted within the Amended Complaint pertain to the *very same conduct* as do the contract claims, which also violates Florida law. To be sure, the *Managed Care Litig.* court reiterated the rule, which it referred to as "blackletter law" in Florida, that "[a]n [equitable] claim can exist *only if the subject matter of that claim is not covered by a valid and enforceable contract.*" *Id*. (emphasis added).

In the instant case, Ledecky asserted in his "Breach of Contract" claim that "Ironbound agreed to *introduce Source to Endeavor* . . . ." Amend. Compl. at ¶ 39 (emphasis added). Then, he reasserted in his immediately following "Quantum Meruit" claim that "Ironbound rendered a valuable service to Source when it *introduced Source to Endeavor*." *Id*. at ¶ 46 (emphasis added). Moreover, with regard to the $1.5 million payment to Endeavor and the involvement of Ariel Emanuel, Ledecky claimed he is due recovery in equity because "Source . . . received *Ironbound's introduction to Endeavor's Emanuel*." *Id*. at ¶ 51 (emphasis added). Ledecky then reasserted the identical argument that he is due recovery – but under the terms of the Agreement – by stating that "Source [] accepted Ironbound's introduction to Endeavor, . . . accepted Endeavor's services in connection with the Alliance merger, *and paid Endeavor $1.5 million*." *Id*. at ¶ 63 (emphasis added). Under Florida law, then, Ledecky cannot recover on the implied contract claims of quantum meruit and unjust enrichment because, as is evident above, "the subject matter of [those] claim[s] is" the very same subject matter "covered by a valid and enforceable contract." *Managed Care Litig.*, 185 F. Supp. 2d at 1337-338.

Accordingly, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that Defendant Source Interlink Companies, Inc.'s Motion to Dismiss

Plaintiff's Implied Contract Claims [#28] shall be **GRANTED**. And it is further

**ORDERED** that Count Two (Quantum Meruit) and Count Three (Unjust Enrichment) of the Amended Complaint shall be **DISMISSED**.

| | |
|---|---|
| **Date: July 12, 2006** | **JOHN GARRETT PENN**<br>**United States District Judge** |