*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | |
|---|---|
| **JONATHAN LEDECKY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 05-1039 (JGP) |
| ) | |
| **SOURCE INTERLINK** ) | |
| **COMPANIES, INC.,** ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER FOR PRETRIAL CONFERENCE**

    This case is scheduled for a pretrial conference on **September 14, 2006 at 10:00 a.m**. Trial to be scheduled**.**

    The pretrial conference and the trial will be held in Courtroom 15, United States District Court or the District of Columbia.

Pretrial Conference

    The pretrial conference shall be held pursuant to Fed. R. Civ. P. l6 and the Local Rules of this court. Counsel who will conduct the trial shall attend the pretrial conference.

    The purpose of the pretrial conference is to shorten the time necessary for trial, to determine the actual, factual and legal issues which shall be considered at trial, to have the parties stipulate to any facts which are not contested, to have the parties stipulate as to the admissibility of any documents or exhibits, either reserving or waiving their right to object on grounds of relevancy, to familiarize the Court with the factual and legal issues which shall be raised at trial and to explore the possibility of settlement of the case.

    Counsel shall meet on or before **August 26, 2006** for a prepretrial meeting to discuss the above objectives and for the purpose of preparing their respective pretrial statements.

  Counsel shall file pretrial statements with the court on or before **August 31, 2006**. The original shall be filed in the Clerk's Office and two (2) copies shall be filed in Court's Chambers. The pretrial statement shall be substantially in the form suggested below and counsel shall utilize the same numbering system.

<u>Matters to be Contained in the Pretrial Statement and to be Discussed at the Pretrial Conference</u>

**I. Jurisdiction:**

  Counsel shall comment on the jurisdiction of the court over the subject matter and the parties. Counsel shall cite any applicable statute or law in support or in opposition to the court's jurisdiction.

**II. Facts:**

  Counsel shall set forth the relevant facts in support of their respective contentions. Counsel shall distinguish between those facts which are and which are not in dispute. With respect to any facts which are not in dispute, counsel shall cite to the appropriate authority, i.e., request for admissions, answers to interrogatories, depositions, answer to complaint, etc.

**III. Claims of Parties:**

  (a) Counsel for plaintiff(s) shall set forth the precise nature of plaintiff(s) claim.

  (b) Counsel for defendant(s) shall set forth the precise nature of the defense and counterclaim and/or crossclaim, if any.

  (c) Counsel for other parties shall set forth the precise nature of their claims, defenses, crossclaims or counterclaims.

**IV. Damages and/or Liability:**

  (a) Counsel for the parties shall set forth in detail all claims for damages. The claims shall be itemized into categories including special, general, residual, liquidated and permanent damages where appropriate and shall also set forth any claim for punitive damages and the basis for that claim.

  (b) Counsel for the other parties shall set forth all setoffs or other matters in mitigation of damages or in opposition to the relief sought by the various claimants.

**V. Legal Issues:**

  (a) Counsel for the parties shall set forth a brief statement of the applicable law, citing any relevant statutes, cases, or other authority in support of any claim or in opposition thereto.

(b) In any case in which a party alleges that the court does not have jurisdiction of the subject matter of the parties, counsel shall briefly set forth any authority in support of their contention.

(c) Counsel shall identify any evidentiary matters which they know or expect to become an issue in the trial, and shall set forth the position they will take with respect to that matter and cite therein any law in support thereof.

This includes but is not limited to, such matters as the admissibility of evidence or documents, motions to limit testimony or evidence, the admissibility of matters to be used in the impeachment of a witness, Fifth Amendment problems, etc.

## VI. Motions:

(a) Counsel shall identify any outstanding motions and be prepared to address those motions at the time of pretrial conference. The Court will rule on all outstanding motions at the pretrial conference or in a subsequent order.

(b) Counsel shall advise the Court whether they seek to file any additional motions and identify the motion which is to be filed. Counsel shall file the motion contemporaneously with the filing of the pretrial statement and shall be prepared to address the motion at the time of the pretrial conference.

(c) Counsel shall advise the Court whether they anticipate any motions to amend the complaint to conform with the evidence.

## VII. Discovery:

(a) All discovery shall be completed prior to the pretrial conference consistent with any order issued by the Court. If counsel feel that further discovery is required, they shall immediately bring that matter to the Court's attention and shall file an appropriate motion no later than the filing of the pretrial statement, and shall be prepared to address the motion at the time of the pretrial conference. Counsel are cautioned that once the Court has entered an order terminating discovery, any additional discovery shall be allowed only for good cause shown.

(b) Counsel shall also identify any discovery which has not been completed. If counsel seek to request sanctions of any kind with respect to a party's failure to respond to discovery, counsel shall file an appropriate motion not later than fifteen (l5) days prior to the pretrial conference. Counsel shall be prepared to address the motion at the time of the pretrial conference. Only timely motions for sanctions will be considered at the pretrial.

## VIII. Witnesses:

(a) Counsel shall identify by name and address, absent an order limiting that requirement, all witnesses who may be called in their case in chief. If the witness has not been identified in the pretrial statement, the witness will not be permitted to testify. This applies to witnesses for all parties but does not apply to witnesses whose testimony is solely used for purposes of impeachment or where the party offering the witness can show good cause for not identifying the witness in the pretrial statement.

(b) The above rule applies to all witnesses including an expert witness. In this connection, counsel shall state, in the pretrial statement, whether they intend to stipulate to or to object to the qualifications of an expert witness. These matters shall be addressed by counsel at the pretrial conference. Such a stipulation shall not prohibit counsel from asking brief questions of the witness concerning his qualifications for the benefit of the Court and/or jury.

(c) Counsel shall state whether they intend to use any depositions or interrogatories in lieu of live testimony. Counsel are required to discuss those matters at the prepretrial meeting. If depositions or interrogatories are to be introduced for the purpose of direct testimony, other than for purposes of impeachment, counsel offering the deposition or interrogatories shall identify those portions of the depositions or interrogatories to be offered by page number or by number of the interrogatory. Counsel for opposing party shall then identify those pages or interrogatories counsel seeks to offer. Counsel shall include the above information in their pretrial statements and shall also set forth any objections they wish to make, to all or part of the offered testimony. In making objections, they shall clearly identify the nature of the objection and any authority in support thereof. Counsel offering the testimony shall indicate any opposition to the objection and the authority therefore. Failure to object will be considered a waiver of the objection at time of trial. The Court shall hear any objections at the time of the pretrial conference and rule on those objections at that time or in the pretrial order.

## IX. Exhibits:

(a) Counsel shall identify any exhibit they seek to have introduced or identified during the trial. Exhibits not identified in the pretrial statement shall not be used at trial except for purposes of impeachment. Such exhibits include, but are not limited to, documents, x-rays, photographs, diagrams, etc.

(b) All exhibits shall be identified and marked with exhibit stickers and a list prepared prior to the pretrial conference identifying all exhibits.

(c) Counsel shall furnish the Court with a copy of the lists of exhibits at the time of the pretrial conference.

(d) At the pretrial conference counsel shall advise the Court by exhibit number as to those exhibits which they agree may be submitted without proof of authenticity and without other objection as to relevancy or otherwise, those exhibits which may be admitted without proof of

authenticity but reserving the right to object on other grounds, and those exhibits to which they reserve all rights.

**X. Stipulations:**

(a) Counsel shall set forth any stipulations of fact entered into by the parties. The stipulations of fact shall be identified in the pretrial statement and shall be reduced to writing, attached to the pretrial statement, and signed by counsel and the parties.

(b) Counsel shall indicate any matters, which have not been stipulated, but which they seek to have stipulated prior to the time of the trial.

(c) Counsel shall identify any exhibits or documents which are subject to stipulation as to admissibility without formal proof. Counsel are especially urged to consider stipulating to the admissibility of all exhibits so as to make it unnecessary that additional witnesses be called solely for that purpose. In the case of any such stipulations, counsel shall state, by identifying the exhibits, whether the stipulation is without reservation or includes a reservation of the right to object on grounds of relevancy.

**XI. Unusual Issues or Problems:**

Counsel shall set forth in their pretrial statements any unusual issues or problems expected to arise at the time of the trial. Such matters may include potential problems in voir dire, illness of particular witnesses, issues of capacity of witnesses, etc.

**XII. Voir Dire:**

Counsel shall submit to the Court at the time they furnish their pretrial statements, their proposed questions to be asked during voir dire examination of potential jurors. The questions shall be submitted, with the original being filed with the Clerk of the Court, and a copy being filed in the Court's Chambers with the Court's copy of the pretrial statements. Counsel may or may not be allowed to conduct a part or portions of the voir dire examination.

**XIII. Instructions, Interrogatories, Special Verdicts:**

(a) Counsel shall identify and furnish the court with all proposed instructions at the time they file their pretrial statements. Counsel shall refer to any standard instructions by referring to the Standardized Jury Instructions for the District of Columbia, Revised Edition, (Bluebook) or the Criminal Jury Instructions, District of Columbia, (Redbook), where applicable and identify those requested standard instructions by instruction number. If counsel seek to have the Court give an instruction not contained in the standard instructions, they shall submit the proposed instruction to the Court, together with their pretrial statements.

(b)  Counsel shall submit with their pretrial statements any proposed interrogatories or proposed special verdict forms for the use of the jury together with any authority in support of their request.

**XIV.  Settlement:**

Counsel shall be prepared to address and discuss the matter of settlement of the case at the time of the pretrial conference.  Where possible, counsel shall arrange to have full settlement authority at the time of the pretrial conference and shall arrange to have their clients available, by telephone or otherwise, to discuss any proposed offer of settlement which may be presented at the pretrial conference.

**XV.  Time for Trial:**

Counsel shall indicate the time they estimate is required for the trial of the case.

**XVI.  Miscellaneous:**

Counsel shall be prepared to address any other issues, not included above, which may be raised at the trial.

<u>Counsel shall file their pretrial statements setting forth all of the above materials together with any documents necessary to be attached thereto and shall utilize the numbering system set forth above.</u>  (i.e., facts under II, legal issues V, etc.).  In the event a particular category does not apply or is not applicable, counsel shall set forth  the category with the notation "None" or "Not Applicable".

**Trial**

Counsel shall file trial briefs **two weeks before the date scheduled for trial  and shall file reply briefs three (3) days prior to the trial**.  The originals shall be filed with the Clerk and two copies shall be submitted to the Court's Chambers.  The trial brief shall include a brief statement of any legal issues and it may incorporate any matters included in the pretrial statement.  The trial brief may also bring to the Court's attention anything that was inadvertently overlooked or arose after the discovery was closed or after the pretrial conference was held.  If nothing remains - a brief statement to that effect would be appreciated.

In the case of a <u>nonjury trial</u>, counsel shall file with the Court, together with their trial briefs, any proposed findings of facts and conclusions of law.

The Court recognizes that in the case of proposed instructions or proposed findings of facts and conclusions of law required by this order, that it may be necessary to modify those requests after completion of the trial.

**SO ORDERED**.

**Date: July 12, 2006**                                                                                                 **JOHN GARRETT PENN**
                                                                                                                        **United States District Judge**