IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>      Plaintiff,<br><br>      v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)  Case No. 1:05CV01039 (JGP)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

Defendant Source Interlink Companies, Inc. ("Source"), responding to the Amended Complaint filed by Plaintiff Jonathan Ledecky d/b/a Ironbound Partners ("Plaintiff" or "Ledecky"), answers and alleges as follows:

    1.    Responding to the allegations contained in paragraph 1, Source admits that it and Plaintiff entered into a written agreement entitled "Referral Agreement" dated as of April 26, 2004 (the "Agreement") on April 27, 2004. The remaining allegations contained in this paragraph call for conclusions of law and, therefore, those allegations are denied.

    2.    The allegations contained in paragraph 2 are admitted.

    3.    The allegations contained in paragraph 3 are denied.

    4.    The allegations contained in paragraph 4 are admitted.

    5.    Source lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 5, and therefore denies the same.

    6.    The allegations contained in paragraph 6 are admitted.

7. Responding to the allegations contained in paragraph 7, Source admits that it and Plaintiff entered into the Agreement on April 27, 2004. To the extent the allegations contained in paragraph 7 call for an interpretation of the terms of a written agreement, Source makes reference to the terms of the Agreement, which is the best evidence and speak for themselves, and denies all inconsistent allegations. The remaining allegations of paragraph 7 are denied.

8. The allegations contained in paragraph 8 call for an interpretation of the terms of a written agreement. Source makes reference to the terms of the Agreement, which is the best evidence and speak for themselves, and denies all inconsistent allegations. The remaining allegations of paragraph 8 are denied.

9. Responding to the allegations contained in paragraph 9, Source admits that Ledecky introduced Ariel Emanuel ("Emanuel") to Source. The remaining allegations contained in paragraph 9 are denied.

10. The allegations contained in paragraph 10 are admitted.

11. The allegations contained in paragraph 11 are admitted.

12. Responding to the allegations contained in paragraph 12, Source admits that Ledecky was and remains a substantial shareholder of Source. Source lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 12, and therefore denies the same.

13. Source lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13, and therefore denies the same.

14. Responding to the allegations contained in paragraph 14, Source admits that Ledecky had previously provided some business assistance to Source and that no

contractual relationship ever existed between Ledecky and Source relating to such assistance. Source lacks sufficient knowledge or information to form a belief as to the truth of the Ledecky's belief as alleged in paragraph 14, and therefore denies the same. The remaining allegations contained in paragraph 14 are denied.

15. Responding to the allegations contained in paragraph 15, Source admits that it and Plaintiff entered into the Agreement and that Plaintiff introduced Emanuel to Source. The remaining allegations contained in paragraph 15 are denied.

16. Responding to the allegations contained in paragraph 16, Source admits that, contemporaneous with the negotiation of the Agreement, Plaintiff worked with Source and Endeavor to negotiate a mutual non-disclosure agreement between Source and Endeavor. Source admits further that the draft versions of the non-disclosure agreement contained a blank for Endeavor's name and that the "Client's" identity was not revealed by Plaintiff prior to the execution of the Agreement. The remaining allegations contained in paragraph 16 are denied.

17. Responding to the allegations contained in paragraph 17, Source admits that Plaintiff disclosed that Endeavor was the "Client" following Source's execution of the Agreement and that Endeavor's name was then inserted into the non-disclosure agreement and presented to Source for signature. The remaining allegations contained in paragraph 17 are denied.

18. Responding to the allegations contained in paragraph 18, Source admits that it has not entered into an applicable written agreement with Endeavor under the terms of Agreement. To the extent the allegations contained in paragraph 18 call for an interpretation of the terms of the Agreement, Source makes reference to the actual terms

of the Agreement, which is the best evidence and speak for themselves, and denies all inconsistent allegations. The remaining allegations of paragraph 18 are denied.

19. The allegations contained in paragraph 19 are denied.

20. Responding to the allegations contained in paragraph 20, Source admits that, on or around April 27, 2004, Ledecky, Emanuel and Source's Chairman and CEO, S. Leslie Flegel ("Flegel") had a telephone conference to discuss possible business opportunities involving the retail distribution of DVDs in the checkout area at the front end of supermarkets, and that a subsequent meeting in New York City took place on or around May 12, 2004. The remaining allegations contained in paragraph 20 are denied.

21. Responding to the allegations contained in paragraph 21, Source admits that Flegel told Emanuel about Source's business during the New York meeting and the parties discussed opportunities involving the retail distribution of DVDs in the checkout area at the front end of supermarkets. The remaining allegations contained in paragraph 21 are denied.

22. Responding to the allegations contained in paragraph 15, Source admits that Flegel called Ledecky following the New York meeting and expressed frustration that Emanuel had not returned his calls. The remaining allegations contained in paragraph 22 are denied.

23. Source lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23, and therefore denies the same.

24. The allegations contained in paragraph 24 are denied.

25. Responding to the allegations contained in the first sentence of paragraph 25, Source admits that Alliance Entertainment Corp. ("Alliance") was a leading provider

of home entertainment content products such as DVDs, CDs, video games and related merchandise and admits that Emanuel introduced Source to Erika Paulson, a director of Alliance and a partner with The Yucaipa Companies, LLC, which was affiliated with Alliance's controlling stockholder, AEC Associates, L.L.C., but denies that Emanuel was an advisor to Source. The allegations contained in the second sentence of paragraph 25 are admitted. Responding to allegations contained in the third sentence of paragraph 25, Source admits that a business combination with Alliance would enable Source to expand its existing product offerings, but denies that such combination would "gain[] access to Alliance's blue chip customers." Responding further, Source is without sufficient knowledge or information to form a belief as to the truth of the fourth and last sentence of paragraph 25 and, therefore, denies the same. Any other allegations contained in paragraph 25 not specifically admitted herein are denied.

26. Responding to the allegations contained in paragraph 26, Source admits that Emanuel, Flegel and Source's president, James Gillis ("Gillis"), participated in a meeting on June 22, 2004, during which Emanuel introduced Source to Erika Paulson, a director of Alliance and a partner with The Yucaipa Companies, LLC, which was affiliated with Alliance's controlling stockholder, AEC Associates, L.L.C., and that Flegel and Gillis participated in a meeting on July 7, 2004, during which the possibility of a merger between Source and Alliance was discussed. The remaining allegations contained in paragraph 26 are denied.

27. The allegations contained in paragraph 27 are admitted.

28. Responding to the allegations contained in paragraph 28, Source admits the first sentence contained therein. The remaining allegations contained in paragraph 28 are denied.

29. The allegations contained in paragraph 29 are admitted.

30. The allegations contained in paragraph 30 are admitted.

31. The allegations contained in paragraph 31 are denied.

32. Responding to the allegations contained in paragraph 32, Source admits that the audio and video distribution and fulfillment business is a facet of Source's growth strategy. The remaining allegations contained in paragraph 32 are denied.

33. The allegations contained in paragraph 33 are denied.

34. The allegations contained in paragraph 34 are denied.

35. The allegations contained in paragraph 35 are argumentative and call for conclusions of law and, therefore, are denied.

36. The allegations contained in paragraph 36 are denied.

37. Responding to the allegations contained in paragraph 37, Source admits that it has not made any payment to Plaintiff pursuant to the Agreement. The remaining allegations contained in paragraph 37 are denied.

38. Responding to the allegations contained in paragraph 38, each admission and denial made above is realleged and incorporated by reference.

39. Responding to the allegations contained in paragraph 39, Source admits that it and Plaintiff entered into the Agreement. The remaining allegations contained in paragraph 39 are denied.

40. The allegations contained in paragraph 40 are denied.

41. The allegations contained in paragraph 41 are admitted.

42. The allegations contained in paragraph 42 are denied.

43. The allegations contained in paragraph 43 are denied.

44. The allegations contained in paragraph 44 are denied.

45. Responding to the allegations contained in paragraph 45, each admission and denial made above is realleged and incorporated by reference.

46. No response to paragraph 46 is required because this claim has been dismissed by the Court.

47. No response to paragraph 47 is required because this claim has been dismissed by the Court.

48. No response to paragraph 48 is required because this claim has been dismissed by the Court.

49. No response to paragraph 49 is required because this claim has been dismissed by the Court.

50. Responding to the allegations contained in paragraph 50, each admission and denial made above is realleged and incorporated by reference.

51. No response to paragraph 51 is required because this claim has been dismissed by the Court.

52. No response to paragraph 52 is required because this claim has been dismissed by the Court.

53. No response to paragraph 53 is required because this claim has been dismissed by the Court.

54. Responding to the allegations contained in paragraph 54, each admission and denial made above is realleged and incorporated by reference.

55. The allegations contained in paragraph 55 are denied.

56. The allegations contained in paragraph 56 call for conclusions of law and, therefore, are denied.

57. Responding to the allegations contained in paragraph 57, each admission and denial made above is realleged and incorporated by reference.

58. The allegation contained in paragraph 58 calls for a conclusion of law and, therefore, are denied.

59. The allegations contained in paragraph 59 are denied.

60. The allegations contained in paragraph 60 are denied.

61. The allegations contained in paragraph 61 are denied.

62. Responding to the allegations contained in paragraph 62, each admission and denial made above is realleged and incorporated by reference.

63. Responding to the allegations contained in paragraph 63, Source admits that Plaintiff introduced Endeavor to Source. The remaining allegations contained in paragraph 63 are denied.

64. The allegations contained in paragraph 64 are denied.

65. Responding to the allegations contained in paragraph 65, each admission and denial made above is realleged and incorporated by reference.

66. Responding to the allegations contained in paragraph 66, Source admits that the Agreement sets forth the terms and conditions under which Plaintiff is entitled to

be compensated for its introduction of Endeavor to Source. The remaining allegations of paragraph 66 are denied.

67. Responding to the allegations contained in paragraph 67, Source admits that Ironbound Partners, LLC was merged out of existence in 1999. Source is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 67 and, therefore, denies the same.

68. The allegations contained in paragraph 68 are denied.

69. Source is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 69 and, therefore, denies the same.

70. The allegations contained in paragraph 70 call for conclusions of law and, therefore, are denied.

Except as specifically admitted above, each and every allegation in the Amended Complaint is denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Source.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands, waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Source's performance and obligations under the Agreement are excused by Plaintiff's non-performance and/or failure to perform his duties and obligations under the Agreement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the conditions precedent to Plaintiff receiving compensation or payment from Source under the Agreement were never satisfied and/or fulfilled.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's quantum meruit and unjust enrichment claims are barred as a matter of law because Plaintiff is seeking to enforce the terms of an express contract between the parties involving the same subject matter as these claims.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred as a matter of law from enforcing or receiving compensation under the Agreement because he was not licensed as a broker under Chapter 475, Florida Statutes, at the time he performed his services under the Agreement.

Source reserves the right to assert additional affirmative defenses and counterclaims as the allegations and claims become further developed in this case.

WHEREFORE, having fully answered, Source hereby requests that the Court dismiss Plaintiff's Amended Complaint and that judgment be entered in its favor, with costs as allowed by law and that the Court grant Source such other further relief as the Court may deem just and proper.

Respectfully submitted,

s/ Kevin E. Stern
C. Allen Foster (Bar No. 411662)
Kevin E. Stern (Bar No. 459214)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
Tel: (202) 331-3102
Fax: (202) 331-3101

*Counsel for Defendant Source Interlink Companies, Inc.*

Dated: July 20, 2006

## CERTIFICATE OF SERVICE

  I hereby certify that on this 20th day of July, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Jan Paul Miller, Esq.
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Allison Sinoski, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006

            /s/ Jozef Przygrodzki
            Jozef Przygrodzki