IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:05CV01039 (JGP)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

Defendant Source Interlink Companies, Inc. ("Source") respectfully submits its Opposition to Plaintiff's Motion for Leave to File Surreply in Opposition to Defendant's Motion for Summary Judgment ("Motion for Leave").

Plaintiff's Motion for Leave must be denied and his proposed surreply must be stricken from the docket because he has not met – and cannot meet -- the standard for granting leave to file a surreply. Rather, his proposed surreply is a thinly disguised attempt to override this Court's rules that a motion shall consist of only three filings – the motion, the opposition, and reply to the opposition – so that Plaintiff, instead of Source, can get the "last word" on Source's Motion for Summary Judgment.[1]

The standard in this Court for granting leave to file a surreply is "whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld,* 154 F. Supp. 2d 56, 61 (D.D.C. 2001); *United*

---

[1] Because Plaintiff's Motion for Leave should be denied and his proposed surreply should be stricken from the docket, Source will refrain from substantively responding to the meritless arguments raised in the proposed surreply. However, in the event the Court grants Plaintiff's Motion for Leave, Source should be granted leave to file a response to Plaintiff's surreply.

*States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.,* 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002). The matter must be truly new and leave should not be granted simply because the moving party failed to put forth his best case or arguments in his initial opposition. *United States v. Baroid Corp.,* 346 F. Supp. 2d 138, 144 (D.D.C. 2004). Here, Plaintiff asserts that he should be allowed to file his proposed surreply because Source's Reply Memorandum "mischaracterizes Plaintiff's position and raises new arguments." Mot. for Leave at 1. Neither of these arguments have any merit whatsoever. First, leave to file a surreply cannot be granted on grounds that the opposing party allegedly mischaracterized or misstated the moving party's position in its reply.[2] *Lewis,* 154 F. Supp. 2d at 61 ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion."). Thus, any alleged "mischaracterizations" of Plaintiff's position in Source's Reply-- which Source denies -- cannot serve as a proper basis for allowing Plaintiff's surreply.

Second, contrary to Plaintiff's conclusory assertion, Source's Reply does not raise "new arguments" for the entry of summary judgment, but merely reaffirms the arguments raised in Source's Motion and does precisely what a reply brief is supposed to do, *i.e.*, it addresses and rebuts the arguments raised by Plaintiff in his Opposition. *See, e.g.,* Reply at 3 ("Plaintiff argues that . . . ."), 4 ("Plaintiff further disingenuously suggests . . . ."), 6 ("Plaintiff's argument . . . is unavailing . . . ."), 7 ("In contrast to Plaintiff's flawed argument . . . ."), 9 ("As a fallback argument, Plaintiff insists . . . ."), 10 ("Plaintiff contends that . . . ."). For example, in response to the illogical interpretation of the Referral Agreement's written agreement requirement posited by Plaintiff in his Opposition, Source pointed out in its Reply that Plaintiff's interpretation would render the Referral Agreement's other material provisions meaningless. *See* Reply at 6-8.

---

[2] Of course, Source disputes Plaintiff's argument that it misstated or mischaracterized his position on anything in its Reply.

Similarly, when Plaintiff submitted for the first time in his Opposition a declaration from his former lead counsel in this case[3] to argue why his breach of the duty of good faith and fair dealing claim should not be dismissed, Source pointed out in its Reply that this evidence is inadmissible and, therefore, insufficient to raise a triable issue of fact. *See id.* at 9-10.

In sum, just because Plaintiff does not like the fact that Source's Reply points out the obvious flaws and weaknesses of his Opposition and he failed to raise arguments that he could have raised in his Opposition does not give him the right to supplement his Opposition by way of surreply. *See ADR/JB Corp. v. MCY III, Inc.*, 299 F. Supp. 2d 110, 116 (E.D.N.Y. 2004) (denying leave to file a surreply where the reply raised no arguments or issues that could not have been considered by the moving party in its opposition papers and the reply papers merely addressed issues the moving party raised in its opposition papers); *Baugh v. City of Milwaukee,* 823 F. Supp. 1452, 1457 (E.D. Wis. 1993) ("[W]here the reply . . . merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers . . . may properly address those issues."); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds,* 967 F.2d 742 (2d Cir. 1992) ("Clearly, reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues.").

---

[3] Plaintiff's former lead counsel, Matthew Schwartz, who is still an of counsel of the firm that continues to represent Plaintiff in this lawsuit, was never disclosed by Plaintiff as a witness who has discoverable information that Plaintiff may use to support his claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Surreply in Opposition to Defendant's Motion for Summary Judgment should be denied and Plaintiff's proposed surreply should be stricken from the docket. However, in the event the Court grants Plaintiff's Motion for Leave, Source respectfully requests that it be granted leave to file a response to Plaintiff's surreply.

                Respectfully submitted,

                /s/ Kevin E. Stern
                C. Allen Foster (Bar No. 411662)
                Kevin E. Stern (Bar No. 459214)
                GREENBERG TRAURIG, LLP
                800 Connecticut Avenue, N.W.
                Suite 500
                Washington, DC 20006
                Tel: (202) 331-3100
                Fax: (202) 331-3101

                *Counsel for Defendant Source Interlink Companies, Inc.*

Dated: July 25, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Jan Paul Miller, Esq.
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Allison Sinoski, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006

/s/ Jozef Przygrodzki              .
Jozef Przygrodzki