IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>  Plaintiff,<br><br>  v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:05CV01039 (JGP)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER TO AMENDED COMPLAINT**

Defendant Source Interlink Companies, Inc. ("Source") respectfully submits its Opposition to Plaintiff's Motion to Strike Answer to Amended Complaint ("Motion to Strike").

Plaintiff's Motion to Strike is frivolous and reflects an appalling lack of candor with the Court. Plaintiff argues that, pursuant to Fed. R. Civ. P. 15(a), Source was obligated to file an answer within ten days after the Amended Complaint was filed on February 22, 2006 [Doc. # 26].[1] However, Plaintiff inexplicably failed to disclose in his motion that an overwhelming majority of district courts have held that, when a defendant files a partial motion to dismiss pursuant to Rule 12(b), as Source did on February 27, 2006 [Doc. #28], such filing enlarges the time for the defendant to answer the entire complaint, including the causes of action it did not move to dismiss, until ten days after the motion is decided.[2] *See, e.g., Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, ___ F. Supp. 2d ___, 2006 WL 1217201, at *37 (N.D. Iowa May 8, 2006); *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002);

---

[1] Plaintiff erroneously stated in his Motion to Strike that the Amended Complaint was filed on February 28, 2006.

[2] No federal appellate court or District of Columbia district court has ever addressed this question.


*Tingley Sys. Inc. v. CSC Consulting Inc.*, 152 F. Supp. 2d 95, 122 (D. Mass. 2001); *Batdorf v. Trans Union*, 2000 WL 635455, at *5 (N.D. Cal. May 8, 2000); *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998); *Alex. Brown & Sons Inc. v. Marine Midland Banks Inc.*, 1997 WL 97837, at *7 (S.D.N.Y. Mar. 6, 1997); *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1480 (N.D. Ga. 1997); *Schwartz v. Berry College, Inc.*, 1997 WL 579166, at *1 (N.D. Ga. July 3, 1997) (involving a partial motion to dismiss a first amended complaint); *Oil Express Nat'l Inc. v. D'Alessandro*, 173 F.R.D. 219, 221 (N.D. Ill. 1997); *Porter v. United States Dep't of Army*, 1995 WL 461898, at *4 (N.D. Ill. July 17, 1995); *Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994); *Ricciuti v. N.Y. City Transit Auth.*, 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991); *Brocksopp Eng'g Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486-87 (E.D. Wis. 1991); *Baker v. Universal Die Casting Inc.*, 725 F. Supp. 416, 420 (W.D. Ark. 1989); *see also* 5B C. A. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1346 (3d ed. 2004). Here, the Court granted Source's Motion to Dismiss on July 12, 2006, and Source filed its answer to the Amended Complaint on July 20, 2006.

Only one court has ever held that a party is required to answer a complaint while a partial motion to dismiss is pending. In *Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168 (E.D. Mich. 1978), the defendant challenged four of the six counts of the complaint in a Rule 12(b) motion, but failed to answer the two unchallenged counts. *Id.* at 1174. The court found that the defendant was technically in default as to the unchallenged counts, reasoning that "[s]eparate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b)." *Id.* However, the court denied the plaintiffs' motion for a default judgment, finding that

the plaintiffs had not been "severely prejudiced" by the defendant's failure to answer the two unchallenged counts. *Id.*

No other court has adopted the holding or reasoning of *Gerlach.* Indeed, every court that has considered *Gerlach* on this point has disagreed with and declined to follow it. *See cited cases, supra.* These courts have reasoned that the *Gerlach* approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency. *See Brocksopp Eng'g,* 136 F.R.D. at 486-87; *Ricciuti,* 1991 WL 221110 at *2 ("As a matter of policy and judicial economy such a conclusion [that a Rule 12 motion extends the time to answer as to all claims] is required. Were it necessary to serve an answer in piecemeal fashion, as *Gerlach* suggests, a procedural thicket would emerge. Thorny questions would arise as to how the case should proceed pending resolution of the motion."); *Ideal Instruments,* 2006 WL 1217201 at *37 ("The inefficiencies for both the parties and the court as well as the potential for confusion and unnecessary procedural convolutions posed by such "dual-track" litigation are obvious.").

Moreover, Plaintiff has not shown -- and cannot show -- that it has suffered any prejudice as a result of Source's failure to answer Counts Five (breach of the duty of good faith and fair dealing), Six (Estoppel) or Seven (Reformation of Contract) of the Amended Complaint until after the Court decided (and granted) Source's motion to dismiss. Even under *Gerlach,* the absence of such prejudice warrants denial of Plaintiff's Motion to Strike. *See Gerlach,* 448 F. Supp. at 1174; *see also Ideal Instruments,* 2006 WL 1217201 at *37.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike should be denied.

<div style="text-align: right;">

Respectfully submitted,

/s/ Kevin E. Stern
C. Allen Foster (Bar No. 411662)
Kevin E. Stern (Bar No. 459214)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
Tel: (202) 331-3100
Fax: (202) 331-3101

*Counsel for Defendant Source Interlink Companies, Inc.*

</div>

Dated: July 26, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Jan Paul Miller, Esq.
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Allison Sinoski, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006

/s/ Jozef Przygrodzki            .
Jozef Przygrodzki