IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

JONATHAN LEDECKY d/b/a          )
IRONBOUND PARTNERS,             )
                                )
            *Plaintiff*,         )
                                )
v.                              )          Civil Action No. 1:05CV01039 (JGP)
                                )
SOURCE INTERLINK COMPANIES, INC., )
                                )
            *Defendant*.         )
_____ )

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE ANSWER TO AMENDED COMPLAINT

In its opposition to Plaintiff's Motion to Strike Answer to Amended Complaint, Source argues that the filing of a partial motion to dismiss two of the six counts of the Amended Complaint enlarged the time for filing an answer to the entire Amended Complaint until the Court ruled on that motion. Source's position, if adopted, would allow a defendant to wait many months to file a response to a complaint (or amended complaint) merely because the defendant filed a motion to dismiss only one or two of multiple counts set forth in that complaint. Such a precedent would slow the litigation process and interfere with the Court's ability to manage its docket.

As Source correctly notes, this issue is a matter of first impression in the District of Columbia. Public policy considerations favor the Court adopting the position set forth in *Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168 (E.D. Mich. 1978). As the court in that case aptly observed, "[s]eparate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b)." *Id.* at 1174. Further, there is "no reason for delaying the progress

of litigation with respect to those counts of a complaint which are not addressed by a motion filed under F.R.C.P. 12(b)." *Id.*

Indeed, the position taken in the *Gerlach* case is supported by the language of Rule 12 itself. Rule 12(a)(4) sets forth only two situations in which the service of a motion permitted under Rule 12 alters the period of time for responding to a complaint: (1) "if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action," or (2) "if the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of the more definite statement." No enlarged time frame is provided for serving a responsive pleading after a partial motion to dismiss is granted. This makes sense when one considers that the motions contemplated by Rule 12 are in the nature of dispositive motions (*e.g.*, motion to dismiss for lack of jurisdiction, motion to dismiss for improper venue, motion to dismiss for failure to state a claim, motion for judgment on the pleadings, etc.). By not providing an enlarged time frame for a responsive pleading to be filed after a partial motion to dismiss is granted, Rule 12 implies that, for a count that is not addressed in a partial motion to dismiss, a responsive pleading should be filed in accordance with the time frame set forth for responding to a complaint or amended complaint.

Further, contrary to the argument set forth by Source, requiring a defendant to respond to portions of the complaint for which it has not filed a motion to dismiss would not create a "procedural thicket." At the time the defendant filed its partial motion to dismiss, it would simply also file an answer responding to the other counts. No confusion or delay would result from such a process.

For these reasons, and for the reasons set forth in Plaintiff's Motion to Strike Answer to Amended Complaint, Plaintiff's motion should be granted.

Respectfully submitted,

_/s/ Allison Sinoski_____

Jan Paul Miller
 THOMPSON COBURN LLP
 One U.S. Bank Plaza
 St. Louis, Missouri  63101-1611
 (314) 552-6365 (telephone)
 (314) 552-7365 (facsimile)

Allison Sinoski (D.C. Bar No. 482593)
 THOMPSON COBURN LLP
 1909 K. Street, N.W. Ste. 600
 Washington, D.C.  20006-1167
 (202) 585-6900 (telephone)
 (202) 585-6969 (facsimile)

*Attorneys for Plaintiff Jonathan Ledecky d/b/a Ironbound Partners*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of August, 2006, a true and correct copy of the

foregoing Plaintiff's Reply Memorandum in Support of Motion to Strike Answer to Amended

Complaint, was mailed electronically through CM/ECF to:

> Kevin E. Stern
> C. Allen Foster
> Maria Hallas
> GREENBERG TRAURIG, LLP
> 800 Connecticut Ave., N.W.
> Suite 500
> Washington, D.C.  20006

                    /s/ Allison Sinoski