UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN LEDECKY** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**SOURCE INTERLINK** )<br>**COMPANIES, INC.,** )<br>)<br>)<br>)<br>    **Defendant.** )<br>_____ ) | Civil Action No.  05-1039 (JGP) |

### ORDER

This comes before the Court on **Defendant Source Interlink Companies, Inc.'s Motion for Protective Order [#23]** ("Def.'s Mot."), which moved the "Court to . . . prohibit[] Plaintiff . . . from seeking or obtaining discovery . . . from Source regarding any potential, unfulfilled or unrealized business opportunities that have been presented to Source by Mr. Ariel Emanuel or The Endeavor Agency, LLC, or that have resulted from Source's February 2005 merger with Alliance Entertainment Corporation." Def.'s Mot. at 1.  Within the accompanying Statement of Points and Authorities in Support of its Motion for Protective Order [#22] ("Def.'s Memo"), defendant specifically argued that this information "is not reasonably calculated to lead to the discovery of admissible evidence" because, *inter alia*, "this case has been bifurcated into two phases, a liability phase and a damages phase, *and this discovery appears to relate entirely to the damages phase of the case*."[1] Def.'s Memo at 1 (emphasis added).

---

[1] Defendant further argued therein that

Plaintiff countered within the Opposition to Defendant's Motion for Protective Order [#39] ("Pl.'s Opp.") that the discovery requested is not overly broad, despite defendant's argument regarding the bifurcation of the case, because

> Ironbound's requests are narrowly tailored to seek only information regarding opportunities resulting from Source's relationship with Endeavor (including opportunities resulting from the Alliance merger), and, as such, *are reasonably calculated to lead to the discovery of admissible evidence concerning Source's liability* under the parties' Agreement and Ironbound's equitable claims.

Pl.'s Opp. at 4 (emphasis added). For this reason, *inter alia*, plaintiff has "request[ed] that Source's Motion for Protective Order be denied[.]" *Id.* at 5.

As a matter of law, "[i]t has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citing *Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters Chauffers, Warehousemen and Helpers*, 161 U.S. App. D.C. 173, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (other citation omitted)); *see United Presbyterian Church v. Reagan*, 238 U.S. App. D.C. 229, 738 F.2d 1375, 1382 (D.C. Cir. 1984) ("Trial courts enjoy wide discretion in handling pretrial discovery matters."). Moreover, it is also well-settled that

---

> even if this evidence is arguably not damages-related, it is still not reasonably calculated to lead to the discovery of admissible evidence in the liability phase because . . . Source cannot possibly be liable to Plaintiff for any business opportunities that have not resulted in any actual business, income, or economic benefit to Source, either under the Referral Agreement that is the subject of this dispute, or under Plaintiff's alternative equitable claim of unjust enrichment/quantum meruit.

Def.'s Memo at 1-2.

"court[s] must be careful not to deprive [] part[ies] of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare [] case[s]." *Heat & Control*, *Inc. v. Hester Industries*, *Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (quoting Fed. R Civ. P. 26(b)(1) Notes of Advisory Committee on Rules, 1983 Amendment)).

Here, resolution of the entire case rests on whether plaintiff is entitled to compensation under the terms of the Referral Agreement stemming from his introduction of Ariel Emanuel and The Endeavor Agency, LLC to Source Interlink Companies, Inc. *See, e.g.*, Memorandum Order Granting Motion to Dismiss Plaintiff's Implied Contract Claims [#62], at 6 ("[T]he parties concur that the Agreement, an unambiguous express contract which they both signed on April 26, 2004, controls."); s*ee also* Def.'s Memo at 3 ("Source does not dispute that the parties entered into the Referral Agreement and that Plaintiff's principal, Jonathan Ledecky, introduced Emanuel and Endeavor to Source, but denies that Plaintiff is entitled to any compensation under the Referral Agreement."). And although this case is only at the liability phase, it is plaintiff's specific contention that the "information [it seeks] regarding opportunities resulting from Source's relationship with Endeavor [and Emanuel is ] . . . reasonably calculated to lead to the discovery of admissible evidence concerning Source's *liability* under the parties' Agreement . . . ." Pl.'s Opp. at 4 (emphasis added). Defendant has not addressed or denied plaintiff's specific contention, and therefore has constructively "admitted" its truth. *Cf.* LCvR 7(h) ("In determining a motion . . ., the court may assume that facts identified . . . are admitted, unless such a fact is controverted . . . in opposition to the motion.").[2]

---

[2] Within its Reply Memorandum in Support of its Motion for Protective Order [#49] ("Def.'s Reply"), defendant also did not specifically address or deny plaintiff's argument that the information sought is "reasonably calculated to lead to the discovery of admissible evidence

Accordingly, and for the preceding reasons, it is hereby

**ORDERED** that Defendant Source Interlink Companies, Inc.'s Motion for Protective Order [#23] is **DENIED**.

**Date: September 15, 2006**　　　　　　　　　　　　　　　　**JOHN GARRETT PENN**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

---

concerning Source's liability under the parties' Agreement[.]" Pl.'s Opp. at 4.  To the contrary, the Reply merely referred the Court to pages 19-23 of its Memorandum in Opposition to Plaintiff's Motion to Compel Production of Documents, *see* Def.'s Reply at 1, which also failed to address or deny plaintiff's argument that the discovery sought pertains to the liability phase of the case.