UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN LEDECKY**        ) | |
| )  | |
| **Plaintiff,**        ) | |
| ) | |
| v.        ) | Civil Action No.  05-1039 (JGP) |
| ) | |
| **SOURCE INTERLINK**        ) | |
| **COMPANIES, INC.,**        ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.**        ) | |
| ) | |

## ORDER

Presently before the Court is the **Motion to Strike Answer to Amended Complaint [#69]** (Pl.'s Mot.)[1], wherein plaintiff has moved "to strike Defendant's Answer to Amended Complaint because it was not filed within the ten days provided by Rule 15(a) of the Federal Rules of Civil Procedure." Pl.'s Mot., at 1.  Specifically, according to plaintiff, defendant violated Rule 15(a) by filing the Answer "[a]lmost *five months after the Amended Complaint was filed*[,]" notwithstanding the fact that during that time period defendant "moved to dismiss the two implied contract claims contained in Plaintiff's original complaint . . . ." Pl.'s Memo, at 1 (emphasis added).  If the Court strikes defendant's Answer to the Amended Complaint, plaintiff has argued that the Court should also rule that "*Source has admitted everything in the Amended Complaint* that it had not denied in its previous Answer." *Id*. (citing Fed. R. Civ. P. 8(d); In re Costibas, 262 B.R. 182 (D.N.H. 2001) (emphasis added)).

---

[1] The Court will use the abbreviation "Pl.'s Memo" when citing the accompanying Memorandum in Support of Motion to Strike Answer to Amended Complaint.

In contrast, defendant has argued that the Court should deny plaintiff's Motion because the "overwhelming majority of district courts [faced with this issue] have held that[] when a defendant files a partial motion to dismiss pursuant to Rule 12(b), as Source did on February 27, 2006 [Doc. #28], such filing enlarges the time for the defendant to answer the entire complaint, including the causes of action it did not move to dismiss, *until ten days after the motion is decided*." Defendant Source Interlink Companies, Inc.'s Opposition to Plaintiff's Motion to Strike Answer to Amended Complaint [#71] ("Def.'s Opp."), at 1 (emphasis added).

Rule 15(a) provides the following in pertinent part below:

> A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(c). Federal courts have interpreted Rule 15(a) permissively, holding that "the thrust of Rule 15 is that cases should be tried on their merits rather than the technicalities of pleadings." *E.g.*, *HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1035 (6th Cir. 2003) (quoting *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999)). To accomplish this result, courts faced with deciding a Motion to dismiss have interpreted Rule 15(a)'s ten day directive to begin on the date that the Motion is decided by the Court, and also to permit response to the entire Amended Complaint. *See*, *e.g.*, *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (D. Ga. 1997) ("[O]nce a party files [] a [Rule 12(b)] motion, the party does not have to respond to the complaint until ten days after the court either denies the motion or defers its consideration until trial."); *Bay State HMO Mgmt. v. Tingley Sys.*, 152 F. Supp. 2d 95, 122 (D. Mass. 1995) (citing 5A Charles Allan Wright and Arthur R. Miller Federal

Practice and Procedure § 1346 (1990) for the proposition that if Rule 15(a) prohibited an Answer filed more than ten days after an Amended Complaint where there is a Rule 12(b) Motion pending,"duplicate pleadings" would result "if the motion to dismiss [were] denied.").

Here, the Court concludes that the defendant's Answer should not be stricken.  On July 12, 2006, the Court issued its Memorandum Order granting defendant's Motion to Dismiss Plaintiff's Implied Contract Claims [#28], which did not dispose of the entire case.  Eight days later, on July 20, 2006, defendant filed its Answer to Amended Complaint [#67].  Therefore, defendant's Answer does not violate Rule 15(a) because it was filed within "ten days after the court" granted the Rule 12(b) Motion. *Ritts*, 989 F. Supp. at 1479; *accord* Fed. R. Civ. P. 15(c); 5A Charles Allan Wright and Arthur R. Miller Federal Practice and Procedure § 1346 (1990) (same)).

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED** that the Motion to Strike Answer to Amended Complaint [#69] is **DENIED**.


**Date: September 15, 2006**                                         **JOHN GARRETT PENN**
                                                                     **United States District Judge**