# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN LEDECKY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No.  05-1039 (JGP)** |
| | ) |
| **SOURCE INTERLINK** | ) |
| **COMPANIES, INC.,** | ) |
| | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

This is before the Court on **Defendant Source Interlink Companies, Inc.'s Motion to Compel [#27]**.[1]  Defendant "specifically seeks production of documents responsive to" its First Request for Production of Documents ("RPD") "Nos. 7, 12-16, 19, 20, 21 and 22." Def.'s Memo, at 1.  Plaintiff argues that the Court should deny defendant's Motion because it has

> produced all documents relating to the Referral Agreement (the "Agreement") at issue in this case including, without limitation, documents relating to communications with [defendant], The Endeavor Agency, LLC ("Endeavor"), Ariel Emanuel, and Alliance Entertainment Corporation ("Alliance"), all drafts of the Agreement, and all electronic records relating to the Agreement.

> [In addition, according to plaintiff, defendant]'s demand that [it] produce communications wholly unrelated to the Agreement is not reasonable, especially in light of the fact that [plaintiff] is a sole proprietorship and requiring its principal, Jonathan Ledecky, to search all of his files for communications that have nothing to do with this case would be an unreasonable burden.

---

[1]  The Court will use the abbreviation "Def.'s Memo" when citing Defendant Source Interlink Companies, Inc.'s Statement of Points and Authorities in Support of its Motion to Compel.

Plaintiff's Opposition to Defendant's Motion to Compel [#37] ("Pl.'s Opp.").

Upon consideration of the positions of the parties set forth within the related pleadings, the Court concludes that defendant's Motion should be granted in part and denied in part. A full explanation of this conclusion follows.

Preliminarily, the Court notes that it is vested with broad latitude to resolve discovery disputes. *See Fund for Animals, Inc. v. Norton*, 355 U.S. App. D.C. 268, 322 F.3d 728, 732 (D.C. Cir. 2003); *Steven R. Perles*, P.C. v. Kagy, 394 F. Supp. 2d 68, 73 (D.D.C. 2005); *Bath Petroleum Storage, Inc. v. Sovas*, 309 F. Supp. 2d 357, 361 (N.D.N.Y. 2004). The Court also notes that "[i]t is well recognized that the federal rules allow broad and liberal discovery." *Pacitti by Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385 (1947) (in turn citing Wright, Miller & Marcus, Federal Practice & Procedure, Civil 2d § 2007) (other citation omitted)).

Here, defendant seeks "All documents related to Ironbound's 'pre-existing relationship' with the 'Client *as recited in the Referral Agreement*." RPD, at No. 7 (emphasis added). Plaintiff does not deny that this language appears in the Referral Agreement, but opposes RPD No. 7 on the ground that the language "is simply a *background statement* noting that [plaintiff] has a relationship with a company it has offered to introduce to [defendant]." Pl.'s Opp., at 6 (emphasis added). Put differently, according to plaintiff, this document request should be denied because defendant

> has articulated no reason why it should be excused from compensating [plaintiff] as required under the Agreement based on [defendant]'s opinion that [plaintiff]'s relationship with Endeavor was not of some undefined quality or duration not mandated by the Agreement. The only question at issue in this case is whether

2

> [plaintiff] made the introduction and [defendant] accepted it. *Having accepted the benefit of [plaintiff]'s introduction, the duration or quality of [plaintiff]'s relationship with Endeavor is irrelevant.*

*Id.* at 7 (emphasis added). Notwithstanding, the Court is persuaded by defendant's argument that because the language regarding the "'pre-existing relationship' with the 'Client'" is "recited in the Referral Agreement" *itself*, RPD, at No. 7, defendant is therefore "entitled to learn about the nature and extent of this purported pre-existing relationship . . . ." Pl.'s Opp., at 6. Plaintiff, then, should be required to produce this information.

The Court next addresses defendant's document requests seeking "All documents relating to any communication between Ironbound and/or Ledecky and" "Emanuel[,]" "Endeavor[,]" "Source[,]" "Alliance[,]" and "The Yucaipa Companies, LLC." RPD, at Nos. 12-16. Plaintiff takes issue with these document requests because, *inter alia*, they seek "*all* documents relating to *any* communications between" plaintiff and the aforementioned entities. Pl.'s Opp., at 4 (emphasis in original). Thus, plaintiff contends, these document requests, as worded, are "overbroad[.]" *Id.* The Court agrees with plaintiff's contention because RPD Nos. 12-16 do not provide plaintiff with sufficient context in terms of *time* or *scope* in which to provide the information sought. Although the purpose of discovery is to "seek to uncover information for use in pursuing or defending against a litigated claim," *Brodeur v. McNamee*, 2005 U.S. Dist. LEXIS 14939, at *6 (N.D.N.Y. July 27, 2005), and, as established *supra*, "the federal rules allow broad and liberal discovery[,]" *Pacitti by Pacitti*, 193 F.3d at 777-78, courts must also be mindful not to permit the parties to "go on [] fishing expedition[s]." *Porter v. Ray*, 2006 U.S. App. LEXIS 15612, at *26 (11th Cir. June 21, 2006); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270, 88 S. Ct. 1575 (1968) (same). For this reason, plaintiff should not be required to

3

produce this information.

Defendant also seeks "All documents relating to any agreements, business relationship, proposed agreements and/or proposed business relationships between Ironbound and Emanuel[,]" and "Ironbound and Endeavor." RPD, at Nos. 19-20.  Plaintiff asserts that the Court should deny both document requests for the reason that "[t]hese documents have no bearing on the Agreement or the parties' rights and responsibilities thereunder." Pl.'s Opp., at 6.  However, the record in this case does not support plaintiff's assertion.  To be sure, within the July 12, 2006 Memorandum Order Granting Motion to Dismiss Plaintiff's Implied Contract Claims [#62] ("July 12th Order"), the Court *quoted* plaintiff's prior statement that "the Court or a jury will have no difficulty finding that the *Agreement is applicable to* both *Source's relationship with Endeavor and the Alliance* merger . . . ." July 12th Order, at 6 (citation and internal quotation marks omitted).  As plaintiff apparently did, the Court views one of the central questions in this case to be whether the Referral Agreement covers defendant's relationship with *both* Endeavor and Emanuel. *Cf. id.* at 3 ("*From that introduction*, Ledecky has contended, *Endeavor received $1.5 million and the company's representative, Ariel Emanuel, was appointed director* of the newly merged entity." (citation omitted) (emphasis added)).  Plaintiff should therefore be required to produce this information.

And finally, defendant seeks "All documents relating to any actual or potential business opportunities for Source that were presented to Source by Ironbound and/or Ledecky[,]" RPD, at No. 21, and "All documents relating to any business assistance provided by Ironbound and/or Ledecky to Source *prior to the execution of the Referral Agreement*, as alleged in paragraph 10 of the Complaint." *Id.* at No. 22 (emphasis added).  Plaintiff opposes both document requests on the

4

grounds that they are overly broad and/or not reasonably calculated to lead to the discovery of admissible evidence. *See* Pl.'s Opp., at 7-10.

With regard to RPD No. 21, the Court views the language "actual or potential business opportunities" as vague. Moreover, it is not self-evident, as defendant asserts, that this language "refer[s] to and concerns" an allegation made within paragraph 14 of the Complaint. *See* Pl.'s Opp., at 9. For these reasons, plaintiff should not be required to produce this information. With regard to RPD No. 22, although it clearly references the language within paragraph 10 of the Complaint, *see* Complaint, at ¶10, the Court views this document request as overly broad and irrelevant for the reason that defendant attempts to discover information regarding events which may or may not have occurred "prior to the execution of the Referral Agreement[.]" RPD, at No. 22. That is to say, because "the parties concur that the [Referral] Agreement, an unambiguous express contract which they both signed on April 26, 2004, controls[,]" July 12th Order, at 6, information that predates the Referral Agreement is necessarily beyond the scope of what is permissible. *Cf.* Referral Agreement, at 2 ("*This is the entire and only Agreement between the parties* respecting the subject matter hereof, and *supercedes all prior agreements*." (emphasis added)). Thus, plaintiff should not be required to produce this information either.

Accordingly, and for the reasons set forth above, it is hereby

**ORDERED** that Defendant Source Interlink Companies, Inc.'s Motion to Compel [#27] shall be **GRANTED** in part and **DENIED** in part. And it is further

**ORDERED** that plaintiff shall produce all documents responsive to Defendant's First Request for Production of Documents Nos. 7, 19, and 20 on or before November 2, 2006.

**Date: September 29, 2006**                    **JOHN GARRETT PENN**
                                                **United States District Judge**