UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1039 (JGP) |
| | ) |
| SOURCE INTERLINK | ) |
| COMPANIES, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff has filed a **Motion to Compel Production of Documents [#25]** ("Pl.'s Mot.")[1], arguing that the Court should order defendant

> to (1) search its backup tapes and other electronic storage systems and produce information responsive to Ironbound's requests that has been lost, destroyed, or deleted, especially e-mails and communications between Source and Endeavor, (2) use reasonable forensic means to recover documents that would have otherwise been preserved on Source's computer backup tapes had it not failed to preserve evidence after receiving notice of Ironbound's claim, (3) produce all documents relating to business opportunities that have resulted from its relationship with Endeavor, and (4) produce documents relating to the value realized by Source as a result of the Alliance merger.

Pl.'s Memo, at 6. Defendant opposes plaintiff's Motion for the reasons that follow:

> [t]o the extent that any potentially responsive documents were deleted or destroyed or relevant backup tapes were not preserved, *this occurred prior to the commencement of this action and, therefore, before any duty to preserve arose*. . . .

---

[1] When citing the accompanying Memorandum in Support of Plaintiff's Motion to Compel Production of Documents, the Court will use the abbreviation "Pl.'s Memo."

> Plaintiff['s discovery request] . . . relating to potential, unfulfilled or unrealized business opportunities that have been presented or referred to [defendant] by . . . "Endeavor" . . . . should be denied because it is *not reasonably calculated to lead to the discovery of admissible evidence*[.]
>
> [And, f]or similar reasons, Plaintiff's motion to compel discovery on his requests relating to his *equitable claims* . . . should be denied.

Defendant Source Interlink Companies, Inc.'S Memorandum in Opposition to Plaintiff's Motion to Compel Production of Documents [#40] ("Def.'s Opp."), at 1-2 (emphasis added). For the reasons below, the Court concludes that plaintiff's Motion should be denied.

As a matter of law, it has long been established that trial courts are afforded "broad discretion" in the management of discovery issues. *E.g.*, Nichols v. First Union Nat'l Bank, 2006 D.C. App. LEXIS 486 (D.C. August 17, 2006). It is also well-established that "[t]he deposition-discovery rules are to be accorded a *broad and liberal treatment*." *Roebling v. Anderson*, 103 U.S. App. D.C. 237, 257 F.2d 615, 620 (D.C. Cir. 1958) (emphasis added). That is, "[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." *Id.*; *accord Levin v. Clark*, 133 U.S. App. D.C. 6, 408 F.2d 1209, 1209 (D.C. Cir. 1967) ("Liberal provision for discovery" is designed to make "the search for truth a realistic enterprise rather than an obstacle course festooned with devices for denying evidence . . . .").

In this case, again, plaintiff first argues that it is entitled to "backup tapes and other electronic storage systems and produce information responsive to Ironbound's requests that has been lost, destroyed, or deleted, especially e-mails and communications between Source and Endeavor[.]" Pl.'s Memo, at 6. This issue has been resolved by the parties. *See* Notice of

Resolution of Discovery Dispute [#56], at 1-2.

Next, the Court addresses plaintiff's argument that defendant should "produce all documents relating to business opportunities that have resulted from its relationship with Endeavor[.]" Pl.'s Memo, at 6. The specific request reads this way: "All documents relating to *actual or potential business opportunities* for Source that have been discussed by Emanuel and Source or Endeavor and Source." Plaintiff's First Request for Production of Documents ("RPD"), at ¶ 10. The Court views this document request as *vague*. To underscore this conclusion, despite's its insistence to the contrary, plaintiff felt it necessary to *explain the meaning of the document request* to the Court within its instant Motion to Compel. *See* Pl.'s Memo, at 12. If by serving RPD #10, plaintiff's actual intent was to receive "[d]ocuments related to . . . business plans, analyses, proposals, letters of intent, customer contracts, and evidence of sales, all of which are relevant to establishing liability under the Agreement[,]" *id.*, it was plaintiff's duty to phrase the document request in that manner. Consequently, defendant should not be required to produce this information.

And lastly, plaintiff seeks "all documents responsive to Request Nos. . . . 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32 of Plaintiff's First Request for Production of Documents." Pl.'s Mot., at 1. It does so on the ground that "[t]hese requests are calculated to lead to the discovery of evidence relating to [the] *equity claims*." Pl.'s Memo, at 17 (emphasis added). Notwithstanding, as the Court has dismissed the equitable claims, *see* Memorandum Order Granting Motion to Dismiss Plaintiff's Implied Contract Claims [#62], defendant should not be required to produce this information.

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED** that the Motion to Compel Production of Documents [#25] shall be **DENIED**.

| | |
|---|---|
| Date: September 29, 2006 | **JOHN GARRETT PENN**<br>**United States District Judge** |