IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JONATHAN LEDECKY d/b/a<br>IRONBOUND PARTNERS, | )<br>)<br>)<br>) |  |
| *Plaintiff*, | )<br>) |  |
| v. | )<br>) | Civil Action No. 1:05CV01039 (JGP) |
| SOURCE INTERLINK COMPANIES, INC., | )<br>)<br>) |  |
| *Defendant*. | )<br>) |  |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff proposes the following instructions from the Standardized Jury Instructions for the District of Columbia: §1.01 (Function of the Court), §1.02 (Function of the Jury), §1.04 (Juror's Duty to Deliberate), §1.09 (Jury Not to Take Cue from Judge), §1.10 (Rulings on Objections), §2.01 (Evidence in the Case), §2.03 (Inferences), §2.05 (Statements of Counsel), § 2.06 (Jury's Recollection Controls), §2.08 (Burden of Proof), §2.10 (Direct and Circumstantial Evidence), §3.01 (Jury to Determine Credibility of Witnesses), §3.02 (Number of Witnesses), §3.05 (Depositions as Evidence), §3.08 (Impeachment by Prior Inconsistent Statements), §4.05 (Consideration of the Evidence—Corporate Party's Agents and Employees), §11.01 (Contract—Defined), §11.02 (Contract Formation—Elements), §11.12 (Contract to be Construed as a Whole), §11.13 (Terms of a Contract—Evidence).

Plaintiff also proposes the following instructions from the Standardized Jury Instructions for the District of Columbia, with modifications:

§11.20 (Prevention of a Condition)—Plaintiff proposes modifying the first two sentences of §11.20 as follows "If you find, under the contract in this case, that Source had no duty to

perform unless it entered into a written agreement with Endeavor, and that condition was in Source's control and that Source wrongfully failed to perform that condition but accepted the benefits of the contract, then you must find that Source breached the contract and is liable to Mr. Ledecky." *See N. Am. Van Lines v. Collyer*, 616 So.2d 177, 179 (Fla. Dist. Ct. App. 1993); *Hart v. Pierce*, 125 So. 243, 243 (Fla. 1929); *Walker v. Chancey*, 117 So. 705, 707 (Fla. 1928). *See also Ne. Drilling Inc. v. Inner Space Servs., Inc.*, 243 F.3d 25, 40 (1st Cir. 2001) (citing *Restatement (Second) of Contracts* § 245 (1981)).

§11.17 (Breach of Contract—Defined), but ending with the sentence "If you find that Source breached the contract with Mr. Ledecky, then Source is liable to Mr. Ledecky for damages."

In addition, Plaintiff proposes the following instructions:

"In interpreting a contract, you should look first at the express words. The words should be interpreted by what a reasonable person in the parties' position would have thought the words meant." *See* Comment 2 to § 11.14 of the Standardized Jury Instructions for the District of Columbia (citing *District of Columbia v. Langenfelder & Son*, 558 A.2d 1155, 1159 (D.C. 1989); *1901 Wyoming Ave. Coop. Assoc. v. Lee*, 345 A.2d 456, 461-62 (D.C. 1975)).

"The nature of the relationship between Source and The Endeavor Agency, LLC is an issue in this case. When considering whether Source and Endeavor entered into a business relationship, you should not rely on the descriptive labels used by either Source or Endeavor to characterize that relationship. Rather, you should consider all the facts and make your own determination as to whether Source and Endeavor entered into a business relationship." *See Parker v. Domino's Pizza, Inc.*, 629 So.2d 1026, 1026-29 (Fla. Dist. Ct. App. 1994); *Nazworth*

*v. Swire Florida, Inc.*, 486 So.2d 637 (Fla. Dist. Ct. App. 1986); *Singer v. Star*, 510 So.2d 637, 640 (Fla. Dist. Ct. App. 1987).

"When determining the meaning of the terms in the contract, you should keep in mind that a contract should not be interpreted in a manner that leads to an absurd result. If one interpretation would lead to an absurd conclusion, that interpretation should be rejected in favor of an interpretation that is reasonable. Additionally, the contract should not be interpreted in a manner that would place one party at the mercy of the other, unless it is clear that this was the parties' intention at the time they entered into the contract." *See AeroJet-General Corp. v. Askew*, 511 F.2d 710 (5th Cir. 1975); *Florida Power Corp. v. City of Tallahassee*, 154 Fla. 638, 644, 18 So.2d 671, 674 (1944); *Arthur Rutenberg Corp. v. Pasin*, 506 So.2d 33 (Fla. Dist. App. 1987) (quoting *James v. Gulf Life Ins. Co.*, 66 So.2d 62, 63 (Fla. 1953). *See also Ritter v. Mut. Life Ins. Co. of New York*, 169 U.S. 139 (1898).

"In every contract, the law implies a duty on each party to the contract to deal with each other fairly and in good faith. Mr. Ledecky has alleged that Source breached that duty. If you find that Source failed to act fairly and in good faith in performing its obligations under the contract, you must find that it has breached the contract." *See Anthony Distribs., Inc. v. Miller Brewing Co.*, 882 F. Supp. 1024, 1031 (M.D. Fla. 1995) (citing *Scheck v. Burger King Corp.*, 798 F. Supp. 692, 693-94 (S.D. Fla. 1992)); *Kraft Co. v. J & H Mash & McLennan of Florida, Inc.*, 2006 WL 1876995, *2 (M.D. Fla. 2006).

"If you find that Source accepted the benefits of the contract with full knowledge that Mr. Ledecky expected to be compensated for his services, you must find that Source is prevented from denying that it has a duty to compensate Mr. Ledecky under the contract." *See First Am. Discount Corp. v. Commodity Futures Trading Comm'n*, 222 F.3d 1008, 1016 (D.C. Cir. 2000)

(quoting *Kaneb Servs., Inc. v. FSLIC*, 650 F.2d 78, 81 (5th Cir. 1981)). *See also Mick's at Pennsylvania Ave., Inc. v. BOD, Inc.*, 389 F.3d 1284, 1289 (D.C. Cir. 2004); *DeShong v. Seaboard Coast Line R.R. Co.*, 737 F.2d 1520, 1522 (11th Cir. 1984).

If the Court rules that Florida law applies to the issue of whether Mr. Ledecky was required to hold a broker's license in making the introduction of Source to Endeavor, Plaintiff proposes the following instruction: "If Mr. Ledecky acted as a broker in introducing Source to Endeavor, the contract between Mr. Ledecky and Source is unenforceable. Source has the burden of proving that Mr. Ledecky acted as a broker. In order to find that Mr. Ledecky acted as a broker under the applicable Florida statute, you must find that he negotiated the sale, exchange, or purchase of a business enterprise or business opportunity, or that he took part in the procuring of a seller or purchaser of a business enterprise or business opportunity. If you do not find that Mr. Ledecky negotiated the sale, exchange, or purchase of a business enterprise or business opportunity, and if you find that Mr. Ledecky did not take part in the procuring of a seller or purchaser of a business enterprise or business opportunity, you must find that he did not act as a broker." *See* Fla. Stat. § 475.01(1)(a).

If the Court rules that D.C. law applies to the brokerage issue, no such instruction is necessary.

Respectfully submitted,

   /s/ Harvey A. Levin
Jan Paul Miller
THOMPSON COBURN LLP
One U.S. Bank Plaza
St. Louis, Missouri  63101-1611

(314) 552-6365 (telephone)
(314) 552-7365 (facsimile)

Harvey A. Levin (D.C. Bar No. 203869)
Allison Manger (D.C. Bar No. 482593)
 THOMPSON COBURN LLP
 1909 K. Street, N.W. Ste. 600
 Washington, D.C.  20006-1167
 (202) 585-6900 (telephone)
 (202) 585-6969 (facsimile)

*Attorneys for Plaintiff Jonathan Ledecky d/b/a Ironbound Partners*

- 5 -

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2006, a true and correct copy of the foregoing Plaintiff's Proposed Jury Instructions, was mailed electronically through CM/ECF to:

>Kevin E. Stern
>C. Allen Foster
>Geoffrey Greeves
>Maria Hallas
>GREENBERG TRAURIG, LLP
>800 Connecticut Ave., N.W.
>Suite 500
>Washington, D.C.  20006


　　　　　　　　　　　　　　　　　　　/s/ Allison Manger