# APPENDIX F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:05CV01039 (JGP) |
| SOURCE INTERLINK COMPANIES, INC., | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S
PROPOSED JURY INSTRUCTIONS**

Defendant Source Interlink Companies, Inc. ("Source") respectfully submits its proposed

jury instructions pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Court's

Order for Pretrial Conference.

## <u>DEFENDANTS JURY INSTRUCTIONS</u>

INSTRUCTION NO. 1:    OPENING INSTRUCTION, NATURE OF CASE

INSTRUCTION NO. 2:    OPENING INSTRUCTION, ORDER OF TRIAL

INSTRUCTION NO. 3:    OPENING INSTRUCTION, EVIDENCE IN THE CASE

INSTRUCTION NO. 4:    OPENING INSTRUCTION, PROVINCE OF THE COURT AND JURY

INSTRUCTION NO. 5:    OPENING INSTRUCTION, ATTITUDE AND CONDUCT OF JURORS

INSTRUCTION NO. 6:    OPENING INSTRUCTION, COURT'S QUESTIONS TO WITNESSES

INSTRUCTION NO. 7:    GENERAL INSTRUCTION, ADMONITION PRIOR TO COURT'S RECESS

INSTRUCTION NO. 8:    CLOSING INSTRUCTION, EQUALITY OF LITIGANTS -- CORPORATIONS

INSTRUCTION NO. 9:    CLOSING INSTRUCTION, PROVINCE OF THE COURT AND JURY

INSTRUCTION NO. 10:    CLOSING INSTRUCTION. STIPULATIONS, JUDICIAL NOTICE, INFERENCES PERMITTED

INSTRUCTION NO. 11:    CLOSING INSTRUCTION, ATTORNEY'S QUESTIONS NOT EVIDENCE

INSTRUCTION NO. 12:    CLOSING INSTRUCTION, SIGNIFICANCE OF PARTY DESIGNATIONS

INSTRUCTION NO. 13:    CLOSING INSTRUCTION, JUROR'S DUTY TO DELIBERATE

INSTRUCTION NO. 14:    CLOSING INSTRUCTION, BURDEN OF PROOF AND THE EVIDENCE, PREPONDERANCE OF THE EVIDENCE

INSTRUCTION NO. 15:    CLOSING INSTRUCTION, BURDEN OF PROOF AND THE EVIDENCE, "IF YOU DETERMINE"

INSTRUCTION NO. 16:    CLOSING INSTRUCTION, BURDEN OF PROOF AND THE EVIDENCE, EVIDENCE DIRECT – INDIRECT OR CIRCUMSTANTIAL

WDC 371348860v3 9/29/2006

INSTRUCTION NO. 17:     CLOSING INSTRUCTION, BURDEN OF PROOF AND THE
                        EVIDENCE, INFERENCES DEFINED

INSTRUCTION NO. 18:     CLOSING INSTRUCTION, JURY TO DETERMINE
                        CREDIBILITY OF WITNESSES

INSTRUCTION NO. 19:     CLOSING INSTRUCTION, BURDEN OF PROOF AND THE
                        EVIDENCE, DEPOSITIONS; USE AS EVIDENCE

INSTRUCTION NO. 20:     CLOSING INSTRUCTION, BURDEN OF PROOF AND THE
                        EVIDENCE, IMPEACHMENT; INCONSISTENT
                        STATEMENTS OR CONDUCT

INSTRUCTION NO. 21:     CLOSING INSTRUCTION, EVIDENCE IN THE CASE

INSTRUCTION NO. 22:     CLOSING INSTRUCTION, EVIDENCE IN THE CASE--
                        JUDICIAL NOTICE

INSTRUCTION NO. 23:     CLOSING INSTRUCTION, INFERENCES

INSTRUCTION NO. 24:     CLOSING INSTRUCTION, INADMISSIBLE AND STRICKEN
                        EVIDENCE

INSTRUCTION NO. 25:     CLOSING INSTRUCTION, JURY'S RECOLLECTION
                        CONTROLS

INSTRUCTION NO. 26:     CLOSING INSTRUCTION, NUMBER OF WITNESSES

INSTRUCTION NO. 27:     CLOSING INSTRUCTION, CONTRACT--DEFINED

INSTRUCTION NO. 28:     CLOSING INSTRUCTION, CONTRACT TO BE CONSTRUED
                        AS A WHOLE

INSTRUCTION NO. 29:     CLOSING INSTRUCTION, TERMS OF A CONTRACT--
                        EVIDENCE

INSTRUCTION NO. 30:     CLOSING INSTRUCTION, INTENT OF PARTIES

INSTRUCTION NO. 31:     CLOSING INSTRUCTION, CONTRACT INTERPRETATION

INSTRUCTION NO. 32:     CLOSING INSTRUCTION, BREACH OF CONTRACT--
                        DEFINED

INSTRUCTION NO. 33:     CLOSING INSTRUCTION, CONDITION DEFINED

WDC 371348860v3 9/29/2006

INSTRUCTION NO. 34:     CLOSING INSTRUCTION, CONDITION PRECEDENT

INSTRUCTION NO. 35:     CLOSING INSTRUCTION, "BUSINESS RELATIONSHIP"
                        DEFINED

INSTRUCTION NO. 36:     CLOSING INSTRUCTION, IMPLIED DUTY OF GOOD FAITH
                        AND FAIR DEALING

INSTRUCTION NO. 37:     CLOSING INSTRUCTION, PREVENTION OF CONDITION
                        PRECEDENT

INSTRUCTION NO. 38:     CLOSING INSTRUCTION, VERDICT – UNANIMOUS – DUTY
                        TO DELIBERATE

INSTRUCTION NO. 39:     CLOSING INSTRUCTION, ELECTION OF FOREPERSON –
                        VERDICT

INSTRUCTION NO. 40:     CLOSING INSTRUCTION, COMMUNICATIONS BETWEEN
                        COURT AND JURY

*WDC 371348860v3 9/29/2006*

## INSTRUCTION NO. 1
## OPENING INSTRUCTION
## NATURE OF CASE

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called the plaintiff. In this action, the plaintiff is Jonathan Ledecky doing business as Ironbound Partners. The party against whom the suit is brought is called the defendant. In this action, the defendant is Source Interlink Companies, Inc.

The issue in this case that you will be asked to decide relates to a referral fee or commission Plaintiff claims he earned because of a written contract, and your job is to decide the facts in this case. Specifically, the issues in this case for your consideration are: (1) the terms and conditions of the contract between Defendant and Plaintiff; (2) whether Defendant breached the contract.

In this case, Plaintiff will present evidence from which he will ask you to conclude that the written terms and conditions of a Referral Agreement entitle Plaintiff to compensation. Specifically, Plaintiff will present evidence from which he will ask you to conclude that a "business relationship" was formed between Defendant and a third party, the Endeavor Agency, LLC, after Plaintiff introduced those parties to one another. Plaintiff will present evidence from which he will ask you to conclude that a non-disclosure agreement executed between the Endeavor Agency, LLC and Defendant satisfies a requirement in the Referral Agreement that, in order for there to be a "business relationship" between Defendant and Endeavor, there must exist an executed written agreement between the parties manifesting acceptance of the business relationship. Plaintiff will also present evidence from which he will ask you to conclude that the written agreement condition in the Referral Agreement was excused because Defendant purposefully prevented itself from entering into a written agreement with Endeavor in order to avoid liability to Plaintiff.

Defendant, on the other hand, will present evidence from which it will ask you to conclude that the terms and conditions of the Referral Agreement between Plaintiff and Defendant were not fulfilled and that, as a result, Plaintiff is not entitled to any compensation.

By your verdict you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding on your verdict.

Because you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration. During the trial, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of all of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not admissible. You should not show prejudice against an attorney or his client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself. During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the court alone. On some occasions, you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.[1]

---

[1]**Authority:** Adapted from 3A E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 70.01, at 2-3 (4th Ed. 1987) (citing authorities).

## INSTRUCTION NO. 2
## OPENING INSTRUCTION
## ORDER OF TRIAL

The case will proceed in the following order:

First, Plaintiff may make an opening statement outlining his case. Defendant may also make an opening statement outlining their case immediately after Plaintiff's statement, or may defer the making of its opening statement until the conclusion of the Plaintiff's case. Neither party is required to make an opening statement. What is said in an opening statement is not evidence, but is simply designed to provide you with an introduction as to the evidence which the party making the statement intends to produce.

Second, Plaintiff will introduce evidence in support of his claims. At the conclusion of the Plaintiff's case, Defendant may introduce evidence. Defendant, however, is not obligated to introduce any evidence or call any witnesses. If the Defendant introduces evidence, Plaintiff may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider the evidence has shown and as to the inferences which they contend you should draw from the evidence. What is said in a closing argument, just as what is said in an opening statement, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. Plaintiff has the right to open and close the argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.[2]

---

[2]**Authority:** Adapted from 3A E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 70.02, at 6 (4th Ed. 1987) (citing authorities).

INSTRUCTION NO. 3
OPENING INSTRUCTION
EVIDENCE IN THE CASE

The evidence in the case will consist of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been judicially noticed, and which I instruct you to take as true for the purposes of the case.

Depositions may also be received in evidence. Depositions contain sworn testimony with counsel for each party being entitled to ask questions. Testimony produced in a deposition may be read to you in open court or may be played for you in video form. Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proven.

The court may take judicial notice of certain facts or events. When the court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

Any evidence as to which an objection is sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded. Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Some evidence is admitted or a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw from the facts which you find to have been proven, such reasonable inferences as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.[3]

---

[3] **Authority:** Adapted from 3A E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 70.03, at 7-8 (4th Ed. 1987) (citing authorities).

**INSTRUCTION NO. 4**
**OPENING INSTRUCTION**
**PROVINCE OF THE COURT AND JURY**

After the evidence has been heard and arguments and instructions are concluded, you will retire to consider your verdict. You will determine the facts from all the testimony that you hear and the other evidence that is submitted. You are the sole and exclusive judges of the facts, and in that field neither I nor anyone else may invade your province.

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether you agree with them or not.[4]

---

[4]**Authority:** Adapted from 3A E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 70.06, at 10 (4th Ed. 1987) (citing authorities).

*WDC 371348860v3 9/29/2006*

**INSTRUCTION NO. 5**
**OPENING INSTRUCTION**
**ATTITUDE AND CONDUCT OF JURORS**
**(D.C. Std. Civ. Jury Instr. No. 1-5)**

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict which you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

**INSTRUCTION NO. 6**
**OPENING INSTRUCTION**
**COURT'S QUESTIONS TO WITNESSES**

During the course of a trial, I may occasionally ask questions of a witness, in order to bring out facts not then fully covered by the testimony.  Please do not assume that I hold any opinion on the matters to which my questions may have related.  Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.[5]

---

[5] **Authority:** Adapted from 3A E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, § 70.13, at 14 (4th Ed. 1987) (citing authorities).

11

# INSTRUCTION NO. 7
## GENERAL INSTRUCTION
### ADMONITION PRIOR TO COURT'S RECESS

You will not be required to remain together while the court is in recess. It is important that you obey the following instructions with reference to the recesses of the court:

First, do not discuss the case either among yourselves or with anyone else during the course of trial. In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' summations and my instructions to you on the law, and then only after an interchange of views with the other members of the jury.

Second, do not permit any person discuss the case in your presence, and if anyone does so despite your telling him not to, report that fact to the court as soon as you are able. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel necessary to bring to the attention of the court.

Third, though it is a normal human tendency to converse with people with whom one is thrown into contact, please do not, during the time you serve on this jury, converse whether in or out of the court room, with any of the parties or their attorneys or any witness. By this I mean not only do not converse about the case, but do not converse at all, even to pass the time of day. In no other way can all of the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

Fourth, do not read about the case in the newspapers or listen to radio or television broadcasts about the trial. If a newspaper headline catches your eye, do not examine the article further. Media accounts may be inaccurate and may contain matters which are not proper evidence for your consideration. You must base your verdict solely on what is brought out in court.

Fifth, do not do any research or make any investigation about the case on your own.

Sixth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.[6]

---

[6]**Authority:** Adapted from 3A E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 70.15, at 15-16 (4th Ed. 1987) (citing authorities).

**INSTRUCTION NO. 8**
**CLOSING INSTRUCTION**
**EQUALITY OF LITIGANTS -- CORPORATIONS**
**(D.C. Std. Civ. Jury Instr. No. 1-11)**

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. A corporation, whether large or small, has the same right to a fair trial as a private individual. All persons, including corporations, stand equal before the law and are to be treated as equals in this court. In other words, the fact that a plaintiff or defendant is a corporation must not affect your decision.

WDC 371348860v3 9/29/2006

# INSTRUCTION NO. 9
## CLOSING INSTRUCTION
## PROVINCE OF THE COURT AND JURY

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[7]

---

[7]**Authority:** Adapted from 3A E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 71.01, at 17-18 (4th Ed. 1987) (citing authorities).

**INSTRUCTION NO. 10**
**CLOSING INSTRUCTION**
**STIPULATIONS, JUDICIAL NOTICE, INFERENCES PERMITTED**

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consisted of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.[8]

---

[8]**Authority:** Adapted from 3A E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions,</u> § 70.08, at 23-24 (4th Ed. 1987) (citing authorities).

15

**INSTRUCTION NO. 11**
**CLOSING INSTRUCTION**
**ATTORNEY'S QUESTIONS NOT EVIDENCE**
**Statements of Counsel (D.C. Std. Civ. Jury Instr. No. 2-5)**

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective. The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

16

**INSTRUCTION NO. 12**
**CLOSING INSTRUCTION**
**SIGNIFICANCE OF PARTY DESIGNATIONS**
**(D.C. Std. Civ. Jury Instr. No. 1-3)**

During the course of trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that his or her evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of his claim against a defendant by a preponderance of the evidence before he is entitled to prevail.

*WDC 371348860v3 9/29/2006*

**INSTRUCTION NO. 13**
**CLOSING INSTRUCTION**
**JUROR'S DUTY TO DELIBERATE**
**(D.C. Std. Civ. Jury Instr. No. 1-4)**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement.  You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors.  You should not hesitate to change an opinion when convinced it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach agreement only if you can do so in good conscience.  In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

18

**INSTRUCTION NO. 14**
**CLOSING INSTRUCTION**
**BURDEN OF PROOF AND THE EVIDENCE**
**PREPONDERANCE OF THE EVIDENCE**
**Burden of Proof (D.C. Std. Civ. Jury Instr. No. 2-8)**

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of his claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

**INSTRUCTION NO. 15**
**CLOSING INSTRUCTION**
**BURDEN OF PROOF AND THE EVIDENCE**
**"IF YOU DETERMINE"**

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you determine," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.[9]

---

[9]**Authority:** Adapted from 3A E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 72.02, at 35 (4th Ed. 1987) (citing <u>Moomey v. Massey Ferguson, Inc.</u>, 429 F.2d 1184 (10th Cir. 1970)).

20

**INSTRUCTION NO. 16**
**CLOSING INSTRUCTION**
**BURDEN OF PROOF AND THE EVIDENCE**
**EVIDENCE DIRECT – INDIRECT OR CIRCUMSTANTIAL**
**Direct and Circumstantial Evidence (D.C. Std. Civ. Jury Instr. No. 2-10)**

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of
a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a
fact which is established or logically inferred from a chain of other facts or circumstances. For
example, direct evidence of whether an animal was running in the snow might be the testimony
of a person who actually saw the animal in the snow. Circumstantial evidence might be the
testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the
weight to be given either direct or circumstantial evidence. The law does not require a greater
degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the
evidence in the case, both direct and circumstantial, and find the facts in accordance with that
evidence.

### INSTRUCTION NO. 17
### CLOSING INSTRUCTION
### BURDEN OF PROOF AND THE EVIDENCE
### INFERENCES DEFINED

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.[10]

---

[10] **Authority:** Adapted from 3A E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 72.04, at 36 (4th ed. 1987) (deleting third paragraph discussing presumptions).

22

**INSTRUCTION NO. 18**
**CLOSING INSTRUCTION**
**JURY TO DETERMINE CREDIBILITY OF WITNESSES**
**(D.C. Std. Civ. Jury Instr. No. 3-1)**

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence. If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth. You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.