**INSTRUCTION NO. 19**
**CLOSING INSTRUCTION**
**BURDEN OF PROOF AND THE EVIDENCE**
**DEPOSITIONS; USE AS EVIDENCE**
**Depositions as Evidence (D.C. Std. Civ. Jury Instr. No. 3-5)**

During the trial of this case, certain testimony has been read to you [or presented by videotape]. You should give to this testimony the same consideration [as to its weight and credibility,] as you give to the testimony of witnesses who testified here in court. You must not discount any testimony merely because it was read to you [or presented on videotape].

24

**INSTRUCTION NO. 20**
**CLOSING INSTRUCTION**
**BURDEN OF PROOF AND THE EVIDENCE**
**IMPEACHMENT; INCONSISTENT STATEMENTS OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[11]

---

[11] **Authority:** 3A E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 73.04, at 54-55 (4th ed. 1987) (citing authorities).

WDC 371348860v3 9/29/2006

**INSTRUCTION NO. 21**
**CLOSING INSTRUCTION**
**EVIDENCE IN THE CASE**
**(D.C. Std. Civ. Jury Instr. No. 2-1)**

You may consider only the evidence properly admitted in the case.  Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel.  You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

*WDC 371348860v3 9/29/2006*

**INSTRUCTION NO. 22**
**CLOSING INSTRUCTION**
**EVIDENCE IN THE CASE--JUDICIAL NOTICE**
**(D.C. Std. Civ. Jury Instr. No. 2-2)**

Another type of evidence includes facts of which I take judicial notice.  I may take judicial notice of public acts, places, facts and events which I regard as matters of common knowledge.  When I take judicial notice of a particular fact, you may regard that fact as included in the evidence and proven.

*WDC 371348860v3 9/29/2006*

**INSTRUCTION NO. 23**
**CLOSING INSTRUCTION**
**INFERENCES**
**(D.C. Std. Civ. Jury Instr. No. 2-3)**

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.

28

**INSTRUCTION NO. 24**
**CLOSING INSTRUCTION**
**INADMISSIBLE AND STRICKEN EVIDENCE**
**(D.C. Std. Civ. Jury Instr. No. 2-4)**

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been.  If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

[Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.]

29

**INSTRUCTION NO. 25**
**CLOSING INSTRUCTION**
**JURY'S RECOLLECTION CONTROLS**
**(D.C. Std. Civ. Jury Instr. No. 2-6)**

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

WDC 371348860v3 9/29/2006

**INSTRUCTION NO. 26**
**CLOSING INSTRUCTION**
**NUMBER OF WITNESSES**
**(D.C. Std. Civ. Jury Instr. No. 3-2)**

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side.  You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief.  You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.  Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

WDC 371348860v3 9/29/2006

**INSTRUCTION NO. 27**
**CLOSING INSTRUCTION**
**CONTRACT--DEFINED**
**(D.C. Std. Civ. Jury Instr. No. 11-1)**

A contract is an agreement between two or more parties to do or not to do something.

32

**INSTRUCTION NO. 28**
**CLOSING INSTRUCTION**
**CONTRACT TO BE CONSTRUED AS A WHOLE**

You should consider the contract as a whole. You should not ignore any section of the contract, and you should not give undue weight to one section over another section.  A contractual provision cannot be rewritten or excused to make an otherwise valid contract more reasonable or favorable from the standpoint of one contracting party.[12]

---

[12] **Authority:** D.C. Std. Civ. Jury Instr. No. 11-12; Med. Ctr. Health Plan v. Brick, 572 So.2d 548, 551 (Fla. Dist. Ct. App. 1990); N. Am. Van Lines v. Collyer, 616 So.2d 177, 179 (Fla. Dist. Ct. App. 1993).

33

**INSTRUCTION NO. 29**
**CLOSING INSTRUCTION**
**TERMS OF A CONTRACT--EVIDENCE**
**(D.C. Std. Civ. Jury Instr. No. 11-13)**

In determining the terms of a contract, you should first consider what a reasonable person in the position of the parties would have believed was the meaning of the words.  Next, you may consider the circumstances that existed at the time the contract was made, including the apparent purpose of the parties in entering into the contract, the history of negotiations leading up to the contract and the statements of the parties about their understanding of the contract.  In addition, you may consider the statements of any agent for a party about their actions in negotiating or drafting the contract, or about their understanding of the language of the contract.

34

**INSTRUCTION NO. 30**
**CLOSING INSTRUCTION**
**INTENT OF PARTIES**
**1-30 Florida Forms of Jury Instruction § 30.80**

The meanings of terms used in an alleged contract are determined by the intent of the parties. You should determine what Plaintiff and Defendant intended the material terms of the contract to mean by examining their conduct, their language, and the circumstances that existed at that time they allegedly entered into the contract.

35

## INSTRUCTION NO. 31
## CLOSING INSTRUCTION
## CONTRACT INTERPRETATION

There is a dispute in this case about the meaning of the words in the contract. You may consider the conditions and circumstances surrounding the parties to the contract, and the object or objects to be obtained when the contract was executed should be considered.

If clauses appear to be repugnant to each other, they must be given such an interpretation and construction as will reconcile them if possible; if one interpretation would lead to an absurd conclusion, then such interpretation should be abandoned and the one adopted which would accord with reason and probability and the practical aspect of the transaction between the parties.

If the language of a contract is contradictory, obscure or ambiguous or its meaning is doubtful so that it is susceptible of two interpretations, one of which makes it fair, customary, and such as a prudent man would naturally execute, while the other interpretation would make it inequitable, unnatural or such as a reasonable man would not be likely to enter into, you may adopt the reasonable, logical and rational interpretation.[13]

---

[13] **Authority:** Florida Power Corp. v. City of Tallahassee, 18 So.2d 671 (Fla. 1944); Triple E Dev. Co. v. Floridagold Citrus Corp., 51 So.2d 435, 438 (Fla. 1951); Wright & Seaton, Inc. v. Prescott, 420 So.2d 623, 629 (Fla. Dist. Ct. App. 1982); Herian v. Southeast Bank, N.A., 564 So.2d 213, 214 (Fla. Dist. Ct. App. 1990).

**INSTRUCTION NO. 32**
**CLOSING INSTRUCTION**
**BREACH OF CONTRACT--DEFINED**

In this case, the Plaintiff claims that there was a contract between the Plaintiff and the Defendant to pay Plaintiff a referral fee or commission.  The Plaintiff claims that the Defendant breached this contract by refusing to pay Plaintiff his commission.  Under the law, if one party, without legal excuse, fails to fully perform a duty owed under a contract, then that party has breached the contract. If you find that the Defendant breached the contract with the Plaintiff, then the Defendant is liable to Plaintiff for damages.  You will not be asked in this case to determine the amount of damages, if any, owed to Plaintiff by Defendant.[14]

---

[14]  **Authority:**  Adapted from D.C. Std. Civ. Jury Instr. No. 11-17.

*WDC 371348860v3 9/29/2006*

**INSTRUCTION NO. 33**
**CLOSING INSTRUCTION**
**CONDITION DEFINED**

The obligation of a party is conditional when its duty to perform the obligation depends on the happening of an event, the non-occurrence of which may either be certain or uncertain. Performance of a duty subject to a condition cannot become due unless the condition occurs or its non-occurrence is excused.[15]

---

[15] **Authority:** 1-32 Florida Forms of Jury Instructions § 32.80; Restatement (Second) of Contracts §225(1) (1981).

## INSTRUCTION NO. 34
## CLOSING INSTRUCTION
## CONDITION PRECEDENT

To prevail in his claim against Defendant, Plaintiff must prove by a preponderance of evidence that all conditions precedent to Defendant's obligation to perform under the contract have been satisfied.  The Defendant contends that there was an express condition in the contract that did not occur and, therefore, it was excused from performing its contract obligations.  Specifically, Defendant contends that Plaintiff is not entitled to any compensation under the Referral Agreement unless there exists an executed written agreement between Defendant and Endeavor that manifests Defendant's acceptance of a "business relationship" with Endeavor, and that under the contract Defendant had the "unfettered discretion to accept or reject any proposed business relationship with [Endeavor] without liability to [Plaintiff]," and that no such written acceptance occurred.

You must determine whether there was a condition in the contract.  In other words, you must determine whether the parties intended that the Defendant's obligation to perform depended upon the execution of a written agreement between Defendant and Endeavor that manifests Defendant's acceptance of a "business relationship" with Endeavor.  If you find there was such a condition in the contract, then you must decide whether the condition or event occurred.

If you find that there was no event or condition that had to occur before the Defendant became obligated to perform its part of the contract, then the Defendant was obligated to perform under the contract.

If you find that there was a condition in the contract, and the condition or event did occur, then the Defendant was obligated to perform under the contract.

If you find that there was a condition in the contract, but it did not occur, then the Defendant was excused and not obligated to perform under the contract.[16]

---

[16] **Authority:**  Adapted from 1-32 Florida Forms of Jury Instruction § 32.81; D.C. Std. Civ. Jury Instr. No. 11-16.

**INSTRUCTION NO. 35**
**CLOSING INSTRUCTION**
**"BUSINESS RELATIONSHIP" DEFINED**

In addition to proving by a preponderance of evidence that all conditions precedent to Defendant's obligation to perform under the contract occurred, Plaintiff must also prove that Defendant and Endeavor entered into a "business relationship." In order to find that a "business relationship" exists between Defendant and Endeavor, the parties must have existing or prospective legal or contractual rights against each other. If you find that no such rights exist between Defendant and Endeavor, then your verdict must be for Defendant.[17]

---

[17]  **Authority:** Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812, 814 (Fla. 1995); Thunderwave Inc. v. Carnival Corp., 954 F. Supp. 1562, 1566-67 (S.D. Fla. 1997).

40

## INSTRUCTION NO. 36
## CLOSING INSTRUCTION
## IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING
### 1-32 Florida Forms of Jury Instruction § 32.65

Every contract includes, in addition to its written provisions, a duty of good faith and fair dealing implied by law.  Pursuant to this duty, a party to the contract is required to perform its contract duties in good faith and in a manner that will protect the other parties' reasonable expectations under the contract.  This implied duty is as binding as the written or spoken words of the contract.[18]

---

[18]   In submitting this proposed instruction, Source is not waiving or conceding its position that such instruction is unwarranted as a matter of law under the facts of this case.  The Florida Supreme Court has held (en banc) that where, as is the case here, a broker expressly agrees that execution of a written agreement between the parties he brought together is a condition precedent to his right to a commission, the broker is not entitled to a commission even if the failure to consummate the transaction was due entirely to arbitrary refusal on the part of the principal. *Hanover Realty Corp. v. Codomo,* 95 So.2d 420, 423 (Fla. 1957) (en banc).  Plaintiff therefore cannot use the implied duty of good faith and fair dealing to override or excuse a specific contract term or condition to the contrary. *Id.*

41

# INSTRUCTION NO. 37
## CLOSING INSTRUCTION
### PREVENTION OF CONDITION PRECEDENT[19]

Defendant contends that Plaintiff is not entitled to any compensation under the Referral Agreement unless there exists an executed written agreement between Defendant and Endeavor that manifests Defendant's acceptance of a "business relationship" with Endeavor, and that under the contract Defendant had the "unfettered discretion to accept or reject any proposed business relationship with [Endeavor] without liability to [Plaintiff]," and that no such written acceptance occurred. However, under Defendant's implied duty of good faith and fair dealing, the contract also required that Defendant do nothing to prevent or hinder the execution of a written agreement between itself and Endeavor. If, in violation of its implied duty of good faith and fair dealing, Defendant engaged in wrongful conduct to prevent or make impossible the execution of a written agreement between itself and Endeavor, the law does not permit it to take advantage of the non-occurrence of such condition to avoid an obligation to compensate Plaintiff under the Referral Agreement. Consequently, if the failure to execute a written agreement between itself and Endeavor was caused because Defendant engaged in wrongful conduct to prevent or make impossible the execution of such written agreement, Defendant is obligated to Plaintiff in the same manner as if an actual written agreement existed manifesting Defendant's acceptance of a business relationship between itself and Endeavor. On the other hand, if you find that Defendant did not engage in wrongful conduct to prevent or hinder the execution of a written agreement between itself and Endeavor, you must find that Defendant had no obligation under the contract to compensate Plaintiff.[20]

---

[19]    In submitting this proposed instruction, Source is not waiving or conceding its position that such instruction is unwarranted as a matter of law under the facts of this case. The Florida Supreme Court has held (en banc) that where, as is the case here, a broker expressly agrees that execution of a written agreement between the parties he brought together is a condition precedent to his right to a commission, the broker is not entitled to a commission even if the failure to consummate the transaction was due entirely to arbitrary refusal on the part of the principal. *Hanover Realty Corp. v. Codomo,* 95 So.2d 420, 423 (Fla. 1957) (en banc). Plaintiff therefore cannot use the implied duty of good faith and fair dealing to override or excuse a specific contract term or condition to the contrary. *Id.*

[20]    **Authority:**  Adapted from 1-32 Florida Forms of Jury Instructions §§ 32.66, 32.83.

**INSTRUCTION NO. 38**
**CLOSING INSTRUCTION**
**VERDICT – UNANIMOUS – DUTY TO DELIBERATE**

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in this case.[21]

---

[21]**Authority:**  Adapted from 3 E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions,</u> § 74.01 at 62-63 (4th Ed. 1987) (citing cases).

**INSTRUCTION NO. 39**
**CLOSING INSTRUCTION**
**ELECTION OF FOREPERSON – VERDICT**

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson in Court.

A form of verdict has been prepared for your convenience.  You will take this form to the jury room, and when you have reached a unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree; and then return with your verdict to the courtroom.[22]

---

[22]**Authority:** Adapted from 3 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, § 74.04 at 67 (4th Ed. 1987) (citing cases).

44

**INSTRUCTION NO. 44**
**CLOSING INSTRUCTION**
**COMMUNICATIONS BETWEEN COURT AND JURY**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.[23]

---

[23]**Authority:** Adapted from 3 E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 74.08 at 76 (4th Ed. 1987) (citing cases).

Respectfully submitted,

/s/ Kevin E. Stern                    .
Kevin E. Stern (Bar No. 459214)
Geoffrey J. Greeves (Bar No. 463035)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, DC  20006
Tel:  (202) 331-3100
Fax:  (202) 331-3101

*Counsel for Defendant Source Interlink
Companies, Inc.*

Dated:  September 29, 2006

WDC 371348860v3 9/29/2006