IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case No. 1:05CV01039 (JGP)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM ASSERTING AN ESTOPPEL CLAIM**

Defendant Source Interlink Companies, Inc. ("Source") hereby moves and respectfully requests that this Court enter an order *in limine* precluding Plaintiff from asserting an estoppel claim, as there is no evidence to support this claim.

**DISCUSSION**

In this case Plaintiff is seeking to recover a commission from Source under a Referral Agreement for Source's merger with Alliance Entertainment Corp. Pursuant to the Referral Agreement, Plaintiff agreed to introduce Source to the Endeavor Agency, LLC ("Endeavor") and to assist Source in evaluating and negotiating any proposed "business relationship" with Endeavor. Under the terms of the Referral Agreement, Source had the unfettered discretion to accept or reject any proposed business relationship with Endeavor, and Source's acceptance of a business relationship with Endeavor could be manifest "only by execution of a written agreement between Source and [Endeavor]." In the event Source and Endeavor entered into a business relationship that was documented by an executed written agreement between the parties, the Referral Agreement provides that:

Source shall pay to Ironbound, and Ironbound shall accept, compensation equal to 5% of the net income recorded by Source as a result of its relationship with Client during the five-year period following the date (the "Establishment Date") on which the business relationship is established between Source and Client.

In addition to a breach of contract claim and a claim for breach of the duty of good faith and fair dealing, Plaintiff has alleged an "estoppel" claim against Source (Count Six). In support of his estoppel claim, Plaintiff has alleged the following:

> 63. Source has accepted [Plaintiff's] introduction to Endeavor, as evidenced by the fact that it retained Endeavor as a consultant, accepted Endeavor's services in connection with the Alliance merger, and paid Endeavor $1.5 million.
>
> 64. Having accepted the introduction to Endeavor and entered into an ongoing business relationship that has resulted, and will continue to result, in net income to Source, Source is estopped from claiming that [Plaintiff] is not entitled to compensation under the [Referral] Agreement."

Amended Complaint ¶¶ 63-64.

In order to demonstrate estoppel, a party must show (1) a representation as to a material fact that is contrary to a later-asserted position; (2) reliance on that representation; and (3) a change in position that is detrimental to the party claiming estoppel, caused by the representation and reliance thereon. *State Dept. of Revenue v. Anderson,* 403 So.2d 397, 400 (Fla. 1981); *see also Capital Bank v. Schuler,* 421 So.2d 633, 638 (Fla. Dist. Ct. App. 1982) ("Estoppel is applicable where by word, act or conduct one person causes another to believe in a certain state of things and thereby induces the other person to act to his detriment."). "[E]stoppel is applied only where to refuse its application would be virtually to sanction fraud." *Capital Bank,* 421 So.2d at 638. Estoppel will not lie unless the party seeking to assert the estoppel was misled. *Id.*

Here, Plaintiff should not be allowed to assert an estoppel claim at trial because he has not properly alleged, and there is no evidence to support, such a claim. In particular, Plaintiff

has not alleged, nor is there any evidence to support, that Source ever made any misrepresentations to him that he relied and acted upon to his detriment. An allegation that Source "accepted [Plaintiff's] introduction to Endeavor" and "entered into an ongoing business relationship" that has resulted in net income to Source is not tantamount to a fraud claim. In fact, Plaintiff's estoppel claim is nothing more than a thinly-disguised restatement of his breach of contract claim, wherein Plaintiff has alleged, almost identically, that Source has breached the Referral Agreement by refusing to compensate Plaintiff after Plaintiff introduced Endeavor to Source, and Source and Endeavor entered into a "business relationship" as a result of Plaintiff's introduction. *See* Amended Complaint ¶¶ 41-43. Accordingly, because Plaintiff has not alleged and cannot prove an estoppel claim under any factual scenario, he should not be allowed to assert or argue such a claim in front of the jury.

## CONCLUSION

For the foregoing reasons, Source's Motion *in Limine* to Preclude Plaintiff From Asserting an Estoppel Claim should be granted.

> Respectfully submitted,
>
> /s/ Kevin E. Stern                .
> Kevin E. Stern (Bar No. 459214)
> Geoffrey J. Greeves (Bar No. 463035)
> GREENBERG TRAURIG, LLP
> 800 Connecticut Avenue, NW
> Suite 500
> Washington, DC 20006
> Tel: (202) 331-3100
> Fax: (202) 331-3101
>
> *Counsel for Defendant Source Interlink Companies, Inc.*

Dated: September 29, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Jan Paul Miller, Esq.
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Allison Manger, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006

/s/ Tanya Caudell
Tanya Caudell