IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>      Plaintiff,<br><br>      v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>      Defendant. | Case No. 1:05CV01039 (JGP) |

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENTS CONCERNING
PLAINTIFF'S NOW-DISMISSED EQUITABLE CLAIMS**

Defendant Source Interlink Companies, Inc. ("Source") hereby moves and respectfully requests that this Court enter an order *in limine* precluding Plaintiff Jonathan Ledecky from introducing any evidence or making any arguments at trial relating to his equitable claims of unjust enrichment and *quantum meruit*, which were dismissed with prejudice by the Court in an order dated July 12, 2006 [Doc # 62]. Any such evidence or arguments that pertain solely to these dismissed claims is irrelevant to the determination of the issue that remains in this case -- whether Plaintiff is entitled to compensation under the terms and conditions of the Referral Agreement -- and is, therefore, inadmissible.

**DISCUSSION**

Plaintiff is seeking to recover a commission from Source under a Referral Agreement for Source's merger with Alliance Entertainment Corporation ("Alliance"). Pursuant to the Referral Agreement, Plaintiff agreed to introduce Source to the Endeavor Agency, LLC ("Endeavor") and to assist Source in evaluating and negotiating any proposed "business relationship" with Endeavor. Under the terms of the Referral Agreement, Source had the unfettered discretion to

accept or reject any proposed business relationship with Endeavor, and Source's acceptance of a business relationship with Endeavor could be manifest "only by execution of a written agreement between Source and [Endeavor]." In the event Source and Endeavor entered into a business relationship that was documented by an executed written agreement between the parties, the Referral Agreement provides that:

> Source shall pay to [Plaintiff], and [Plaintiff] shall accept, compensation equal to 5% of the net income recorded by Source as a result of its relationship with [Endeavor] during the five-year period following the date (the "Establishment Date") on which the business relationship is established between Source and [Endeavor].

Subsequent to the introduction, in June 2004, Ari Emanuel, a member of Endeavor, introduced Source to Erika Paulson, a director of Alliance and a partner with The Yucaipa Companies, LLC, an entity affiliated with Alliance's controlling stockholder, AEC Associates, L.L.C. A few weeks after they were introduced, Source and Alliance entered into merger discussions. On November 18, 2004, Source and Alliance entered into a merger agreement and announced that Mr. Emanuel had been appointed to Source's Board of Directors. The merger was approved and closed on February 28, 2005.

In his Amended Complaint, Plaintiff alleged, *inter alia,* equitable claims for *quantum meruit* (Count Two) and unjust enrichment (Count Three), whereby he sought to recover for the "value" of his introduction of Endeavor to Source or the "benefits conferred" upon Source by his introduction. On July 12, 2006, the Court granted Source's motion to dismiss these implied contract claims, holding that, under Florida law, Plaintiff could not maintain these claims where their subject matter is "the very same subject matter covered by a valid and enforceable contract. July 12, 2006 Order at 7 (internal quotations and citation omitted).

As a result of the Court's dismissal of Plaintiff's implied contract claims, any evidence that relates to, describes, characterizes or attempts to quantify the "benefits conferred" or "value received" by Source as a result of Plaintiff's introduction of Endeavor, including, but not limited to, any benefits or value obtained by Source from the Alliance merger is no longer relevant to this case. The only remaining issue in this case is Plaintiff's breach of contract claim, *i.e.*, whether Plaintiff is entitled to compensation under the terms and conditions of the Referral Agreement, which does not involve or concern what value or benefits were conferred upon Source by Plaintiff. For example, the dismissal of Plaintiff's implied contract claims means it is no longer even arguably relevant what payments, bonuses, contracts or other benefits were received by Source, Alliance, Endeavor, and/or any employees of Source or Alliance in connection with the Alliance merger. It also means that Plaintiff cannot argue or suggest to the jury that it can find in Plaintiff's favor under his contract claims even if it finds that the Referral Agreement's express condition precedent, which requires that Source's acceptance of any "business relationship" with Endeavor be manifested by a written agreement between itself and Endeavor, was never satisfied or excused, because that is the only way to prevent Source from being "unjustly enriched" at Plaintiff's expense.

In short, the dismissal of Plaintiff's implied contract claims renders any evidence and arguments relating to any equitable considerations irrelevant to this case, and such evidence and arguments should therefore be excluded.

## CONCLUSION

For the foregoing reasons, Source's Motion *in Limine* to Exclude Evidence and/or Arguments Concerning Plaintiff's Now-Dismissed Equitable Claims should be granted.

3

                                        Respectfully submitted,

                                        /s/ Kevin E. Stern
                                        Kevin E. Stern (Bar No. 459214)
                                        Geoffrey J. Greeves (Bar No. 463035)
                                        GREENBERG TRAURIG, LLP
                                        800 Connecticut Avenue, NW
                                        Suite 500
                                        Washington, DC  20006
                                        Tel:  (202) 331-3100
                                        Fax:  (202) 331-3101

                                        *Counsel for Defendant Source Interlink*
                                        *Companies, Inc.*

Dated:  September 29, 2006

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Jan Paul Miller, Esq.
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Allison Manger, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006

/s/ Tanya Caudell          .
Tanya Caudell

WDC 371349478v2 9/29/2006