IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS, ) ) ) Plaintiff, ) ) v. ) ) SOURCE INTERLINK COMPANIES, INC., ) ) Defendant. ) ) | Case No. 1:05CV01039 (JGP) |

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING THE PAYMENT OF BONUSES, FEES AND/OR THE AWARDING OF EMPLOYMENT CONTRACTS IN CONNECTION WITH THE ALLIANCE MERGER**

Defendant Source Interlink Companies, Inc. ("Source") hereby moves and respectfully requests that this Court enter an order *in limine* precluding Plaintiff Jonathan Ledecky from introducing any evidence at trial concerning the payment of any bonuses or fees and/or the awarding of employment contracts in connection with the merger between Source and non-party Alliance Entertainment Corporation ("Alliance"). Any such evidence is irrelevant to the only legal question in this case, which is whether Plaintiff is entitled to compensation under the terms of the Referral Agreement between Plaintiff and Source.

## BACKGROUND

In this case Plaintiff is seeking to recover a commission from Source under a Referral Agreement for Source's merger with Alliance. Pursuant to the Referral Agreement, Plaintiff agreed to introduce Source to the Endeavor Agency, LLC ("Endeavor") and to assist Source in evaluating and negotiating any proposed "business relationship" with Endeavor. Under the terms of the Referral Agreement, Source had the unfettered discretion to accept or reject any

proposed business relationship with Endeavor, and Source's acceptance of a business relationship with Endeavor could be manifest "only by execution of a written agreement between Source and [Endeavor]." In the event Source and Endeavor entered into a business relationship that was documented by an executed written agreement between the parties, the Referral Agreement provides that:

> Source shall pay to [Plaintiff], and [Plaintiff] shall accept, compensation equal to 5% of the net income recorded by Source as a result of its relationship with [Endeavor] during the five-year period following the date (the "Establishment Date") on which the business relationship is established between Source and [Endeavor].

Plaintiff introduced Source to Endeavor in April 2004. Subsequent to the introduction, in June 2004, Ari Emanuel, a member of Endeavor, introduced Source to Erika Paulson, a director of Alliance and a partner with The Yucaipa Companies, LLC, an entity affiliated with Alliance's controlling stockholder, AEC Associates, L.L.C. A few weeks after they were introduced, Source and Alliance entered into merger discussions. On November 18, 2004, Source and Alliance entered into a merger agreement and announced that Mr. Emanuel had been appointed to Source's Board of Directors. The merger was approved and closed on February 28, 2005.

Endeavor was paid $1.5 million by Source in connection with the Alliance merger in fulfillment of an Alliance obligation to Endeavor that Source inherited from Alliance upon consummation of the merger. *See* Leslie Flegel Dep. at 16(7)-18(16) (Exhibit A); Ari Emanuel Dep. at 72(14)-(19) (Exhibit B); 83(9)-84(15); Erika Paulson Dep. at 107(10)-110(16) (Exhibit C). During depositions, Plaintiff's counsel asked several questions regarding the payment and amount of bonuses received by Source's and Alliance's management and employees in connection with the Alliance merger. *See* Flegel Dep. at 169(15)-188(2) (Exhibit A). He also

adduced testimony regarding new employment agreements that were awarded to Source's management as a result of the merger. See Flegel Dep. at 176(12)-177(15) (Exhibit A); Jim Gillis Dep. at 190(25)-193(23) (Exhibit D).

## DISCUSSION

Rule 401 of the Federal Rules of Evidence defines "Relevant Evidence" as:

> Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 402 implements Rule 401 by making clear that "evidence which is not relevant is not admissible." And, under Fed. R. Evid 403, a Court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."

Plaintiff has indicated through deposition questioning and in other discovery propounded in this action that, in order to prove Source's liability and to argue that it is not "fair" that Plaintiff has not been compensated for introducing Source to Endeavor, he intends to introduce evidence of the compensation paid to other persons in connection with the Alliance merger. For example, in his interrogatory responses, Plaintiff claims that a "business relationship" exists between Source and Endeavor precisely because of the $1.5 million fee paid to Endeavor in connection with the merger. See Plaintiff's Response to Source Interrogatory No. 6 (Exhibit E). However, any payments made or employment contracts awarded to persons other than Plaintiff are wholly irrelevant to this case -- they have no bearing on whether Plaintiff is entitled to compensation under the terms and conditions of the Referral Agreement.

Any relevance that the compensation paid to other persons in connection with the Alliance merger might have had to this case was eliminated when the Court granted Source's

Motion to Dismiss Plaintiff's Implied Contract Claims and dismissed Plaintiff's *quantum meruit* and unjust enrichment claims with prejudice in an order dated July 12, 2006 (Exhibit F). As the Court noted in its Order, among the allegations in the now-dismissed portions of the Amended Complaint, Plaintiff asserted that he was entitled to compensation in *quantum meruit* because of the $1.5 million payment to Endeavor and also because "[Plaintiff] rendered a valuable service to Source when it introduced Source to Endeavor." Exhibit F at 7; *see also* Amended Complaint ¶¶ 46, 51. While evidence that third parties were compensated in connection with their role in the Alliance merger may have been relevant to Plaintiff's implied contract claims to the extent that such payments arguably indicate that something of value was bestowed upon Source by Plaintiff, those payments do not make it more or less probable that Plaintiff is entitled to compensation from Source under the express written conditions and terms set forth in the Referral Agreement. In short, the dismissal of Plaintiff's implied contract claims renders any evidence relating to the "value" of Plaintiff's introduction of Endeavor to Source or the "benefits conferred" upon Source by Plaintiff irrelevant to this case. It should therefore be excluded.[1]

## CONCLUSION

For the foregoing reasons, Source's Motion *in Limine* to Exclude Evidence Concerning the Payment of Bonuses, Fees and/or the Awarding of Employment Contracts in Connection With the Alliance Merger should be granted.

---

[1] Moreover, even to the extent that Plaintiff argues that the compensation paid to Source's employees in connection with the Alliance merger somehow bears on the credibility of these witnesses, the Court should exclude such testimony because its probative value is substantially outweighed by the likelihood that such evidence would mislead and confuse the jury from the only issue it must decide, which is whether the terms and conditions of the Referral Agreement have been met.

                                      Respectfully submitted,

                                      /s/ Kevin E. Stern
                                      Kevin E. Stern (Bar No. 459214)
                                      Geoffrey J. Greeves (Bar No. 463035)
                                      GREENBERG TRAURIG, LLP
                                      800 Connecticut Avenue, NW
                                      Suite 500
                                      Washington, DC  20006
                                      Tel:  (202) 331-3100
                                      Fax:  (202) 331-3101

                                      *Counsel for Defendant Source Interlink Companies, Inc.*

Dated:  September 29, 2006

WDC 371348658v2 9/29/2006

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of September, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Jan Paul Miller, Esq.
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Allison Manger, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006

      /s/ Tanya Caudell
      Tanya Caudell