IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOURCE INTERLINK COMPANIES, INC., )<br>)<br>Defendant. ) | Case No. 1:05CV01039 (JGP) |

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S MOTION *IN LIMINE* TO EXCLUDE MATTHEW D. SCHWARTZ AND ANY OTHER TRIAL WITNESS NOT LISTED IN PLAINTIFF'S INITIAL DISCLOSURES OR SUPPLEMENTS THERETO**

Defendant Source Interlink Companies, Inc. ("Source") hereby moves and respectfully requests that this Court enter an order *in limine* excluding any trial witness not listed in Plaintiff's initial disclosures or supplements thereto, including, but not limited to, Plaintiff's former lead counsel, Matthew D. Schwartz.

## DISCUSSION

Plaintiff has listed his former lead counsel, Matthew D. Schwartz, as a witness he may call to testify at trial. Mr. Schwartz was never disclosed as a witness with discoverable information in his Rule 26(a)(1) initial disclosures (Exhibit A), nor was he ever disclosed by Plaintiff as a potential witness in any supplemental disclosure.[1] The first time Plaintiff ever identified Mr. Schwartz as a witness in this case was on his trial witness list.

Pursuant to Fed. R. Civ. 26(a)(1), Plaintiff was required to disclose at the outset of discovery "the name of . . . each individual likely to have discoverable information that the

---

[1] Plaintiff provided a supplemental witness disclosure to Source on April 4, 2006 (Exhibit B), but that supplemental disclosure did not list Mr. Schwartz as a witness.

disclosing party may use to support [his] claims . . . ." A party has a duty under Fed. R. Civ. P. 26(e)(1) "to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Without substantial justification, a party that fails to disclose information required by Rule 26(a) or 26(e)(1) is not permitted to use as evidence at trial any witness not so disclosed. Fed. R. Civ. P. 37(c)(1).

Plaintiff here did not disclose Mr. Schwartz in his initial disclosures and he did not disclose Mr. Schwartz in any supplemental disclosure. Nor was Mr. Schwartz otherwise disclosed or identified as a potential witness during the discovery process.[2] As a result of Plaintiff's failure to timely disclose Mr. Schwartz, Source was denied the opportunity to depose Mr. Schwartz and take other discovery from Plaintiff regarding Mr. Schwartz's knowledge and testimony. Furthermore, Plaintiff cannot offer any justification, much less substantial justification, for his failure to disclose Mr. Schwartz. Mr. Schwartz was Plaintiff's lead counsel at the time Plaintiff made his initial disclosures and to this day remains an of counsel of the firm currently representing Plaintiff in this lawsuit.[3] *See* Exhibit C at ¶ 1. Thus, whatever relevant testimony Mr. Schwartz may have regarding the subject matter and issues in this case has been

---

[2] The first time Plaintiff indicated that Mr. Schwartz may be a potential witness in this case was several weeks *after* discovery closed on May 19, 2006. As part of his opposition to Source's Motion for Summary Judgment, Plaintiff submitted a declaration from Mr. Schwartz on July 7, 2006, wherein Mr. Schwartz recounted purported statements made to him by Source's General Counsel, Doug Bates, during a settlement discussion. *See* Exhibit C. Source has also filed a separate motion *in limine* to preclude Mr. Schwartz from testifying about any of his conversations with Mr. Bates because any statements made during these discussions that Plaintiff may use to prove or support his claims are inadmissible under Fed. R. Evid. 408.

[3] Perhaps the obvious reason why Plaintiff chose not to disclose Mr. Schwartz as a witness beforehand was Mr. Schwartz's legitimate ethical concern about serving as a fact witness at his client's trial. Under Rule 3.7 of the D.C. Rules of Professional Conduct, with limited exceptions, a lawyer shall not act as an advocate at trial in which the lawyer is likely to be a necessary witness. D.C. Rules of Prof'l Conduct R. 3.7(a). In addition, a lawyer may not act as an advocate at trial in which another lawyer in the lawyer's firm is likely to be called as a witness if it would create a conflict of interest. *See* D.C. Rules of Prof'l Conduct R. 3.7(b), 1.7, 1.9.

available to and known by Plaintiff since the outset of this case. Accordingly, pursuant to Fed. R. Civ. P. 37(c)(1), Mr. Schwartz, as well as any other witness on Plaintiff's trial witness list that was not previously disclosed during discovery, should be precluded from testifying at trial in this case.

## CONCLUSION

For the foregoing reasons, Source's Motion *in Limine* to Exclude Matthew D. Schwartz and Any Other Trial Witness Not Listed in Plaintiff's Initial Disclosures or Supplements Thereto should be granted.

Respectfully submitted,

/s/ Kevin E. Stern             .
Kevin E. Stern (Bar No. 459214)
Geoffrey J. Greeves (Bar No. 463035)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
Tel: (202) 331-3100
Fax: (202) 331-3101

*Counsel for Defendant Source Interlink Companies, Inc.*

Dated: September 29, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of September, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Jan Paul Miller, Esq.
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Allison Manger, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006


                                                  /s/ Tanya Caudell
                                                  Tanya Caudell