IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN LEDECKY d/b/a IRONBOUND )
PARTNERS, )
 )
      Plaintiff, )
 )   Case No. 1:05CV01039 (JGP)
      v. )
 )
SOURCE INTERLINK COMPANIES, INC., )
 )
      Defendant. )
_____)

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S MOTION *IN LIMINE* TO EXCLUDE LAY OPINION TESTIMONY**

Defendant Source Interlink Companies, Inc. ("Source") respectfully moves *in limine* to exclude Plaintiff Jonathan Ledecky from offering any opinion testimony at trial regarding whether Source and The Endeavor Agency, LLC ("Endeavor") ever entered into a "business relationship" or what in general constitutes a "business relationship."

## BACKGROUND

This case is a breach of contract case arising from a Referral Agreement between Plaintiff and Source. Pursuant to the Referral Agreement, Plaintiff agreed to introduce Source to Endeavor and to assist Source in evaluating and negotiating any proposed "business relationship" with Endeavor. Under the terms of the Referral Agreement, Source had the unfettered discretion to accept or reject any proposed business relationship with Endeavor, and Source's acceptance of a business relationship with Endeavor could be manifest "only by execution of a written agreement between Source and [Endeavor]." In the event Source and Endeavor entered into a business relationship that was documented by an executed written agreement between the parties, the Referral Agreement provides that:

Source shall pay to Ironbound, and Ironbound shall accept, compensation equal to 5% of the net income recorded by Source as a result of its relationship with Client during the five-year period following the date (the "Establishment Date") on which the business relationship is established between Source and Client.

In this case, the central issue that the jury will have to decide is whether or not Source and Endeavor entered into a "business relationship." Ledecky claims that he is entitled to compensation under the Referral Agreement because Source and Endeavor entered into a business relationship and Source's merger with Alliance Entertainment Corporation ("Alliance") resulted from this business relationship. Source denies that Ledecky is entitled to any compensation under the Referral Agreement because an express contractual condition was never satisfied, namely, that Source and Endeavor never entered into a "business relationship" as that term is used in the Referral Agreement and is defined under Florida law.

Plaintiff has made clear that one of the principal bases -- if not the only basis -- for his contention that Source and Endeavor entered into a business relationship is his personal lay opinion.[1] In particular, Plaintiff is of the opinion that Source and Endeavor entered into a business relationship by virtue of their execution of a Mutual Non-Disclosure Agreement ("NDA") prior to being introduced to each other because this is Plaintiff's understanding and belief of "how business is done in America":

> Q.  Please explain how you can claim that [Source and Endeavor] have entered into a business relationship by virtue of [the NDA] where it says in Paragraph 6 here: "It is expressly understood and agreed that neither party is bound by this confidentiality agreement to establish a relationship."
> \*   \*   \*
> THE WITNESS: *So they sign this document, and then they enter into a business relationship. A business relationship is having meetings, exploring opportunities, and then doing a transaction with each other or with third parties.*
> EXAMINATION BY MR. STERN:

---

[1] Plaintiff has not disclosed any expert witnesses in this case.

Q. Okay. But it says also in Paragraph 6: "No contract or agreement with respect to the relationship or any other transaction shall be deemed to exist between them unless and until a definitive agreement has been executed and delivered by the parties."

So you're still saying that even though they don't have a definitive written agreement between them, that they still, by virtue of this contract, have a business relationship?

A. Yes.

\* \* \*

Q. So it's your testimony that in the context of this deal that we're talking about here, by virtue of the fact that they were introduced to each other, that they had a business relationship? Is that your testimony?

\* \* \*

THE WITNESS: Okay. *In the world of commerce, when two parties get together and start to have meetings and have sessions with each other, they are, by nature, in a business relationship.*

EXAMINATION BY MR. STERN:

Q. I'm asking in the context of this deal here.

A. I'm not an attorney.

Q. I'm not asking as an attorney. I'm talking about your layman's understanding.

A. *And I've just given it to you, which my layman's understanding is documents like this are executed all the time and people enter into business relationships off of these documents.* You wouldn't go through the problem of having this document between parties unless you were going to enter into a business relationship. If you weren't going to have a business relationship, why would you sit down and take the time and effort and spend the legal money to execute a relationship between each other, which is what this document is?

As a lay person, that's my understanding of this document. Now, again, I'm not an attorney.

\* \* \*

Q. And it's your testimony that by entering into that agreement, prior to even speaking to these guys, that they entered into a business relationship pursuant to this agreement?

A. *Yes. Because as a practical matter in business, that's what you have to do in terms of the document flow, which I think you have very expertly given us today. You have been helpful in establishing that document flow to show how business is done in America.*

Ledecky Dep. at 122(8)-(14), 123(13)-124(8), 124(13)-(17), 125(1)-(5), 125(12)-126(4),

157(14)-158(1) (Exhibit A) (emphasis added). As discussed below, Plaintiff should be precluded

from offering his opinion at trial as to what constitutes a "business relationship," as such lay opinion does not satisfy the requirements of Fed. R. Evid. 701 and is contrary to Florida law.

## DISCUSSION

Under Fed. R. Evid. 701, a lay witness may testify only to "those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The prototypical example of the type of evidence contemplated under Rule 701 relates to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences. *Asplundh Mfg. Div. v. Benton Harbor Eng'g,* 57 F.3d 1190, 1196 (3d Cir. 1995). Other examples of "quintessential Rule 701 opinion testimony include identification of an individual, the speed of a vehicle, the mental state or responsibility of another, whether another was healthy, the value of one's property, and other situations in which . . . it is difficult or cumbersome for the examiner to elicit an answer from the witness that will not be expressed in the form of an opinion." *Id.* at 1197-98.

Here, Plaintiff's proffered lay opinion that Source and Endeavor entered into a business relationship is not helpful to the determination of a fact in issue because the basis for his opinion is contrary to Florida law. Florida law holds that a legally enforceable business relationship only exists if the parties have existing or prospective legal or contractual rights against each other. *Ethan Allen, Inc. v. Georgetown Manor, Inc.,* 647 So.2d 812, 814 (Fla. 1995). Plaintiff, however, is of the mistaken opinion that a business relationship exists between parties if they merely have meetings and discuss business opportunities with each other. *See* Ledecky Dep. at

123(15)-(18) ("A business relationship is having meetings, exploring opportunities, and then doing a transaction with each other or with third parties."); 125(1)-(5) ("In the world of commerce, when two parties get together and start to have meetings and have sessions with each other, they are, by nature, in a business relationship."). Thus, Plaintiff's opinion will only serve to mislead and confuse the jury into reaching the legally erroneous conclusion that a business relationship exists between Source and Endeavor even though they never had any relevant legally enforceable rights against each other. "An opinion based on false assumptions is unhelpful in aiding the jury in its search for the truth and is likely to mislead and confuse." *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1175 (3d Cir. 1993) (internal citation and quotations omitted); *see also Asplundh,* 57 F.3d at 1201 ("in order to be 'helpful' a lay opinion must be reasonably reliable").

Additionally, even if Plaintiff's lay opinion were not based upon false assumptions, it would still not be helpful to the jury's determination of whether Source and Endeavor in fact entered into a business relationship *under the terms of the Referral Agreement*. The question the jury will have to answer in this case is not, as Plaintiff has suggested, whether Source and Endeavor entered into a "business relationship" as that term may be generically understood or used in the business world, but whether the parties entered into a "business relationship" as that term is used and limited in the Referral Agreement, which provides that *no* business relationship exists between Source and Endeavor unless there exists an executed written agreement that *manifests Source's acceptance of a business relationship*. Plaintiff's proffered opinion, however, makes no reference to or acknowledgement of the specific terms of the Referral Agreement.[2] Nor does his opinion make reference to or acknowledge the specific terms of the NDA, wherein

---

[2] Indeed, Plaintiff has testified that he believes he can recover under the Referral Agreement even if there exists no executed written agreement between Source and Endeavor. *See* Ledecky Dep. at 159(9)-160(3) (Exhibit A).

Source and Endeavor specifically agreed that "neither party is bound by this confidentiality agreement to establish a [business] [r]elationship." Accordingly, Plaintiff's opinion should be excluded because it is divorced from the key contractual terms that the jury will have to consider to determine whether or not Source and Endeavor ever entered into a business relationship.

Finally, Plaintiff's opinion is not helpful to the determination of a fact in issue because it is entirely conclusory. It is based entirely upon Plaintiff's purported general knowledge of "how business is done" or "how the world of commerce" works, without any reference to any particular facts, research, studies or other generally accepted support for opinion testimony. A lay or expert opinion that relies upon the witness' general experience without anything more is not admissible. *See DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 686 (5th Cir. 2003) (lay opinion testimony on lost profits should have been excluded where opinion was based upon the witness' "substantial business experience" and he lacked first-hand, personal knowledge of plaintiff's business operations); *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519, 525-26 (6th Cir. 2004); *Zenith Elecs. Corp. v. WH-TV Broadcasting Corp.*, 395 F.3d 416, 418 (7th Cir. 2005) (affirming district court's exclusion of expert testimony on lost profits damages where the only "method" the expert used to generate his projections was his "industry expertise" and his "awareness;" "[The expert] was relying on intuition, which won't do."); *Primavera Familienstifung v. Askin,* 130 F. Supp. 2d 450, 530 (S.D.N.Y. 2001) ("While it is permissible for [an expert] to base his opinion on his own experience, he must do more than aver conclusorily that his experience led to his opinion.").

## CONCLUSION

For the foregoing reasons, Source's Motion *in Limine* to Exclude Lay Opinion Testimony should be granted.

Respectfully submitted,

/s/ Kevin E. Stern                              .
Kevin E. Stern (Bar No. 459214)
Geoffrey J. Greeves (Bar No. 463035)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC 20006
Tel: (202) 331-3100
Fax: (202) 331-3101

*Counsel for Defendant Source Interlink Companies, Inc.*

Dated: September 29, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of September, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Jan Paul Miller, Esq.
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Allison Manger, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006

                        /s/ Tanya Caudell
                        Tanya Caudell