IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOURCE INTERLINK COMPANIES, INC., )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:05CV01039 (JGP) |

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF AND STATEMENTS MADE IN SETTLEMENT DISCUSSIONS**

Defendant Source Interlink Companies, Inc. ("Source") hereby moves and respectfully requests that this Court enter an order *in limine* precluding Plaintiff from introducing any evidence at trial concerning attempts to settle or compromise Plaintiff's claims and any evidence concerning conduct or statements made in settlement discussions between the parties.

**BACKGROUND**

In this case Plaintiff is seeking to recover a commission from Source under a Referral Agreement for Source's merger with Alliance Entertainment Corporation ("Alliance"). Shortly after this merger closed on February 28, 2005, Plaintiff's then-lead counsel, Matthew D. Schwartz, first contacted Source's General Counsel, Doug Bates, concerning Plaintiff's claim for compensation under the Referral Agreement. On March 29, 2005, Mr. Schwartz sent Mr. Bates a demand letter (Exhibit A), wherein he stated that it was "[Plaintiff's] desire to resolve this matter expeditiously so that the parties can continue what has been a successful and profitable relationship." Over the next two months, Mr. Schwartz had several conversations with Mr. Bates in an attempt to negotiate a settlement and compromise of Plaintiff's claim without filing a

lawsuit. *See* Declaration of Matthew D. Schwartz dated July 6, 2006 at ¶¶ 2, 3 (Exhibit B). On or about April 20, 2005, Plaintiff and Source's Chairman and CEO, Leslie Flegel, had a lunch meeting in Baltimore to discuss settlement. *See* Jonathan Ledecky Dep. at 263(9)-271(14) ("Q. [] And so essentially the purpose of this lunch was sort of to see if you could resolve your dispute without having to go to litigation, right? A. Yes. . . .") (Exhibit C). Plaintiff followed up this meeting with Mr. Flegel with a written settlement proposal on May 3, 2005. *See* Exhibit D. After Source rejected Plaintiff's proposal, Plaintiff filed this lawsuit on May 23, 2005.

Plaintiff has indicated through his allegations, discovery responses and in various pleadings filed in this action that, in order to prove Source's liability, he intends to introduce and use at trial various statements made by Source's principals to him and his counsel during the course of their settlement discussions. For example, in opposition to Source's summary judgment motion on Plaintiff's claim of breach of the duty of good faith and fair dealing, Plaintiff has attempted to use statements allegedly made by Mr. Bates to Mr. Schwartz during one of their settlement conversations.[1] *See* Exhibit B at ¶¶ 3-4. In addition, Plaintiff has attempted to utilize statements made by Mr. Flegel during their April 20, 2005 settlement meeting in Baltimore to support his allegations. *See, e.g.*, Plaintiff's Response to Source Interrogatory No. 10 (Exhibit E).

## DISCUSSION

Rule 408 of the Federal Rules of Evidence states:

Evidence of (1) furnishing or offering or promising to furnish or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is

---

[1] Source has also filed a separate motion *in limine* to preclude Mr. Schwartz from testifying at trial because Plaintiff, in violation of his obligations under Fed. R. Civ. P. 26(e), failed to supplement his initial disclosures by disclosing Mr. Schwartz as a potential witness during discovery.

likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice or interest of a witness or a party, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.[2]

The purpose of precluding offers of compromise and statements made in compromise negotiations is to foster frank discussions between parties and encourage settlement. *Fiberglass Insulators, Inc. v. Dupuy,* 856 F.2d 652, 654 (4th Cir. 1988).

In this case, starting in March 2005, when Plaintiff's counsel first contacted Source's General Counsel, the parties engaged in a series of settlement discussions and had at least one face-to-face settlement meeting. Settlement discussions continued up until May 23, 2005, when Plaintiff filed suit. Pursuant to Fed. R. Evid. 408, any evidence of these discussions as well as any statements made during these discussions that Plaintiff may use to prove or support his claims should be excluded from trial.

## CONCLUSION

For the foregoing reasons, Source's Motion *in Limine* to Exclude Evidence of and Statements Made in Settlement Discussions should be granted.

> Respectfully submitted,
>
> /s/ Kevin E. Stern
> Kevin E. Stern (Bar No. 459214)
> Geoffrey J. Greeves (Bar No. 463035)
> GREENBERG TRAURIG, LLP
> 800 Connecticut Avenue, NW
> Suite 500
> Washington, DC  20006
> Tel:  (202) 331-3100

---

[2] Effective December 1, 2006, Rule 408 will be amended in pertinent part by deleting the sentence "This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." The Advisory Committee Notes to the 2006 Amendment state that this sentence was deemed to be superfluous, as "[t]he intent of the sentence was to prevent a party from trying to immunize admissible information, such as a pre-existing document, through the pretense of disclosing it during compromise negotiations."

                    Fax:  (202) 331-3101

                    *Counsel for Defendant Source Interlink Companies, Inc.*

Dated:  September 29, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Jan Paul Miller, Esq.
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Allison Manger, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006

/s/ Tanya Caudell            .
Tanya Caudell