# EXHIBIT A

# THOMPSON COBURN

Thompson Coburn LLP
Attorneys at Law

Suite 600
1909 K Street, N.W.
Washington, D.C. 20006-1167
202-585-6900
FAX 202-585-6969
www.thompsoncoburn.com

March 29, 2005

Matthew D. Schwartz
direct dial 202-585-6932
direct fax 202-508-1020
mschwartz@thompsoncoburn.com

BY FAX AND MAIL

Douglas J. Bates, Esquire
Secretary and General Counsel
Source Interlink Companies, Inc.
27500 Riverview Center Blvd., Suite 400
Bonita Springs, FL 34134

Re:   Referral Agreement

Dear Mr. Bates:

I am writing to follow up on our conversation last week concerning the compensation owed by Source Interlink Companies, Inc. to Ironbound Partners, LLC under that certain referral agreement (the "Agreement") dated as of April 26, 2004. Pursuant to the Agreement, Ironbound introduced Source to Mr. Ariel Emanuel of The Endeavor Agency LLC, who in turn arranged the recent merger between Source and Alliance Entertainment Corp. Inasmuch as Source is expected to record substantial net income as a result of this merger, Ironbound has asked that we work with your office to implement mutually acceptable procedures to track the income attributable thereto so that Ironbound can be fairly compensated in accordance with the terms of the Agreement.

The terms of the Agreement are simple and straightforward. In exchange for Ironbound introducing Source to Mr. Emanuel, Source agreed to pay Ironbound "compensation equal to 5% of the net income recorded by Source as a result of its relationship with [Mr. Emanuel]" for a period of five years. The Agreement is not limited to particular types of transactions, but rather, is broadly worded so that it covers business dealings of every nature. Indeed, the only predicate to payment is that Source increase its net income as a result of its relationship with Mr. Emanuel. Ironbound's right to compensation is not dependent upon the nature of the transaction from which such income is derived, and there is no basis to suggest that the Agreement does not cover mergers or acquisitions.

There is no dispute that Ironbound introduced Source to Mr. Emanuel. Nor is there any dispute that Mr. Emanuel (1) introduced Source to Alliance, (2) was instrumental in facilitating the merger, and (3) was paid $1.5 million by Source. Indeed, as Source's Chairman and CEO, Mr. S. Leslie Flegel, candidly acknowledged during lunch with Mr. Jonathan Ledecky last Friday, but for Mr. Emanuel's efforts, the merger would not have been consummated. By the

Douglas J. Bates, Esquire
March 29, 2005
Page 2

same token, but for Ironbound's efforts, Source would not have been introduced to Mr. Emanuel and realized the benefit of that relationship, which ultimately resulted in the Alliance merger.

Notwithstanding these facts, Source asserts that the Agreement was never intended to cover the merger, but instead, merely entitles Ironbound to a "commission" for revenues generated as a result of a transaction between Source and Mr. Emanuel. In other words, Source argues that Ironbound should not be compensated because Ironbound did not introduce Source to Alliance. This position misapprehends both the terms of the Agreement and the law. Quite simply, the Agreement provides for Ironbound to be compensated for the benefits received by Source as a result of its relationship with Mr. Emanuel, which in the case of the Alliance merger, were and will be substantial. Source's position that Ironbound is not entitled to compensation because the Alliance introduction came through Mr. Emanuel creates a distinction without a difference.

Indeed, an argument similar to that posited by Source was affirmatively rejected by the United States Court of Appeals for the Tenth Circuit in *Broderick v. Keeler*, 29 Fed. Appx. 518, 2002 WL 89908 (10th Cir. 2002). In that case, the court held that plaintiff was entitled to receive a finder's fee even though he did not introduce the corporation to the party with whom it ultimately consummated a transaction, but, rather, introduced the corporation to an intermediary, who in turn made such introduction. In so holding, the court noted that the evidence was more than sufficient "to support the determination that plaintiff . . . had led defendant to [the lender] and ultimately [the] financing to purchase [the company]." *Id.*

It is undisputed that Source has benefited from Ironbound's introduction to Mr. Emanuel and expects to realize substantial profit as a result of its merger with Alliance. Under the circumstances, and not withstanding Source's offer of alternative compensation arrangements, Ironbound is entitled to receive the benefit of its bargain and trusts that Source will honor its obligation.

Doug, it is Ironbound's desire to resolve this matter expeditiously so that the parties can continue what has been a successful and profitable relationship. As you know, Ironbound has identified another significant opportunity to introduce to Source, but believes that it is important to resolve this matter before moving forward.

I look forward to speaking with you.

Sincerely,

Matthew D. Schwartz