IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>       Plaintiff,<br><br>       v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>       Defendant. | Case No. 1:05CV01039 (JGP) |

**DEFENDANT SOURCE INTERLINK COMPANIES, INC.'S
<u>OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

Defendant Source Interlink Companies, Inc. ("Source") respectfully submits its objections to Plaintiff's proposed jury instructions submitted on September 29, 2006 pursuant to this Court's Order for Pretrial Conference.

<u>GENERAL OBJECTIONS</u>:

1.  Source objects to Plaintiff's proposed jury instructions to the extent that such instructions rely or are based upon District of Columbia substantive law or the substantive law of any jurisdiction other than the State of Florida. The Referral Agreement that is the subject of this action expressly provides that "The rights and obligations of each of the parties to this Agreement shall be governed by and interpreted and determined in accordance with the internal laws of the State of Florida excluding any principles of conflicts of law or other rule of law that would cause the application of the law of any jurisdiction other than the laws of the State of Florida."

2.      By serving these objections, Source is not waiving any arguments concerning Plaintiff's entitlement to any particular jury instruction and Source reserves the right to serve further objections and to modify its objections and/or proposed instructions.

3.      Source objects to Plaintiff's proposed jury instructions because they are not numbered sequentially for identification purposes.

SPECIFIC OBJECTIONS:

D.C. Stnd. Jury Instr. 1.01 -- A Federal Court should instruct the jury using the standard Federal Court jury instruction, not the instruction used in D.C. Superior Court; redundant in light of Source's proposed jury instructions.

D.C. Stnd. Jury Instr. 1.02 -- A Federal Court should instruct the jury using the standard Federal Court jury instruction, not the instruction used in D.C. Superior Court; redundant in light of Source's proposed jury instructions.

D.C. Stnd. Jury Instr. 3.08 -- A Federal Court should instruct the jury using the standard Federal Court jury instruction, not the instruction used in D.C. Superior Court, irrelevant because the Federal Rules of Evidence apply; redundant in light of Source's proposed jury instruction No. 20.

D.C. Stnd. Jury Instr. 4.05 -- Irrelevant because the Federal Rules of Evidence apply.

D.C. Stnd. Jury Instr. 11.12 -- Incomplete and irrelevant; Source objects on grounds that the instruction does not apply because the Referral Agreement invokes and requires application of Florida substantive law. *See* Source's Proposed Jury Instruction No. 28.

D.C. Stnd. Jury Instr. 11.20 (with modifications proposed by Plaintiff) -- Source objects on grounds that the instruction is based upon District of Columbia law because the Referral Agreement invokes and requires application of Florida substantive law. *See* Source's Proposed

Jury Instruction No. 37. Source additionally objects to the first two sentences of the proposed instruction because they misstate Florida law. *See* cases cited in Fla. Forms of Jury Instructions §§ 32.66, 32.83. Source further objects to the giving of any instruction concerning the prevention of a condition, because the Florida Supreme Court has held (en banc) that where, as is the case here, a broker expressly agrees that execution of a written agreement between the parties he brought together is a condition precedent to his right to a commission, the broker is not entitled to a commission even if the failure to consummate the transaction was due entirely to arbitrary refusal on the part of the principal. *See Hanover Realty Corp. v. Codomo,* 95 So.2d 420, 423 (Fla. 1957) (en banc).

D.C. Stnd. Jury Inst. 11-17 -- Partially irrelevant because damages and material and partial breach are not issues in this case. Moreover, the jury should be instructed specifically that they are not being asked to determine damages. *See* Source's Proposed Jury Instruction No. 32.

Plaintiff's first unnumbered non-standard jury instruction (p. 47 of Plaintiff's Pre-Trial Stmt.) -- Incomplete and irrelevant; Source objects on grounds that the instruction is based upon District of Columbia law because the Referral Agreement invokes and requires application of Florida substantive law. *See* Source's Proposed Jury Instructions Nos. 28-31.

Plaintiff's second unnumbered non-standard jury instruction (p. 47 of Plaintiff's Pre-Trial Stmt.) --- Misleading; irrelevant; misstates substantive Florida law on what constitutes a legally-enforceable "business relationship." *See Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1995); *Thunderwave Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566-67 (S. D. Fla. 1997); *see also* Source's Proposed Jury Instruction No. 35.

Plaintiff's third unnumbered non-standard jury instruction (on pp. 47-48 of Plaintiff's Pre-Trial Stmt.) -- Incomplete and misstates Florida law.  *See* Source's Proposed Jury Instructions Nos. 28 and 31 and cases cited therein.

Plaintiff's fourth unnumbered non-standard jury instruction (on p. 48 of Plaintiff's Pre-Trial Stmt.) -- Misstates and mischaracterizes Florida law on the duty of good faith and fair dealing; Source further objects to the giving of any instruction concerning the prevention of a condition or duty of good faith and fair dealing, because the Florida Supreme Court has held (en banc) that where, as is the case here, a broker expressly agrees that execution of a written agreement between the parties he brought together is a condition precedent to his right to a commission, the broker is not entitled to a commission even if the failure to consummate the transaction was due entirely to arbitrary refusal on the part of the principal.  *See Hanover Realty Corp. v. Codomo,* 95 So.2d 420, 423 (Fla. 1957) (en banc).  Plaintiff therefore cannot use the implied duty of good faith and fair dealing to override or excuse a specific contract term or condition to the contrary.  *Id.*; *see also* Source's Proposed Jury Instruction Nos. 36, 37.

Plaintiff's fifth unnumbered non-standard jury instruction (on p. 48 of Plaintiff's Pre-Trial Stmt.) -- Misstates and mischaracterizes applicable law.  The cases cited in support of the jury instruction are inapposite, as none of them purports to recite Florida law on equitable estoppel.  *See, e.g., First American Discount Corp. v. CFTC*, 222 F.3d 1008, 1016 (D.C. Cir. 2000) (stating elements of estoppel by inconsistent positions and judicial estoppel); *DeShong v. Seaboard Coast Line R.R.*, 737 F.2d 1520, 1522 (11th Cir. 1984) (same).  In order to demonstrate equitable estoppel under Florida law, Plaintiff must show (1) Source made a representation as to material fact that is contrary to a later-asserted position; (2) Plaintiff relied upon the initial representation; and (3) Plaintiff changed his position to his detriment as a result of his reliance.

incomplete because it ignores the concept of condition precedent.  *State Dept. of Revenue v. Anderson,* 403 So.2d 397, 400 (Fla. 1981).  Moreover, any instruction on estoppel would be unwarranted, as Plaintiff has not properly pled and has no evidence to support such a claim under either formulation.  *See* Source's Motion in Limine to Preclude Plaintiff from Asserting an Estoppel Claim.  Plaintiff's "estoppel" claim is nothing more than a thinly-disguised restatement of his breach of contract claim or his dismissed unjust enrichment/quantum meruit claims.

<u>Plaintiff's sixth unnumbered non-standard jury instruction (on pp. 48-49 of Plaintiff's Pre-Trial Stmt.)</u> --  Irrelevant and confusing; misstates the applicable Florida statute on broker licensing because it is an incomplete recitation of the statute and governing law.  *See* Fla. Stat. § 475.01(1)(a); *Meteor Motors, Inc. v. Thompson Halbach & Assocs.,* 914 So.2d 479, 482 (Fla. Dist. Ct. App. 2005).

Respectfully submitted,

/s/ Kevin E. Stern                               .
Kevin E. Stern (Bar No. 459214)
Geoffrey J. Greeves (Bar No. 463035)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC  20006
Tel:  (202) 331-3100
Fax:  (202) 331-3101

*Counsel for Defendant Source Interlink Companies, Inc.*

Dated:  October 10, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of October, 2006, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Jan Paul Miller, Esq.
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, MO 63101

Allison Manger, Esq.
Harvey Levin, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006

                                                /s/ Tanya Caudell
                                                Tanya Caudell