UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN LEDECKY d/b/a/ IRONBOUND
PARTNERS,

        Plaintiff

        v.                                               Civil Action No. 05-1039 (JGP)

SOURCE INTERLINK COMPANIES, INC.

        Defendant

**PRETRIAL ORDER**

        This case came before the Court for a pretrial conference on January 30, 2007 pursuant to the Order for Pretrial Conference. The parties filed separate Pretrial Statements. Pending at the time of the pretrial conference were eight motions in limine filed by the defendant. On January 29, 2007, the Court denied defendant's Motion for Summary Judgment.

        The Court concludes that it has jurisdiction over this matter. For the purposes of this Pretrial Order, the Court adopts the statements, claims and defenses set forth in the Pretrial Statements as may have been modified by prior orders of the Court or at the time of the pretrial conference.

        The parties named those witnesses they may call at the trial in this case. They are limited to those witnesses at the trial absent good cause shown for the introduction of any additional witnesses. This does not apply to rebuttal witnesses. This ruling will be subject to the Court's ruling on the motions in limine.

        With respect to testimony offered by way of depositions, that evidence can be presented by counsel reading the questions from a deposition and the responses being given by a person

sitting in the witness chair and responding by reading from the deposition.  The Court encourages the parties to reach an agreement as to who will respond in this capacity.  This "witness" must understand that the answers are to be read without emphasis.  In other words, we do not want an actor or actress.  The Court will explain the procedure to the jury prior to the introduction of the "witness."  Counsel should insure that all objections made during the depositions are deleted so that the jury will hear questions and answers only.

The parties have identified those exhibits they may seek to introduce during the trial.  As in the case of witnesses, the parties are limited to the exhibits they have identified in their Pretrial Statements absent good cause shown.  Again, this does not apply to rebuttal exhibits.  The parties should meet and confer and attempt to enter into an agreement in writing, if possible, as to those exhibits that can be admitted without proof of authentication and/or objection as to admissibility.  That agreement should be submitted to the Court on or before February 9, 2007.

The parties are to meet to prepare a stipulation of those facts which are not disputed and comment on how the stipulation can be presented to the jury.

Pending before the Court at the time of the pretrial conference were eight motions in Limine filed by the defendant.  The Court heard brief arguments on the motions but concludes that the ruling on the motions should be held in abeyance until the issues are raised during the trial because the ruling may depend on other evidence introduced in the case.  When a party seeks to introduce any matter that is the subject of a motion in limine, the party should advise the Court and counsel out of the presence of the jury prior to presenting it to the jury.  The Court will rule on the respective motions during the trial.

As to the proposed jury instructions, the defendant has already filed its objection to the

plaintiff's proposed jury instructions. The plaintiff has leave to file his objections, if any, to the defendant's proposed jury instructions on or before February 2, 2007.

The Court's copies of the exhibits are to be submitted to the Court on or before February 2, 2007.

The deposition designations are to be submitted in "color coded" form on or before February 10, 2007.

The Court encourages the parties to meet and attempt to settle this case. If the parties seek to have this matter referred to ADR, they should advise the Court on or before Monday, February 5, 2007.[1]

Counsel are to advise the Court on or before February 12, 2007 on the status of settlement negotiations.

Any objections to this Pretrial Order should be filed on or before February 8, 2007.

**SO ORDERED**

Date: February 1, 2007                              **JOHN GARRETT PENN**
                                                     **United States District Judge**

---

[1] The Court may have referred to Thursday, February 4, 2007 at the hearing. That date is in error and the date set forth within this Pretrial Order controls.