IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a<br>IRONBOUND PARTNERS,<br><br>*Plaintiff*,<br><br>v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:05CV01039 (JGP)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS

Pursuant to the Amended Pretrial Order, Plaintiff submits the following objections to Source's Proposed Jury Instructions:

Instruction No. 1 (Opening Instruction, Nature of Case)—Plaintiff objects to this instruction on the ground that it is one-sided, disproportionate and unfair and is clearly intended to influence the jury in Source's favor. It also incorrectly and incompletely states Plaintiff's position. Per the Court's instruction, Plaintiff will work with counsel for Source to draft a fair, neutral opening instruction to explain to the jury the nature of the case.

Instruction No. 28 (Contract to be Construed as a Whole)—Plaintiff objects to the third sentence of this instruction because it is not included in either the D.C. or Florida standard jury instructions. The instruction also is contrary to Florida law, which provides, "the contract should not be interpreted in a manner that would place one party at the mercy of the other, unless it is clear that this was the parties' intention at the time they entered into the contract." *Arthur Rutenberg Corp. v. Pasin*, 506 So.2d 33 (Fla. Dist. App. 1987) (quoting *James v. Gulf Life Ins. Co.*, 66 So.2d 62, 63 (Fla. 1953)). Further, even if the contract in this case involved a condition

3441835

precedent (which it does not; *see* below regarding Instruction No. 33), the cases cited by Source to support the addition of the third sentence are inapplicable because they involve situations where the *plaintiff*, not the defendant, failed to perform a condition precedent. *Med. Ctr. Health Plan v. Brick*, 572 So.2d 548 (Fla. Dist. Ct. App. 1990); *North American Van Lines v. Collyer*, 616 So.2d 177 (Fla. Dist. Ct. App. 1993). Moreover, the court in *North American Van Lines* specifically stated that "a party who, by his own acts, prevents performance of a contract provision cannot take advantage of his own wrong." *Id.* at 179.

Instruction No. 30 (Intent of Parties)—Plaintiff objects to the second sentence of this instruction on the ground that it instructs the jury to consider parol evidence. The Court should give such an instruction only if the Court finds that the contract is ambiguous and only with respect to the ambiguities. The guidance to 1-30 Florida Form of Jury Instructions § 30.80 states, "This instruction should not be used if the court rules that parol evidence is inadmissible because the terms of a written contract are clear and unambiguous. . . ." § 30.80 (2).

Under Florida law, a jury may not consider extrinsic evidence in a breach of contract case unless the contract is ambiguous. *Harris v. School Bd. of Duval County*, 921 So.2d 725, 733 (Fla. Dist. Ct. App. 2006) ("Unless an ambiguity exists because contractual terms cannot be reconciled, a court need not (and should not) look to extrinsic sources to determine the parties' intent"); *Lambert v. Berkley S. Condo Ass'n*, 680 So.2d 588, 590 (Fla. Dist. Ct. App. 1996) ("A court must look first to the plain language of a document and consider parol evidence only when the document is ambiguous on its face"). "Only where a contract contains mutually repugnant clauses that actually conflict does an ambiguity exist." *Harris*, 921 So.2d at 733. In this case, the contract does not contain mutually repugnant clauses. There may be a dispute between the parties as to the meaning of certain terms, but the Florida District Court of Appeals has held,

"The fact that both sides ascribe different meanings to the language does not mean the language is ambiguous so as to allow the admission of extrinsic evidence." *Kipp v. Kipp*, 844 So.2d 691 (Dist. Ct. App. Fla. 2003). *See also Lambert*, 680 So.2d at 590 ("A true ambiguity does not exist merely because a document can possibly be interpreted in more than one manner").

Instruction No. 31 (Contract Interpretation)— Plaintiff objects to first sentence of the proposed instruction because it is not contained in either the D.C. or Florida standard jury instructions. The question of whether there is a dispute about the meaning of the contract's terms is a question for the jury to determine.

Plaintiff objects to the second sentence of the proposed instruction because it instructs the jury that it may consider parol evidence, and Plaintiff incorporates its objection to Instruction No. 30 above by reference. Additionally, Plaintiff objects to the reference in the second sentence to "conditions and circumstances surrounding the parties to the contract" on the ground that this phrase is unclear and is likely to confuse the jury.

Instruction No. 33 (Condition Defined)—Plaintiff objects to this instruction because there is no condition precedent in the contract. Although Source argues that the written agreement provision is a condition precedent, that provision contains no words of condition, such as "provided that," or "on condition that." There is no basis to convert a simple contractual provision into a condition precedent. Plaintiff also objects to the second sentence of the proposed instruction because it is not contained in either the Florida standard jury instruction cited by Source or the D.C. standard jury instructions.

Instruction No. 34 (Condition Precedent)—Plaintiff objects to this entire instruction because there is no condition precedent in the contract, as set forth in Plaintiff's objections to Instruction No. 33 above, incorporated herein by reference.

Plaintiff also has particularized objections regarding Defendant's proposed choice of alternatives and wording.

First, Source appears to have based this sentence on the first of two alternative instructions set forth in 1-32 Florida Forms of Jury Instruction § 32.81 (attached hereto as Exhibit A), but the second of these two alternative instructions is more fitting. That first alternative instruction states:

> Defendant was not obligated to _____ [*describe performance required of defendant*] until _____ [*specify condition precedent*] had occurred. To prevail in [his/her/its] claim against Defendant, Plaintiff must prove that _____ [*specify condition precedent*] did in fact occur and that Defendant failed to perform.

This alternative instruction does not apply. The guidance provided by § 32.81 states, "The first alternative should be used when the court interprets the contract as containing a condition precedent and there is an issue of fact as to whether it occurred." §32.81(2). As set forth above, the contract does not contain a condition precedent.

To the extent Source argues that the contract contains a condition precedent, the second alternative instruction in 1-32 Florida Forms of Jury Instruction § 32.81 is more fitting. It states:

> Defendant must prove that Plaintiff and Defendant agreed that _____ [specify condition precedent] had to occur before Defendant was required to perform. If you find from the greater weight of the evidence that the parties so agreed, then you must also find that _____ [specify condition precedent] did in fact occur before Defendant can be found to have breached the contract by failing to perform. However, if you find from the greater weight of the evidence that the parties did not agree that _____ [specify condition precedent] had to occur before Defendant was required to perform, then you should find that Defendant's failure to perform was a breach of the contract.

If the Court decides to use 1-32 Florida Forms of Jury Instruction § 32.81, it should use the second alternative instruction.

Second, Plaintiff objects to the first sentence of this instruction because Source changed the language of the Florida standard instruction, so that even were the first of the two alternatives to apply, Source has not provided that first alternative.

Third, Plaintiff objects to the third sentence of this proposed instruction on the ground that it is not contained in either the D.C. or Florida standard jury instructions. It is a one-sided, unfair, unbalanced statement of Source's position and is clearly intended to influence the jury in Source's favor.

Finally, Plaintiff objects to the second sentence of paragraph two of this instruction. Although Source appears to have taken that sentence from D.C. Standardized Civil Jury Instruction No. 11-16, Source changed it to influence the jury in Source's favor. D.C. Standardized Civil Jury Instruction No. 11-16 states, "In other words, you must determine whether the parties intended that [the defendant's] obligation to perform depended upon the occurrence of an event." Source removed the phrase "the occurrence of an event" and replaced it with the phrase "the execution of a written agreement between Defendant and Endeavor that manifests Defendant's acceptance of a 'business relationship' with Endeavor." This revision is one-sided, unfair, and clearly meant to influence the jury in Source's favor.

<u>Instruction No. 35 ("Business Relationship" Defined)</u>—Plaintiff objects to this instruction on the ground that it is not contained in either the D.C. or Florida standard jury instructions. Plaintiff also objects on the ground that this instruction is a one-sided statement of Source's argument that is clearly intended to influence the jury in Source's favor. Additionally, the instruction incorrectly states Florida law and is contrary to the Court's Memorandum Opinion of February 1, 2007, which states, "Florida case law is also not particularly instructive in this regard, as the courts vary widely in their use of the term 'business relationship' without

defining it." Mem. Op. at 6. If there were to be an instruction on business relationship, it should follow the Court's Opinion with the examples of business relationships under Florida law. But this proposed instruction, taken from Florida cases on tortious interference, is incorrect. Addressing Source's cases, the Court stated:

> Where Florida cases define the term 'business relationship,' the definition is not applicable toward resolving the present contract dispute because the term is used in a completely different legal context—*tort law*. To be sure, in addressing the 'tortious interference with a business relationship' cause of action, the Supreme Court of Florida reiterated its long-standing rule that 'a business relationship' is one that is 'evidenced by an *actual and identifiable understanding or agreement* . . .' *Gossard v. Adia Servs.*, 723 So.2d 182, 184 (Fla. 1988) (emphasis added); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 815 (Fla. 1994) (same); *see also Ferguson Transp. v. North Am. Van Lines*, 687 So.2d 821, 821 (Fla. 1996) (holding that to prove 'a business relationship' within the meaning of the tort, 'the plaintiff must [also] prove a business relationship with identifiable customers.'). Notwithstanding, even by analogy, the preceding line of tort cases offer no conclusive answer to the question of what constitutes a 'business relationship' in cases such as this one.

Mem. Op. at 7-8. sate

Finally, Plaintiff objects to the instruction to the extent the first sentence states that there were conditions precedent to Source's performance. No such conditions precedent exist, as set forth in Plaintiff's objection to Instruction No. 33 above, incorporated herein by reference.

Instruction No. 36 (Implied Duty of Good Faith and Fair Dealing)—Plaintiff does not object to Source's proposed Instruction No. 36. Plaintiff does object to the footnote, however, in which Source argues, "Plaintiff [ ] cannot use the implied duty of good faith and fair dealing to override or excuse a specific contract term or condition to the contrary." This argument conflates two separate issues. The duty of good faith and fair dealing is separate and apart from the Florida rule that a party to a contract cannot prevent the occurrence of a condition precedent and then use the non-occurrence of that condition as an excuse not to perform under the contract. The two concepts are not one and the same. Hence, Florida provides separate and distinct jury

instructions on these two issues.  *Compare* 1-32 Florida Forms of Jury Instruction §§ 32.65 and 32.66 (duty of good faith and fair dealing) with 1-32 Florida Forms of Jury Instruction § 32.83 (prevention of condition precedent), attached hereto as Exhibits B, C, and D.

Apart from Source's commingling two separate legal concepts, Source also cites a case that is distinguishable.  *Hanover Realty Corp. v. Codomo*, 95 So.2d 420 (Fla. 1957), involved a situation where a real estate broker introduced proposed lease transactions to his client.  The broker and his client agreed that no commission would be due the broker unless the leases were executed.  Those leases were never executed, however, whether in writing or otherwise.  Thus, not only was no written agreement ever executed, but the transactions themselves were never executed.  In this case, by contrast, Source and Endeavor did execute a transaction (more than one actually).  Source paid Endeavor $1.5 million for consulting services.  For this reason, *Hanover Realty Corp.* is not applicable.

<u>Instruction No. 37 (Prevention of Condition Precedent)</u>—Plaintiff objects to this proposed instruction on the ground that there is no condition precedent in the contract, as set forth in Plaintiff's objection to Instruction No. 33 above, incorporated herein by reference.  Plaintiff also objects to the first sentence of this instruction on the ground that it is not supported by either D.C. or Florida standard jury instructions or case law.  It is another one-sided, unfair, unbalanced statement of Source's argument that is meant to sway the jury in Source's favor.

Additionally, Plaintiff objects to the modifications Source has made to 1-32 Florida Forms of Jury Instruction § 32.83.  Source conflates two separate issues by inserting language regarding good faith and fair dealing into an instruction regarding whether Source prevented the occurrence of an alleged condition precedent.  As discussed in Plaintiff's response to Defendant's proposed Instruction No. 36, incorporated herein by reference, these are two distinct

legal issues.  Source's attempt to insert the good faith and fair dealing issue into a completely different instruction relating to whether Source prevented the occurrence of a condition precedent confuses the law and would confuse the jury.

Plaintiff also objects to Source's modification of 1-32 Florida Forms of Jury Instruction § 32.83 by adding the phrase "engaged in wrongful conduct" at various points in its proposed instruction.  1-32 Florida Forms of Jury Instruction § 32.83 states that Defendant may not take advantage of the non-occurrence of a condition where Defendant prevented or made impossible the performance of that condition.  It does not state that Defendant must have "engaged in wrongful conduct."  If the Court chooses to use 1-32 Florida Forms of Jury Instruction § 32.83 rather than the instruction proposed by Plaintiff, that instruction should be used exactly as written, including the last sentence, which Source has omitted.  A true and correct copy of 1-32 Florida Forms of Jury Instruction § 32.83 is attached hereto as Exhibit D.

Finally, Source's footnote to this instruction is an incorrect statement of the law and relies on a case that is distinguishable, as set forth in Plaintiff's objection to Instruction No. 36 above, incorporated herein by reference.

>Respectfully submitted,
>
>     /s/ Harvey A. Levin
>Harvey A. Levin (D.C. Bar No. 203869)
>Allison Manger (D.C. Bar No. 482593)
> THOMPSON COBURN LLP
> 1909 K. Street, N.W. Ste. 600
> Washington, D.C.  20006-1167
> (202) 585-6900 (telephone)
> (202) 585-6969 (facsimile)
>
>Jan Paul Miller
> THOMPSON COBURN LLP
> One U.S. Bank Plaza

St. Louis, Missouri 63101-1611
(314) 552-6365 (telephone)
(314) 552-7365 (facsimile)

*Attorneys for Plaintiff Jonathan Ledecky d/b/a Ironbound Partners*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of February, 2007, a true and correct copy of the foregoing Plaintiff's Objections to Defendant's Proposed Jury Instructions, was served electronically through CM/ECF on:

>Kevin E. Stern
>C. Allen Foster
>Geoffrey Greeves
>Maria Hallas
>GREENBERG TRAURIG, LLP
>800 Connecticut Ave., N.W.
>Suite 500
>Washington, D.C.  20006


/s/ Allison Manger