IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS, ) ) ) | |
| *Plaintiff*, ) ) | |
| v. ) ) | Civil Action No. 1:05CV01039 (JGP) |
| SOURCE INTERLINK COMPANIES, INC., ) ) ) | |
| *Defendant*. ) ) | |

**EXHIBIT A
TO
PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS**

61 of 153 DOCUMENTS

Florida Forms of Jury Instruction

Copyright 2006, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

II BREACH OF CONTRACT ACTIONS

PART Part A GENERAL CONTRACT INSTRUCTIONS

CHAPTER 32 PERFORMANCE AND BREACH

B OCCURRENCE OF CONDITIONS AND TIME FOR PERFORMANCE

1 Conditions

1-32 Florida Forms of Jury Instruction § 32.81

**AUTHOR:** By DARRYL M. BLOODWORTH

**§ 32.81 Condition Precedent**

**[1] Instruction**

   **Condition Precedent**

[PLAINTIFF/DEFENDANT]'S
PROPOSED INSTRUCTION NO. _____

[*EITHER (see Use of Instruction):*]

   Defendant was not obligated to _____ -->[*describe performance required of defendant*] until _____ -->[*specify condition precedent*] had occurred. To prevail in [his/her/its] claim against Defendant, Plaintiff must prove that _____ -->[*specify condition precedent*] did in fact occur and that Defendant failed to perform.

[*OR:*]

   Defendant must prove that Plaintiff and Defendant agreed that _____ -->[*specify condition precedent*] had to occur before Defendant was required to perform. If you find from the greater weight of the evidence that the parties so agreed, then you must also find that _____ -->[*specify condition precedent*] did in fact occur before Defendant can be found to have breached the contract by failing to perform. However, if you find from the greater weight of the evidence that the parties did not agree that _____ -->[*specify condition precedent*] had to occur before Defendant was required to perform, then you should find that Defendant's failure to perform was a breach of the contract.

     Given _____

       Given as Modified _____

       Denied _____

       Withdrawn _____

Authorities: Hamilton v. Title Ins. Agency of Tampa, Inc., 338 So. 2d 569 (Fla. 2d DCA 1976); Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421 (1930); Persinger v. Bevill, 31 Fla. 364, 12 So. 366 (1893).

### [2] Use of Instruction

This instruction should be used when there is an issue of fact concerning the existence or occurrence of a condition precedent to the defendant's performance. The first alternative should be used when the court interprets the contract as containing a condition precedent and there is an issue of fact as to whether it occurred. The second alternative should be given if the existence of a condition precedent is an issue of fact for the jury, such as when a written contract is ambiguous or the contract creating the condition is oral. Within the second alternative paragraph, the first optional phrase should be included if the parties also disagree over whether the condition precedent occurred. In contrast, if the parties agree that the condition did not happen, the second optional phrase should be added to instruct the jury that the defendant is not liable for breach.

### [3] Comment

A condition precedent is a contractual provision that requires the performance of an act or the occurrence of an event before one party to the contract is obligated to perform.n1 Whether a condition precedent exists is a question of law for the court, if the contract is unambiguous and the evidence is not in dispute.n2 Once the court has determined that a contract contains a condition precedent, the plaintiff can recover damages for the defendant's failure to perform only if the plaintiff proves that the contingency either occurred or was waived or excused.n3

If the plaintiff sues for breach of an unconditional obligation and the contract is ambiguous, the defendant may plead as an affirmative defense, and may prove by parol evidence, that the parties had an oral understanding that created a condition precedent.n4

A provision that appears to be a condition precedent may merely establish the time for performancen5 of a contract obligation rather than require the occurrence of an event before the obligation must be performed.n6

References: For discussion of the waiver of conditions as a defense to nonperformance, see ch. 33, *Defenses to Nonperformance.* For a general discussion of breach of contract actions, see Gersten FLORIDA CIVIL PRACTICE GUIDE, ch. 51, *Damages in Contract* (Matthew Bender).

**FOOTNOTES:**

(n1) Footnote 1. *See*Cohen v. Rothman, 127 So. 2d 143 (Fla. 3d DCA 1961), *aff'd,* 138 So. 2d 328 (Fla. 1962).

(n2) Footnote 2. *See* § 32.80[3].

(n3) Footnote 3. *See*Zane v. Mavrides, 394 So. 2d 197 (Fla. 4th DCA 1981); Hamilton v. Title Ins. Agency of Tampa, Inc., 338 So. 2d 569 (Fla. 2d DCA 1976); Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421 (1930).

(n4) Footnote 4. *See*Hammond v. Bicknell, 379 So. 2d 680 (Fla. 2d DCA 1980); Burns v. Board of Public Instruction of Okaloosa Co., 212 So. 2d 654 (Fla. 1st DCA 1968).

(n5) Footnote 5. For discussion of when the time for performance affects the duty to perform, see § § 32.90-32.93.

(n6) Footnote 6. *See*Peacock Constr. Co., Inc. v. Modern Air Conditioning, Inc., 339 So. 2d 294, 295 (Fla. 2d DCA 1976), *aff'd,* 353 So. 2d 840 (Fla. 1977) (holding that provision, which required subcontractor to be paid within 30 days after work was completed and accepted and after contractor received full payment by owner, was absolute promise to pay contract price; postponement of payment for reasonable time was not breach); *see also* Restatement (Second) of Contracts, § 224, comment b.