IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS, )<br><br>*Plaintiff*, )<br><br>v. )<br><br>SOURCE INTERLINK COMPANIES, INC., )<br><br>*Defendant*. ) | Civil Action No. 1:05CV01039 (JGP) |

**EXHIBIT B**
**TO**
**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S**
**PROPOSED JURY INSTRUCTIONS**

57 of 153 DOCUMENTS

Florida Forms of Jury Instruction

Copyright 2006, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

II BREACH OF CONTRACT ACTIONS

PART Part A GENERAL CONTRACT INSTRUCTIONS

CHAPTER 32 PERFORMANCE AND BREACH

A CONTRACT RIGHTS AND DUTIES

7 Implied Duty of Good Faith and Fair Dealing

1-32 Florida Forms of Jury Instruction § 32.65

**AUTHOR:** By DARRYL M. BLOODWORTH

**§ 32.65 Definition**

**[1] Instruction**

   **Definition**

[PLAINTIFF/DEFENDANT]'S
PROPOSED INSTRUCTION NO. _____

Every contract includes, in addition to its written provisions, a duty of good faith and fair dealing implied by law. Pursuant to this duty, a party to a contract is required to perform [his/her/its] contract duties in good faith and in a manner that will protect the other party's reasonable expectations under the contract. This implied duty is as binding as the written or spoken words of the contract.

   Given _____

      Given as Modified _____

      Denied _____

      Withdrawn _____

*Authorities:* Cox v. CSX Intermodal, Inc., 732 So. 2d 1092 (Fla. 1st DCA 1999), *review denied,* 744 So. 2d 453 (Fla. 1999).

**[2] Use of Instruction**

This instruction should be used if there is a factual issue as to whether the defendant breached his or her implied duty of good faith and fair dealing. The instruction explains for the jury the nature of the duty, including its purpose and binding effect. The instruction should be followed by the instruction in Section 32.66 regarding breach of the implied duty of good faith and fair dealing.

This instruction should not be used if the contract expressly addresses the manner in which the defendant was to perform, and the court has ruled that the express terms of the contract govern. In such a case, the implied duty does not arise.n1

**[3] Comment**

Every contract includes, in addition to its written provisions, any term implied by law. Such terms are as binding as the express terms of the contract.n2

One implied contract term recognized in Florida is the implied covenant of good faith, fair dealing, and commercial reasonableness.n3 This implied covenant arises because a contract is an agreement whereby each party promises to perform his or her part of the bargain in good faith, and expects the other party to do the same.n4 Thus, the purpose of the implied covenant of good faith and fair dealing is to protect the parties' reasonable expectations under the contract.n5

The implied obligation of good faith cannot be used to vary the express terms of a contract. However, if the terms of the contract give a party substantial discretion in performing, the implied duty of good faith and fair dealing requires the party to exercise his or her discretion in a nonarbitrary manner.n6 Thus, breach of the duty of good faith and fair dealing must relate to breach of an express term of the contract. Good faith and fair dealing is not an abstract, independent term of the contract that may be asserted as a source of breach.n7 If all other terms of the contract have been performed pursuant to the contract requirements, breach of the duty of good faith does not arise.n8

**FOOTNOTES:**
(n1) Footnote 1. *See* [3], *below.*

(n2) Footnote 2. Sharp v. Williams, 141 Fla. 1, 192 So. 476, 480 (1939); Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999), *review denied,* 744 So. 2d 453 (Fla. 1999).

(n3) Footnote 3. Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999), *review denied,* 744 So. 2d 453 (Fla. 1999); see Restatement (Second) of Contracts § 205 (1979).

(n4) Footnote 4. Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999), *review denied,* 744 So. 2d 453 (Fla. 1999); *see*First Nationwide Bank v. Florida Software Servs., Inc., 770 F. Supp. 1537, 1542 (M.D. Fla. 1991).

(n5) Footnote 5. Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1097 (Fla. 1st DCA 1999), *review denied,* 744 So. 2d 453 (Fla. 1999); *see*Scheck v. Burger King Corp., 798 F. Supp. 692, 700 (S.D. Fla. 1992).

(n6) Footnote 6. *See*Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1098 (Fla. 1st DCA 1999), *review denied,* 744 So. 2d 453 (Fla. 1999); *see also* § 32.66.

(n7) Footnote 7. Avatar Development Corporation v. DePani Construction, Inc., 834 So. 2d 873 (Fla. 4th DCA 2002).

(n8) Footnote 8. *See*Avatar Development Corporation v. DePani Construction, Inc., 834 So. 2d 873 (Fla. 4th DCA 2002).