IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a<br>IRONBOUND PARTNERS,<br><br>    *Plaintiff*,<br><br>v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>    *Defendant*. | Civil Action No. 1:05CV01039 (JGP) |

**EXHIBIT C
TO
PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS**

58 of 153 DOCUMENTS

Florida Forms of Jury Instruction

Copyright 2006, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

II BREACH OF CONTRACT ACTIONS

PART Part A GENERAL CONTRACT INSTRUCTIONS

CHAPTER 32 PERFORMANCE AND BREACH

A CONTRACT RIGHTS AND DUTIES

7 Implied Duty of Good Faith and Fair Dealing

1-32 Florida Forms of Jury Instruction § 32.66

**AUTHOR:** By DARRYL M. BLOODWORTH

**§ 32.66 Breach of Duty**

**[1] Instruction**

    **Breach of Duty**

[PLAINTIFF/DEFENDANT]'S
PROPOSED INSTRUCTION NO. _____

    Defendant was required to perform [his/her/its] duties under the contract in accordance with the implied duty of good faith and fair dealing. You must determine whether [he/she/it] did perform in accordance with that duty, considering the following: _____ [*state specific factual issues, e.g.,* whether Defendant's decisions regarding how many shipments to allocate to Plaintiff were made based on reasonable business concerns].

    If the greater weight of the evidence shows that Defendant performed under the contract in accordance with the implied duty of good faith and fair dealing, then your verdict should be for Defendant. However, if the greater weight of the evidence shows that Defendant did not perform in accordance with the implied duty of good faith and fair dealing, then you must determine whether Defendant's conduct was a legal cause of [loss/damage] to Plaintiff.

    Given _____

        Given as Modified _____

        Denied _____

        Withdrawn _____

    *Authorities:* Cox v. CSX Intermodal, Inc., 732 So. 2d 1092 (Fla. 1st DCA 1999), *review denied,* 744 So. 2d 453 (Fla. 1999).

**[2] Use of Instruction**

    This instruction should be used if there is a factual issue as to whether the defendant breached his or her implied duty of good faith and fair dealing. This instruction should follow the instruction in Section 32.65, which defines the duty, and should be followed by instructions defining the terms "greater weight of the evidence"n1 and "legal cause."

This instruction should not be used if the contract expressly addresses the manner in which the defendant was to perform, and the court has ruled that the express terms of the contract govern. In such a case, the implied duty does not arise.n2

**[3] Comment**

The implied obligation of good faith cannot be used to vary the express terms of a contract. However, if the terms of the contract give a party substantial discretion in performing the terms of the contract, the implied duty of good faith and fair dealing requires the party to not act capriciously so as to contravene the reasonable contractual expectations of the other party.n3  Thus, breach of the duty of good faith and fair dealing must relate to breach of an express term of the contract. Good faith and fair dealing is not an abstract, independent term of the contract that may be asserted as a source of breach.n3.1  If all other terms of the contract have been performed pursuant to the contract requirements, breach of the duty of good faith does not arise.n3.2

Whether the manner in which the defendant performed violated the implied duty of good faith, fair dealing, and commercial reasonableness may be a question of fact.n4

**FOOTNOTES:**

(n1) Footnote 1. *See* Fla. Std. Jury Instr. (Civ.) 3.9; *see also* ch. 50, *Duty, Breach, Causation, and Defenses.*

(n2) Footnote 2. *See* [3], *below.*

(n3) Footnote 3. Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1098 (Fla. 1st DCA 1999), *review denied,* 744 So. 2d. 453 (Fla. 1999).

(n4) Footnote 3.1. Avatar Development Corporation v. DePani Construction, Inc., 834 So. 2d 873 (Fla. 4th DCA 2002).

(n5) Footnote 3.2. *See*Avatar Development Corporation v. DePani Construction, Inc., 834 So. 2d 873 (Fla. 4th DCA 2002).

(n6) Footnote 4. Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1098 (Fla. 1st DCA 1999), *review denied,* 744 So. 2d. 453 (Fla. 1999) (issues of fact existed as to whether defendant's manner of exercising its discretion in assigning freight loads to plaintiffs violated implied duty of good faith).