IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS, ) ) ) ) *Plaintiff*, ) ) v. ) ) SOURCE INTERLINK COMPANIES, INC., ) ) *Defendant*. ) ) | Civil Action No. 1:05CV01039 (JGP) |

**EXHIBIT D
TO
PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTIONS**

63 of 153 DOCUMENTS

Florida Forms of Jury Instruction

Copyright 2006, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

II BREACH OF CONTRACT ACTIONS

PART Part A GENERAL CONTRACT INSTRUCTIONS

CHAPTER 32 PERFORMANCE AND BREACH

B OCCURRENCE OF CONDITIONS AND TIME FOR PERFORMANCE

1 Conditions

1-32 Florida Forms of Jury Instruction § 32.83

**AUTHOR:** By DARRYL M. BLOODWORTH

§ 32.83 Prevention of Condition Precedent

[1] Instruction

**Prevention of Condition Precedent**

[PLAINTIFF/DEFENDANT]'S
PROPOSED INSTRUCTION NO._____

Under the terms of the contract, Defendant was obligated to _____ -->[*describe obligation or performance*] only if _____ -->[*describe condition precedent*]. However, the contract also required that Defendant _____ [*specify either* cooperate as necessary to make _____ (*describe condition precedent*) happen *or* do nothing to prevent or hinder _____ (*describe condition precedent*) from happening]. If Defendant _____ [*specify either* withheld the cooperation necessary for _____ (*describe condition precedent*) to occur *or* prevented or made impossible _____ (*describe condition precedent*)], the law does not permit [him/her/it] to take advantage of the nonoccurrence of _____ -->[*describe condition precedent*] to avoid an obligation to _____ -->[*describe obligation or performance*]. Consequently, if _____ -->[*describe events constituting nonoccurrence*] was caused because Defendant _____ [*specify either* failed to cooperate as necessary to make _____ (*describe condition precedent*) happen *or* prevented or made impossible _____ (*describe condition precedent*)], Defendant is obligated to Plaintiff in the same manner as if _____ -->[*describe events constituting fulfillment of condition*]. You must therefore decide whether the fact that _____ -->[*describe condition precedent*] did not occur was because Defendant _____ [*specify either* did not cooperate as necessary to make it happen *or* prevented it or made it impossible] or because of some other factor unrelated to the conduct of Defendant.

If you find that Defendant _____ [*specify either* cooperated as necessary to make _____ (*describe condition precedent*) happen *or* did nothing to prevent or hinder _____ (*describe condition precedent*)], you must find that Defendant had no obligation under the contract to _____ -->[*describe obligation or performance*]. On the other hand, if you find that Defendant _____ [*specify either* failed to cooperate as necessary to make _____ (*describe condition precedent*) happen *or* prevented or made impossible _____ (*describe condition precedent*)], you must find that Defendant is obligated to Plaintiff in the same manner as if _____ -->[*describe events constituting fulfillment of condition*] [*Optional (see Use of Instruction):* unless the greater weight of the evidence supports

Defendant's claim that _____ (*describe events constituting nonoccurrence*) even if Defendant had cooperated as necessary to make _____ (*describe condition precedent*) happen *or* Defendant had not prevented or hindered the occurrence of _____ (*describe events constituting fulfillment of condition*)].

Given _____

    Given as Modified _____

    Denied _____

    Withdrawn _____

Authorities: Bowers v. Medina, 418 So. 2d 1068 (Fla. 3d DCA 1982); Knowles v. Henderson, 156 Fla. 31, 22 So. 2d 384 (1945); Sharp v. Williams, 141 Fla. 1, 192 So. 476 (1939); Hart v. Pierce, 98 Fla. 1087, 125 So. 243 (1929); Walker v. Chancey, 96 Fla. 82, 117 So. 705 (1928).

### [2] Use of Instruction

This instruction should be used when the defendant's performance was conditioned on the occurrence of an event that he or she could prevent or that required his or her cooperation. The optional phrase of the final sentence is included when the defendant claims that the condition precedent would have failed even if he or she had cooperated to secure its fulfillment, or had not prevented or hindered the occurrence of the event.n1 In this instance, the preponderance of evidence instructionn2 should also be given.

This instruction assumes that the existence of the condition precedent and its nonoccurrence are not disputed. If there is conflicting evidence as to the existence or failure of a condition precedent, this instruction should be modified to inform the jury that the above rules will become applicable only if it determines that there was a condition precedent to the defendant's obligation and that the condition did not occur.n3

### [3] Comment

A party who prevents, makes impossible, or unreasonably delays the performance or occurrence of a condition precedent on which his or her liability depends is not permitted to take advantage of that wrongful conduct to avoid the responsibility to perform under the contract.n4

Similarly, a party's good-faith cooperation is an implied condition precedent to performance of a contract.n5 A party who withholds cooperation is estopped from benefiting from his or her own wrongdoing, and will be obligated in the same manner as if the condition precedent had occurred.n6

References: For discussion of additional remedies under the Commercial Code when the cooperation of a party is necessary to performance and is not seasonably forthcoming, see ch. 41, *Commercial Code Sales Contracts*.

**FOOTNOTES:**
(n1) Footnote 1. For discussion of the defendant's burden of proof, *see* § 32.82[3].

(n2) Footnote 2. *See* Fla. Std. Jury Instr. (Civ.) 3.9; *see* ch. 50, *Duty, Breach, Causation, and Defenses*.

(n3) Footnote 3. For the suggested format of such modification, *see* the second alternative provided in § 32.81.

(n4) Footnote 4. *See* Knowles v. Henderson, 156 Fla. 31, 22 So. 2d 384 (1945); Sharp v. Williams, 141 Fla. 1, 192 So. 476 (1939); Hart v. Pierce, 98 Fla. 1087, 125 So. 243 (1929); Walker v. Chancey, 96 Fla. 82, 117 So. 705 (1928).

(n5) Footnote 5. *See* Bowers v. Medina, 418 So. 2d 1068 (Fla. 3d DCA 1982); Casale v. Carrigan and Boland, Inc., 288 So. 2d 299 (Fla. 4th DCA 1974); Sharp v. Williams, 141 Fla. 1, 192 So. 476 (1939).

(n6) Footnote 6. *See* Bowers v. Medina, 418 So. 2d 1068 (Fla. 3d DCA 1982); Casale v. Carrigan and Boland, Inc., 288 So. 2d 299 (Fla. 4th DCA 1974); Sharp v. Williams, 141 Fla. 1, 192 So. 476 (1939).