IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a IRONBOUND PARTNERS,<br><br>Plaintiff,<br><br>v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:05CV01039 (JGP)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
REQUESTING THE COURT TO TAKE JUDICIAL NOTICE OF
THE DEFINITIONS OF "MANIFEST" AND "EXECUTION"**

Defendant Source Interlink Companies, Inc. ("Source") opposes Plaintiff's motion for the Court to take judicial notice of and instruct the jury on the Oxford English Dictionary ("OED") definitions of the terms "manifest" and "execution" as an improper attempt to usurp the jury's role, as the trier of fact, to determine the parties' intent and the resultant "meaning" of these precise contract terms and provisions. As Plaintiff acknowledges and as the Court held in its February 1, 2007 Memorandum Opinion denying Source's motion for summary judgment, there exist genuine issues of material fact regarding the meaning and interpretation of the sentence in the Referral Agreement which states "Acceptance shall be manifest only by execution of a written agreement between Source and the Client." Because the parties hold different interpretations of this sentence and the terms contained therein, the trier of fact is to resolve the issue of the meaning and effect of this provision, including whether such provision is a condition precedent and whether it was satisfied. *See Campaniello v. Amici P'shp,* 832 So.2d 870, 872 (Fla. Dist. Ct. App. 2002) (because parties held different interpretations of allegedly "unambiguous" term "gross receipts" in contract, trier of fact should resolve issue of what

constitutes "gross receipts" in the context of the particular contract). By asking the Court to take judicial notice of these terms and conclusively instruct the jury as to the OED definitions (and therefore the meaning of) "manifest" and "execution", Plaintiff is in effect asking the Court to instruct the jury to ignore all evidence regarding the parties' intentions, including the factual circumstances surrounding the negotiation and formation of the Referral Agreement and Non-Disclosure Agreement. But, once the Court determined that the meaning of this and other related contractual provisions were ambiguous, extrinsic evidence regarding the parties' intent is what should inform the jury's determination of the meaning of these provisions, not non-contextual dictionary definitions. *See Lemon v. Aspen Emerald Lakes Assocs., Ltd.,* 446 So.2d 177, 180 (Fla. Dist. Ct. App. 1984) ("It is a well-established legal principle that if a written contract is ambiguous so that the intent of the parties cannot be understood from an inspection of the instrument, extrinsic or parol evidence of the subject matter of the contract, of the relation of the parties, and of the circumstances surrounding them when they entered into the contract may be received in order to properly interpret the instrument."). Plaintiff's proposal would therefore exclude the jury from performing its function to weigh all of the relevant evidence.

Although a court when deciding questions of law may certainly take judicial notice of dictionary definitions, in none of the cases cited by Plaintiff did the court take judicial notice of a dictionary definition as an irrefutable and conclusive fact in the context or for the purposes of a jury trial, much less a jury trial where the meaning and construction of ambiguous terms contained within a legal document were at issue. *See Werk v. Parker,* 249 U.S. 130, 132 (1919) (Court took judicial notice of existing dictionary and encyclopedia references as prior art to determine as a matter of law that patent should not have been granted); *Comerica Bank v. Lexington Ins. Co.,* 3 F.3d 939, 944 (6th Cir. 1993) (in granting summary judgment, court took

judicial notice of dictionary definition of word "arising" in insurance policy); *B.V.D. Licensing Corp. v. Body Action Design, Inc.,* 846 F.2d 727, 728 (Fed. Cir. 1988) (on an appeal of PTO Trademark Trial and Appeal Board's dismissal of opposition to trademark registration, court took judicial notice that "B.V.D." trademark is widely known based upon, *inter alia,* the fact that it was recognized in a dictionary); *New York Life Ins. Co. v. Calhoun,* 97 F.2d 896, 898 (8th Cir. 1938) (appeals court took judicial notice of dictionary definition to ascertain meaning of word "suffered" in life insurance policy application); *Village of Morrisville Water & Light Dept. v. United States Fidelity & Guaranty Co.,* 775 F. Supp. 718, 725 n.9 (D. Vt. 1991) (on cross-motions for summary judgment, court relied upon, *inter alia,* dictionary definition to determine meaning of the term "damages" under general liability and excess indemnity policies); *Ziggity Sys., Inc. v. Val Watering Sys.,* 769 F. Supp. 752, 788 (E.D. Pa. 1990) (to determine scope of patent claim, court took judicial notice of dictionary definitions to construe the ordinary meaning of words used in the claim).

Furthermore, even if it were proper for the Court to take judicial notice and conclusively instruct the jury on the meaning of the terms in question, Plaintiff's motion should still be denied because it does not even attempt to identify or explain which of the several dictionary definitions of "manifest" or "execution" he wishes to proffer and/or present to the jury. Exhibits A to Plaintiff's motion shows that "manifest" can be used as an adjective or a verb and that there are no less than 14 different definitions for the term. Exhibit B to Plaintiff's motion sets forth 20 various definitions of "execution". In other words, Plaintiff's motion does not identify any particular facts that the Court should take judicial notice of. More importantly, that there exist so many different definitions of the terms in question suggests that these terms are not "capable of

3

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b).

Thus, while it may be proper for Plaintiff to use the dictionary definitions of "manifest" and "execution" to cross-examine or impeach a witness at trial, there exists no factual or legal basis to support the taking of judicial notice and categorically instructing the jury as to the meaning of these terms.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion Requesting the Court to Take Judicial Notice of the Definitions of "Manifest" and "Execution" should be denied.

Respectfully submitted,

/s/ Kevin E. Stern                .
Kevin E. Stern (Bar No. 459214)
Geoffrey J. Greeves (Bar No. 463035)
GREENBERG TRAURIG, LLP
800 Connecticut Avenue, NW
Suite 500
Washington, DC  20006
Tel:  (202) 331-3100
Fax:  (202) 331-3101

*Counsel for Defendant Source Interlink Companies, Inc.*

Dated:  February 9, 2007

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of February, 2007, I caused a true and correct copy of the foregoing to be served by electronic mail through CM/ECF on the following persons:

Harvey A. Levin, Esq.
Allison Manger, Esq.
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006

Jan Paul Miller, Esq.
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, MO 63101

                                                    /s/ Tanya Caudell        .
                                                    Tanya Caudell