IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LEDECKY d/b/a<br>IRONBOUND PARTNERS,<br><br>    *Plaintiff*,<br><br>v.<br><br>SOURCE INTERLINK COMPANIES, INC.,<br><br>    *Defendant*. | Civil Action No. 1:05CV01039 (JGP) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION
REQUESTING THE COURT TO TAKE JUDICIAL NOTICE
OF THE DEFINITIONS OF "MANIFEST" AND "EXECUTION"**

Source's Opposition to Plaintiff's Motion Requesting the Court to Take Judicial Notice of the Definitions of "Manifest" and "Execution" misses the point of Plaintiff's motion. The issue is not whether these terms are ambiguous or unambiguous. The dictionary definitions of these terms are admissible in either case. If the terms are unambiguous, they are unambiguous for the very reason that they are defined words in the English language, and therefore the dictionary definitions are admissible for the purpose of providing the jury with the plain meaning of the terms. If the terms are ambiguous, the dictionary definitions are admissible as evidence of the parties' intentions.

Plaintiff takes the former view, that the sentence "Acceptance shall be manifest only by execution of a written agreement between Source and the Client" is unambiguous because it uses terms that have plain meaning in the English language. Just because the terms "manifest" and "execution" have plain meaning, however, does not mean that every person knows the plain meaning of these terms. Plaintiff requests that the Court take judicial notice of the dictionary

3516572

definitions of these terms so that any who do not know the plain meaning of the terms will have access to that information.

Defendant evidently takes the contrary view, that the sentence and these two words are ambiguous. Accepting that premise for the purposes of argument, even if these terms are ambiguous, their dictionary definitions are still admissible. A court may admit extrinsic evidence to aid the factfinder in determining the meaning of a contract term where the contract language is ambiguous. If Source is correct that the terms "manifest" and "execution" are ambiguous, that is reason in-and-of-itself for the Court to take judicial notice of their dictionary definitions. The dictionary definitions of these terms are evidence of their commonly understood meaning, which is directly relevant to the parties' intentions when they used these terms in the Referral Agreement.

At this point, Plaintiff is not asking the Court to rule on the issue of whether the terms "manifest" and "execution" are unambiguous or to take judicial notice of these definitions to the exclusion of other evidence regarding the parties' intentions when entering into the Referral Agreement. To the extent Plaintiff's motion left either impression, Plaintiff withdraws any such request. Plaintiff simply asks that the Court take judicial notice of the dictionary definitions of "manifest" and "execution" to aid the jury in understanding the plain meaning of these terms. Alternatively, if the Court finds that these terms are ambiguous, Plaintiff requests that the Court take judicial notice of their definitions because they are evidence of the parties' intentions.

Source notes in its Opposition that the Oxford English Dictionary includes multiple definitions for the terms "manifest" and "execution" and argues that Plaintiff should identify which definitions should be presented to the jury. (Opp. at 3-4). That argument is a red herring. OED definition 1.a. of "manifest" as an adjective and adverb, clearly the one that applies, reads,

"Clearly revealed to the eye, mind, or judgment; open to view or comprehension; obvious." OED definition 1. b. is "*Psychol. and Med.*," a totally unfitting definition. OED definition 2 is "*literary.*," again not fitting this case. What follows after these definitions in the OED are "II. Special Uses," including definition 3, "manifest destiny," all inapplicable to this Referral Agreement.

The Referral Agreement uses "manifest" as an adjective. Were "manifest" a verb, the word would be "manifested," not "manifest." Also, as the definition notes, "manifest" as a verb is transitive, not intransitive, further showing that its use in the Referral Agreement is as an adjective. But even as a verb, the meaning essentially is the same. Definition 1 reads: "1. *trans.* A. To make (a quality, fact, etc.) evident to the eye or to the understanding; to show plainly, disclose, reveal. Also *refl.*, esp. of supernatural beings. (cf. sense 6)." Definition 1.b. is an example of usage; definition 1.c. reads: "Of things: to be evidence of, prove, attest." Similarly, definition 2 reads: "2. *trans.* To display (a quality, condition, feeling, etc.) by action or behavior; to give evidence of possessing, reveal the presence of, evince."

The same may be said about "execution." OED definitions 1 1.b. and 1.c. read as follows:

> 1. the act of carrying into effect (a plan, design, purpose, command, decree, task, etc.); accomplishment; an instance of this. Also, to carry, order, put in or into execution.
>
> b. The giving practical effect to (a passion, sentiment, or principle); exercise (of powers); manifestation in act (*rarely*, in speech).
>
> c. The executing or carrying into effect (a law, agreement, writ, sentence, etc.). Cf. 7,8.

Definitions 1 and 1.c fit this situation (this case does not revolve around passion, sentiment or principle).

3516572                                              - 3 -

In short, it is easy to look at the definitions and select the one (or ones) that fit the sentence in the Referral Agreement regarding a "written agreement," which are not the definitions involving psychology, medicine, literature, manifest destiny, passion or principle. Thus, Plaintiff requests that the Court take judicial notice of the first definition of "manifest," as contained in Exhibit A to his motion. That definition is "Clearly revealed to the eye, mind, or judgment; open to view or comprehension; obvious." Similarly, Plaintiff requests that the Court take judicial notice of the first definition of "execution," very similar to definition 1.c., as contained in Exhibit B to his motion. That definition is "The action of carrying into effect (a plan, design, purpose, command, decree, task, etc.); accomplishment: an instance of this." These definitions are the first definitions for the terms "manifest" and "execution" contained in the Oxford English Dictionary, a source "whose accuracy cannot reasonably questioned." Fed. R. Evid. 201(b)(2).

For these reasons and for the reasons set forth in his motion, Plaintiff respectfully requests that the Court take judicial notice of the definitions of the terms "manifest" and "execution," as contained in Exhibits A and B to his motion, and that the Court instruct the jury to consider those definitions as evidence of the meaning of those terms as used in the Referral Agreement.

Respectfully submitted,

   /s/ Harvey A. Levin
Harvey A. Levin (D.C. Bar No. 203869)
Allison Manger (D.C. Bar No. 482593)
THOMPSON COBURN LLP
1909 K Street, N.W. Ste. 600
Washington, D.C. 20006-1167
(202) 585-6900 (telephone)
(202) 585-6969 (facsimile)

*Attorneys for Plaintiff Jonathan Ledecky d/b/a Ironbound Partners*

- 6 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of February, 2007, a true and correct copy of the foregoing Reply Memorandum in Support of Motion Requesting the Court to Take Judicial Notice of the Definitions of "Manifest" and "Execution" was served electronically through CM/ECF on:

>Kevin E. Stern
>C. Allen Foster
>Geoffrey Greeves
>Maria Hallas
>GREENBERG TRAURIG, LLP
>800 Connecticut Ave., N.W.
>Suite 500
>Washington, D.C. 20006

<u>    /s/ Allison Manger                    </u>
