IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JONATHAN LEDECKY d/b/a              )
IRONBOUND PARTNERS,                 )
                                    )
    *Plaintiff*,                     )
                                    )
v.                                  )    Civil Action No. 1:05CV01039 (JGP)
                                    )
SOURCE INTERLINK COMPANIES, INC.,   )
                                    )
    *Defendant*.                    )
_____ )

**PLAINTIFF'S NOTICE OF OBJECTIONS TO
DEFENDANT'S DEPOSITION COUNTER-DESIGNATIONS FOR TRIAL**

Plaintiff objects to Defendant's deposition counter-designations for trial as follows:

**I. Objections to Counter-Designations From the Deposition of Leslie Flegel**

General objection: Plaintiff objects to all designations and cross-designations by Defendant from the deposition of Leslie Flegel under Fed. R. Civ. P. 32(a)(2). Flegel was Chairman, CEO and a director of Source at the time of the taking of his deposition and consequently only Plaintiff, the adverse party, may use the deposition except possibly for limited use under Fed. R. Civ. P. 32(a)(1) and (a)(4). Also, Defendant designated Flegel as a witness who will appear in person at trial for Source's defense and can testify live and be subject to corss-examination. Under the Federal Rules of Civil Procedures and of Evidence, particularly as the rules relates to party seeking to use its own deposition testimony, deposition testimony is a substitute not to be used when live testimony is available. Allowing counter-designations in the circumstances erroneously substitutes deposition testimony for live testimony and denies Plaintiff his right to cross-examine the witness and party against him.

3526676

| Counter-Designation | Objection |
|---|---|
| 17:4-11 | Hearsay; Lack of personal knowledge and foundation |
| 45:4-17 | Hearsay; Lack of personal knowledge and foundation; Speculation; Not proper cross-designation |
| 45:19-25 | Hearsay; Lack of personal knowledge and foundation; Speculation; Not proper cross-designation |
| 46:1-5 | Hearsay; Lack of personal knowledge and foundation; Speculation; Not proper cross-designation |
| 82:24-83:19 | Hearsay; Lack of personal knowledge and foundation; Speculation |
| 84:22-24 (ending with "true.") | Hearsay; Lack of foundation; Irrelevant |
| 90:4-8 (beginning with "They were") | Hearsay; Lack of personal knowledge and foundation; Speculation |
| 125:1-11 & 20-21 | Hearsay; Lack of personal knowledge and foundation; Speculation; Not proper cross-designation |
| 189:1-4 | Hearsay; Lack of personal knowledge and foundation; Speculation |

**II. Objections to Counter-Designations From the Deposition of Jim Gillis**

General objection: Plaintiff objects to all designations and cross-designations by Defendant from the deposition of Jim Gillis under Fed. R. Civ. P. 32(a)(2). Gillis was President and COO of Source at the time of the taking of his deposition and consequently only Plaintiff, the adverse party, may use the deposition except possibly for limited use under Fed. R. Civ. P. 32(a)(1) and (a)(4). Also, Defendant designated Gillis as a witness who will appear in person at trial. Under the Federal Rules of Civil Procedures and of Evidence, particularly as the rules relate

to party seeking to use its own deposition testimony, deposition testimony is a substitute not to be used when live testimony is available. Allowing counter-designations in the circumstances erroneously substitutes deposition testimony for live testimony and denies Plaintiff his right to cross-examine the witness and party against him.

| Counter-Designation | Objection |
| --- | --- |
| 50:6-15 | Irrelevant; Nonresponsive |
| 55:25-56:1 | Not proper cross-designation |
| 56:5-8 | Not proper cross-designation |
| 56:10-20 | Not proper cross-designation |
| 71:11-72:25 | Hearsay; Lack of personal knowledge and foundation; Speculation; Outside the scope of the Referral Agreement; Inadmissible parol evidence; Not proper cross-designation |
| 78:9-81:1 | Hearsay; Lack of personal knowledge and foundation; Speculation; Outside the scope of the Referral Agreement; Inadmissible parol evidence; Not proper cross-designation |
| 105:11-22 | Hearsay; Not proper cross-designation |
| 128:25-129:11 | Hearsay; Lack of personal knowledge and foundation; Speculation; Not proper cross-designation |
| 155:17-156:5 | Hearsay; Lack of personal knowledge and foundation; Speculation |
| 165:13-166:14 | Irrelevant; Not proper cross-designation |
| 166:15-167:7 | Hearsay; Lack of personal knowledge and foundation; Speculation |
| 169:20-170:22 | Hearsay; Irrelevant; Not proper cross-designation |
| 170:23-171:10 | Hearsay; Irrelevant; Not proper cross-designation |

| | |
|---|---|
| 172:7-175:12 | Outside the scope of the Referral Agreement; Hearsay; Inadmissible parol evidence; Not proper cross-designation |
| 178:4-9 | Not proper cross-designation |
| 179:12-180:74-9 | Outside the scope of the Referral Agreement; Inadmissible parol evidence; Not proper cross-designation |

**III. Objections to Counter-Designations From the Deposition of Doug Bates**

General objection: Plaintiff objects to all designations and cross-designations by Defendant from the deposition of Doug Bates under Fed. R. Civ. P. 32(a)(2). Bates was General Counsel and Secretary of Source at the time of the taking of his deposition and consequently only Plaintiff, the adverse party, may use the deposition except possibly for limited use under Fed. R. Civ. P. 32(a)(1) and (a)(4). Also, Defendant designated Bates as a witness who will appear in person at trial. Under the Federal Rules of Civil Procedures and of Evidence, particularly as the rules relate to party seeking to use its own deposition testimony, deposition testimony is a substitute not to be used when live testimony is available. Allowing counter-designations in the circumstances erroneously substitutes deposition testimony for live testimony and denies Plaintiff his right to cross-examine the witness and party against him.

| **Counter-Designation** | **Objection** |
|---|---|
| 37:18 (beginning with "Um,"-38:4 | Outside the scope of the Referral Agreement; Inadmissible parol evidence |
| 38:8-9 | Outside the scope of the Referral Agreement; Inadmissible parol evidence |
| 39:21-40:12 | Nonresponsive; Outside the scope of the Referral Agreement; Inadmissible parol evidence |
| 93:14-18 | Hearsay; Lack of personal knowledge and foundation; Speculation |

| | |
|---|---|
| 108:-5:109:4 | Not proper cross-designation |

### III. Objections to Counter-Designations From the Deposition of Ariel Emanuel

General objection: Plaintiff objects to all designations and cross-designations by Defendant from the deposition of Ariel Emanuel under Fed. R. Civ. P. 32(a)(2). Emanuel was a director of Source at the time of the taking of his deposition and consequently only Plaintiff, the adverse party, may use the deposition, except possibly for limited use under Fed. R. Civ. P. 32(a)(1) and (a)(4). Also, Emanuel was and remains a director of Source. Under the Federal Rules of Civil Procedures and of Evidence, particularly as the rules relate to party seeking to use its own deposition testimony, deposition testimony is a substitute not to be used when live testimony is available. Allowing counter-designations in the circumstances substitutes erroneously deposition testimony for live testimony and denies Plaintiff his right to cross-examine the witness and party against him.

| **Counter-Designation** | **Objection** |
|---|---|
| 53:20 (beginning with "And I think") -54:4 | Hearsay; Lack of personal knowledge and foundation; Speculation |
| 95:3-19 | Speculation; Irrelevant |
| 118:25-120:7 | Hearsay; Lack of personal knowledge and foundation; Speculation; Irrelevant |

Dated: March 5, 2007

Respectfully submitted,

      /s/ Harvey A. Levin
Harvey A. Levin (D.C. Bar No. 203869)
Allison Manger (D.C. Bar No. 482593)
THOMPSON COBURN LLP
1909 K. Street, N.W. Ste. 600
Washington, D.C.  20006-1167
(202) 585-6900 (telephone)
(202) 585-6969 (facsimile)

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2007, a true and correct copy of the foregoing was served electronically through CM/ECF on:

>Kevin E. Stern
>C. Allen Foster
>Geoffrey Greeves
>Maria Hallas
>GREENBERG TRAURIG, LLP
>800 Connecticut Ave., N.W.
>Suite 500
>Washington, D.C.  20006

      /s/ Harvey A. Levin